FILED
DEC 1 4 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DEC 1 4 2007   J.N

IN THE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

RONALD DEWAYNE SMITH            07CV7048
                                JUDGE KENNELLY
    PETITIONER/COMPLAINANT      MAG. JUDGE KEYS

            V.                )   PETITION FOR WRIT
                              )   OF HABEAS CORPUS
                              )
STATE OF ILLINOIS, a body Politic,        )
STATE OF WEST VIRGINIA, a body Politic,   )
LISA MADIGAN, ILLINOIS ATTORNEY           )
GENERAL, DARRELL MCGRAW,                  )
WEST VIRGINIA ATTORNEY GENERAL,           )
DEPARTMENT OF POLICE OF THE CITY          )
OF CHICAGO, a body Politic, THOMAS        )
DART, SHERIFF OF COOK COUNTY,             )
ILLINOIS, RICHARD A. DEVINE,              )
STATES ATTORNEY, COOK COUNTY,             )
ILLINOIS                                  )
    RESPONDENTS/ DEFENDANTS   )

PETITION FOR WRIT OF HABEAS CORPUS

1

TO: THE HONORABLE CHIEF JUDGE AND JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION:

The Petition is initiated pursuant to 28 U.S.C. 2241(c)(3) and respectfully shows:

1. RONALD DEWAYNE SMITH (DOB 7/3/55) hereinafter sometimes "SMITH" or "petitioner" is a resident of the respondent, State of West Virginia.

2. Petitioner states he is in custody of the respondent, Cook County Sheriff, on charges initiated by respondent State of Illinois in violation of the Constitution and laws of the United States. Petitioner states he was indicted in West Virginia in 1994, for an offense that was not known to the law in West Virginia nor Illinois, i.e. "crime against nature." West Virginia obtained a "conviction" on a plea of *nolo contendre* that West Virginia subsequently agreed did not constitute a conviction entitled to the Full Faith and Credit of the United States nor the State of Illinois.

3. The circumstances giving rise to the "conviction" relate to the fact that for seventeen years Petitioner was a teacher in the State of West Virginia until he left for military service.

2

4. Petitioner was honorably discharged from the United States Army Reserve, April 12, 1990 and returned to the employment he held in the State Public School System. 38 U.S.C. 4312. His employment was denied on the basis of the felony charge of a crime against nature arising from the "suppressed" memory of the alleged victim, David Didden. The State of West Virginia hired David Didden as a teacher in place of Petitioner, and petitioner subsequently served a sentence of confinement and required to register only in West Virginia.

5. Petitioner matriculated to the Moody Bible Institute Graduate School, Chicago in respondent State of Illinois in the fall of 2003 for educational training pursuant to the benefit provisions of federal law (38 U.S.C. 3697A).

6. On November 2, 2005, respondents West Virginia and Illinois initiated the Fugitive Apprehension Task Force of the United States Marshall's Service in the Northern District of Illinois (28 U.S.C. 566(c)) to apprehend petitioner for extradition to West Virginia. The Great Lakes Regional Fugitive Task Force (GLRFTF) took petitioner into custody upon the State of West Virginia's illegal bench warrant claiming petitioner erroneously gave a false address and seeking petitioner's extradition which

      extradition West Virginia subsequently and immediately declined, November 3, 2005. Copy of Arrest Warrant Attached.

7. Nonetheless upon declination of extradition, Respondent City of Chicago, Department of Police, specially deputized by the Northern District U.S. Marshall then charged petitioner with violation of 730 ILCS 150 Section 3(a)(1) failing to register as a sex offender residing in the City of Chicago within 10 days. By West Virginia law, petitioner is not a "sex offender" as defined by Illinois statute, and the alleged West Virginia "conviction" is not a judgment entitled to enforcement pursuant to the United States Constitution's Full Faith and Credit clause. Article IV, Section 1, since West Virginia modified the judgment to remove the alleged conviction and petitioner's status as a "sex offender" as defined by Illinois statute. Modified Judgment entered January 2, 2003 Attached.

8. A Cook County Grand Jury compliantly returned a True Bill accusing petitioner upon alleged statements, an accusatory pleading on which the State of Illinois illegally restrains petitioner for conduct that is not an offense against the criminal laws of Illinois. The True Bill is fatally flawed because it fails to disclose the modification of the "conviction" made by the State of

4

        West Virginia and fails to show and cannot show that petitioner is a "sex offender" as defined by Illinois statute.

9.   On November 5, 2005, respondent State of Illinois restrained petitioner though charged on a bailable offense (725 ILCS 5/110-4(a), and denied him his liberty without the required statutory hearing and in violation of 725 ILCS 5/110-4(a) and 725 ILCS 5/110-5. Without the required hearing and evidence the State of Illinois violates petitioner's Eighth Amendment to the United States Constitution and has set excessive bail in the amount of $125,000.00, and over petitioner's repeated demand for an evidentiary hearing as required by statute continues its denial and restraint of Petitioner's liberty. 725 IlCS 5/110-6 (a).

10.   On December 13, 2005, petitioner's pastor, Derrick Todd Baker, a resident of the Respondent State of West Virginia flew to Chicago and posted $125,000 in cash for petitioner to obtain release from Cook County jail. Since, December 13, 2005, SMITH has petitioned the State of Illinois repeatedly for a hearing and modification of the $125,000 cash bond. 725 ILCS 5/110-6(a). Petitioner appealed and respondent State of Illinois fails and continues to refuse to grant petitioner a statutory hearing relevant to the constitutional issues of bail.

5

11. From November 5, 2005 to and including December 7, 2007, the State of Illinois allowed petitioner to leave Illinois and to travel to West Virginia only on two occasions and upon strict conditions that petitioner obeyed without exception. Nonetheless and since April 2007, the State of Illinois denies and refuses to enable petitioner to visit his residential domicile Martinsburg, West Virginia. State of Illinois further bars petitioner from traveling to West Virginia and returning to Illinois in order to preach and teach the Word of God for which he is trained and for which Pastor Derrick Todd Baker and the elders of his congregation repeatedly seek his services.

12. Petitioner's initiates this petition upon undisputed facts showing he is custody of the State of Illinois in violation of the United States Constitution and in violation of numerous federal and Civil Rights Acts

   (a) Violation constitutional and statutory Civil Rights to be free of wrongful arrest by State of Illinois

   (b) Detention, upon excessive bail, placed and held in custody upon an excessive bail of $125,000 cash bond

   (c) Illinois' publication of petitioner as a "non compliant" sex offender though not a West Virginia "Sex Offender",

(d) Indictment on the basis of the West Virginia "conviction", modified by West Virginia January 2, 2003

(e) Denial of a hearing to reduce or modify the terms of the cash bond, with repeated and unreasonable denials of permission to leave and to return to Illinois are and continue as violations under the Constitution (unlawful and unreasonable bail) under color of federal law and under state law in violation of 42 U.S.C. Section 1983.

(f) Freedom from Arrest while in Illinois to complete a Ministerial Degree funded by Federal Statute upon a false arrest warrant initiated by West Virginia contrary to West Virginia Court Order entered January 2, 2003 (Warrant is facially false and bears no resemblance to the truth of the facts and circumstances that bring Petitioner to this federal court.)

(g) Repeated arrests at request of State's Attorney to harass and punish Petitioner in the exercise of his right to plead guilty and require State to prove a violation of Illinois law.

7

13. Acting upon erroneous facts presented to the Grand Jury, Respondent Richard A. Devine caused the November 2005 Grand Jury to return a true bill indicting Petitioner November 29, 2005 without disclosure to the grand jurors that the alleged "conviction" was altered and modified January 2, 2003 to nullify the alleged "conviction."

14. The supposed offense charged against petitioner is not an offense against the criminal laws of the State of Illinois because it must appear affirmatively from the complaint that petitioner is a convicted sex offender in respondent State of West Virginia, required to register outside the State of West Virginia, i.e. in respondent State of Illinois. West Virginia agreed January 2, 2003, petitioner was not a "sex offender" in West Virginia and that no further enforcement was allowed outside of West Virginia.

15. The supposed West Virginia offense is one count of a violation of Crime Against Nature for which there was no statute in respondent West Virginia nor respondent Illinois in 1976 therefore petitioner is not and cannot be a convicted as a State of Illinois "sex offender" that by statute must register in Illinois. Petitioner became "convicted" upon the Rule of Evidence "*nolo contendere.*" The *nolo contendere* conviction from the State of

       West Virginia violates the Full Faith and Credit provision of the United States Constitution and the State of Illinois is not entitled to its use, as there is no factual predicate for the alleged offense outside of the West Virginia proceedings.

16. Petitioner's West Virginia "conviction" was entered August 1, 1995. On January 2, 2003, respondent West Virginia agreed to correct petitioner's criminal record removing all references to Sodomy and Criminal Sexual Assault and removed all reference to petitioner on the Internet as a convicted sex offender. Without substantive evidence State of Illinois lists petitioner as a "non-compliant sex offender" being convicted of criminal sexual assault which is a knowingly false entry made to injure the civil rights of petitioner in violation of 42 U.S.C. 1983.

17. On March 22, 2007, after hearing and argument respondent State of Illinois denied petitioner's Motion to Dismiss the indictment as failing to state an offense and found West Virginia had no right to absolve petitioner as a "convicted" sex offender in Illinois and requires petitioner to return to West Virginia to present his claims there.

18. Petitioner has exhausted all available corrective process available in Illinois courts prior to conviction upon the States record from West Virginia that fails to state an offense and for

9

which there is no remedy in Illinois, without allowing the State of Illinois to enter judgment in violation of the U.S. Constitution that finds Petitioner Guilty upon a supposed charge of failing to register as a "sex offender" and to enter a judgment of conviction thereon.

19. Petitioner has no effective available procedure to raise the question presented in Illinois since Illinois itself has no judicial power to adjudicate the merits of West Virginia's proceedings other than to ignore such proceedings and this the Circuit Court of Cook County refuses to do.

WHEREFORE, petitioner requests that a writ of habeas corpus issue to the State of Illinois commanding respondents State of Illinois, Thomas Dart, Sheriff of Cook County and Richard A. Devine, State's Attorney of Cook County to produce petitioner's custody before the court to be dealt with according to law, and for all and such other and further relief as permitted according to law, including if this Honorable Court determines the transfer of this Petition to the United States District Court in West Virginia, or such other and further relief as in the premises is just and proper and in the furtherance of justice.

                RONALD DE WAYNE SMITH, PETITIONER

                BY: RICHARD C. MOENNING, LAWYER

70 West Madison Street

Suite 1400

Chicago, Illinois 60602

312-263-0062

IN THE MAGISTRATE COURT OF __Berkeley__ COUNTY, WEST VIRGINIA

## WARRANT FOR ARREST

State of West Virginia

v.

Ronald Dewayne Smith
Defendant

Address

Case No(s) __04F-133__

To Any Law Enforcement Officer:

WHEREAS this court has found probable cause to believe that the defendant, __Ronald Dewayne Smith__, did commit an offense or offenses in this County on the __4th__ day of __December__ __2001__, previous to the issuance of this Warrant, by unlawfully [State statutory language of offense(s)] **and feloniously being required to register as a sex offender in this State did knowing provide false address information in violation of Chapter 15-12-8 of the State Code of West Virginia**

against the peace and dignity of the State

Therefore, you are commanded in the name of the State of West Virginia to apprehend the above-named defendant and bring that person before any magistrate in this County, to be dealt with in relation to the charge(s) according to law. This arrest warrant is to be executed in the following manner (check one):

- ☐ Forthwith
- ☐ Between the hours of 9 a.m. and 4 p.m., Monday through Friday
- ☒ Other (as specified): __Officer's Discretion__

Given under my hand this __30th__ day of __January__ __2004__.

_____
Magistrate

Executed by: _____ in _____
County, W Va, on _____
              (Date)

W Va. Code §50-2-3; Mag. Ct. Crim. Rule 4

SCA-M301/8-95

White - Return
Green - Defendant
Yellow - File
Pink - Prosecutor

/-05  08:48pm  From-Law Office of Kirk H. Bottner, PLLC    3047253988         T-188  P.001/005  F-755

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, WEST VIRGINIA

STATE EX REL RONALD SMITH,
    Petitioner

2003 JAN 2 PM 3 35

vs.

CASE NO. 01-C-251

MARK WILLIAMSON, Warden,
Denmar Correctional Center,
    Respondent.

RECEIVED
JAN 02 2003
JEFFERSON COUNTY
CIRCUIT COURT

### AGREED ORDER OF HABEUS CORPUS AD SUBJICIENDUM

On the 2nd day of January, 2003, came the Petitioner, Ronald Smith, by and through his counsel, Kirk H. Bottner, Esquire, and Susan K. Paugh, Esquire, also came the Respondent, the State of West Virginia, by and through the Prosecuting Attorney of Jefferson County, West Virginia, Michael D. Thompson, Esquire, and represented to the Court that they have resolved all outstanding issues in the heretofore filed Petition for Writ of Habeus Corpus Ad Subjiciendum and requested entry of an Agreed Order reflecting same.

The basis for said Agreed Order is as follows:

1. On August 24, 2001, a Petition for Writ of Habeus Corpus Ad Subjiciendum and Initial Petition for Writ of Error Coram Nobis was filed on behalf of Ronald Smith by his Counsel, Kirk H. Bottner and Susan K. Paugh.

2. Subsequent to the filing of the Petition for Habeus Corpus several status hearings were held culminating in an evidentiary hearing on May 24, 2002

in front of the Honorable Thomas W. Steptoe, Jr., Judge of the Circuit Court of Jefferson County, West Virginia.

3. At the conclusion of said evidentiary hearing, the Judge entered a briefing schedule indicating that the Petitioner must file a brief by August 1, 2002 and the Respondent was to file a responsive brief by October 1, 2002.

4. Since said hearing, the Petitioner has indicated that he is willing to forego many of the issues contained in his Petition for Writ of Habeus Corpus if certain agreements could be reached with the State of West Virginia, vis a vis, his criminal record and his registration on the West Virginia State Police Sex Offender's List.

5. After consultation with Michael Thompson, Prosecuting Attorney of Jefferson County, West Virginia, the parties have reached an agreement whereby the State will do certain things to correct Mr. Smith's criminal record and then Mr. Smith will agree to drop the remaining issues contained in his habeus corpus.

6. The agreement of the Parties is as follows:

   a. The Criminal Investigation Bureau, (hereinafter CIB), which currently states that Mr. Smith was charged with "sodomy" and under the comments area states "crime against nature" will be changed so that the charge reads "crime against nature". There will be no comment. In addition, Section Number 2 of the CIB, which

lists "charge/sexual assault 1st degree", which now reads "changed or reduced/sodomy" will indicate that said charge was "dismissed".

b. The parties have also agreed that the Criminal Investigation Bureau shall cause to be corrected Mr. Smith's National Crime Information Center, (hereinafter NCIC), record. First, on the NCIC under the 1993 Number 1 arrest which states "charge 1st degree sexual assault" will indicate that the charge was "dismissed". Furthermore, under Number 2, charge 1 will be listed as "crime against nature". Under the area Court Charge will be listed as "crime against nature" and supplemental court data under charge will be listed as "crime against nature", thus deleting references to the charge of sodomy which was not a separate criminal charge at the time Mr. Smith committed the crime for which he plead "no contest".

c. Lastly, the Parties have agreed to limit the length of time that Ronald Smith will be required to register for inclusion in the West Virginia State Police Sex Offender Registry to 10 years from the date of release from incarceration (October 12, 2001 to October 12, 2011), pursuant West Virginia Code § 15-12-4(a)(1). Furthermore, Mr. Smith's personal information will be immediately removed from the Internet and distribution of same will now be governed by West Virginia Code § 15-12-5(a) and (b). As of October 12, 2011,

Mr. Smith will no longer be required to register with the West Virginia State Police.

After review of the agreements arrived at between the Petitioner Ronald Dewayne Smith and the State of West Virginia ~~and further believing said agreement to be in the best interest of justice for both the Respondent and the State of West Virginia~~, the Court ~~is of the opinion to enter~~ doth said Agreed Order as written, as it represents a settlement of civil litigation by mutual agreement of the parties.

WHEREFORE it is hereby ADJUDGED and ORDERED that the agreement of the Petitioner Ronald Dewayne Smith and the State of West Virginia be and is hereby accepted by the Court as listed heretofore. It is specifically ADJUDGED and ORDERED that:

 a. That the Criminal Investigation Bureau shall cause to be corrected the CIB report, which will be changed so that the section labeled charge reads "crime against nature". There will be no comment. In addition, Section number 2 of the CIB, which lists "charge/sexual assault 1st degree", which now reads "changed or reduced/sodomy" will indicate that is was "dismissed".

 b. That the Criminal Investigation Bureau shall cause to be corrected the NCIC, under Section number 1 which states "charge 1st degree sexual assault" will indicate that the charge was dismissed. Furthermore, Section Number 2, charge 1 will be listed as "crime against nature". The area "Court Charge" will be listed as "crime against nature" and "supplemental

c. That Ronald Smith's name will be listed with the West Virginia State Police Sex Offender registry from October 12, 2001 until October 12, 2011. Ronald Smith's information will be immediately removed from the Internet. Lastly, as of October 12, 2011, Ronald Smith will no longer be required to register with the West Virginia State Police.

IT IS SO ORDERED.

It appearing to the Court that nothing further remains in this matter and that all costs are paid, it is ORDERED that this matter be retired from the docket and placed among causes ended and that Susan K. Paugh, Esquire and Kirk H. Bottner, Esquire are hereby released as Counsel of record in this matter.

The Clerk shall enter the foregoing as of the day and date first above written and shall forward an attested copy to Mike Thompson, Prosecuting Attorney, P.O. Box 729, Charles Town, WV 25414; Kirk H. Bottner, Esquire at P.O. Box 1190, Charles Town, West Virginia 25414; Susan K. Paugh, at her address of P.O. Box 6121, Martinsburg, WV 25402; Ronald Smith, DCC, HC 64, Box 125, Hillsboro, West Virginia 24946, West Virginia State Police, Criminal Investigation Bureau Records Division, and NCIC, and John Hoyer, Esq.; Asst. Attorney General.

Judge of the Circuit Court of
Jefferson County, West Virginia

The Clerk is directed to retire this action from the active docket and place it among causes ended

Prepared by and Approved:

Kirk H. Bottner, Esquire
Counsel for Petitioner
WV Bar No. 7128
PO Box 1190
Charles Town, WV 25414

Seen and Approved by:

Michael D. Thompson, Esquire
Prosecuting Attorney
WV Bar No. _____
PO Box 729
Charles Town, WV 25414

A TRUE COPY
ATTEST:
PATRICIA A. MCLAND
CLERK CIRCUIT COURT
JEFFERSON COUNTY, W.V
BY _____
DEPUTY CLERK