IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ex. rel. RONALD DEWAYNE SMITH, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> PEOPLE OF THE STATE OF ILLINOIS, ) <br> ) <br> Respondent. ) | No. 07 C 7048 <br> The Honorable Judge <br> Matthew Kennelly |

_____

## MOTION TO DISMISS

Respondent, PEOPLE OF THE STATE OF ILLINIOS, by and through their attorney, RICHARD A. DEVINE, State's Attorney of Cook County, and MARIE QUINLIVAN CZECH, Assistant State's Attorney, moves to dismiss the Petition for Writ of Habeas Corpus.

      1. On December 14, 2007, petitioner filed a petition for writ of habeas corpus by a petitioner who is in state custody. Pursuant to 28 U.S.C. sec. 2241, petitioner challenges his pending state prosecution, number 05CR-27260, for failure to register as a sex offender in violation of 730 ILCS 150/3 (West 2005).

      2. On December 19, 2007, this Court ordered respondent to answer the petition or otherwise plead by January 16, 2008.

**Petitioner Has Not Exhausted His State Remedies with Regard To His Motion To Dismiss.**

      3. Petitioner argues that there is no basis to charge him as a sex offender. He presented this argument to the Circuit Court of Cook County in a motion to dismiss. However, on March 22, 2007, that court denied petitioner's motion. There is no record that petitioner has

appealed this order to the Illinois Appellate Court. Thus, petitioner has failed to exhaust his state remedies.

**Background**

4. Petitioner pled "no contest" to a charge of first degree sexual assault in West Virginia. (Par. 6(a), Agreed Order of Habeas Corpus Ad Subjiciendum, In the Circuit Court of Jefferson County, West Virginia, appended to the current Petition for Habeas Corpus) (Hereafter, "Order"). As a result of his plea, petitioner served a sentence of confinement and was required to register as a sex offender in West Virginia. (Pet., par. 4) He was released from custody on October 12, 2001. (Order, par. 6(c))

5. However, petitioner subsequently attacked his conviction in a State petition for habeas corpus in West Virginia. (Order) In an order dated January 2, 2003, the State of West Virginia agreed to "correct" petitioner's criminal record and his registration on the West Virginia State Police Sex Offender's List. (Order, par.4)

6. The Criminal Investigation Bureau would no longer list the charge against petitioner as "sodomy," but would change the charge to "crimes against nature." (Order, par. 6(a))

7. The National Crime Information Center would indicate that the charge of "first degree sexual assault" had been dismissed. The references to "sodomy" would be deleted and replaced with "crimes against nature." (Order, par. 6(b))

8. Petitioner would be required to register for inclusion in the West Virginia State Police Sex Offender Registry for ten years from the date of release from incarceration. This would span from October 12, 2001 to October 12, 2011. (Order, par. 6(c))

9. Petitioner moved to Chicago, Illinois in the fall of 2003 to study at the Moody Bible Institute Graduate School. (Pet. par. 5) He was arrested on November 2, 2005 by the United States Marshall for giving a false address to the State of West Virginia. (Pet., par. 6) He was then charged in Cook County with failure to register as a sex offender. (Pet., par. 7)

10. Petitioner moved the State court to dismiss the charges against him because the records from the State of West Virginia no longer said that he was convicted of first degree sexual assault or sodomy. He argued that the offense of "crimes against nature" did not qualify as a "sexual offender" who must register in Illinois.

11. As previously stated, on March 22, 2007, the Circuit Court of Cook County denied petitioner's motion to dismiss.

12. Respondent moves this Court to dismiss the petition for writ of habeas corpus because petitioner has not exhausted his state court remedies. Petitioner has not gone to trial on his case. Nor, according to the clerks of the courts, has petitioner filed any type of interlocutory appeal in either the Illinois Appellate Court or the Illinois Supreme Court. Thus, petitioner has not even begun to explore his state remedies and respondent asks this Court to exercise its discretion and dismiss the petition for writ of habeas corpus for failure to exhaust.

13. Criminal defendants incarcerated by a state awaiting trial may seek a writ of habeas corpus from federal courts. 28 U.S.C. 2241 (c)(3); *United States v. Castor*, 937 F.2d 293, 296-97 (7th Cir. 1991). While these applicants are not subject to the statutory requirement of exhaustion of remedies found in 28 U.S.C. sec. 2254(b)(exhausting

state remedies required of "person in custody pursuant to the judgment of a State court"), federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ. *Baldwin v. Lewis*, 442 F.2d 29, 31-33 (7th Cir. 1971).

14. Exhaustion should be required here. If a petitioner in state custody in a pre-trial setting challenges the pending charge under §2241, only "special circumstances" can excuse the exhaustion requirement. *Neville v. Kavanagh*, 611 F.2d 673, 675 (7th Cir. 1979). Typically, only claims of double jeopardy, where the constitutional right involves avoiding trial, itself, are allowed in a federal habeas challenge by a pretrial detainee awaiting state criminal proceedings. *Reimnitz v. State's Attorney of Cook County,* 596 F.Supp. 47, 58 (N.D. Ill. 1984).

15. Petitioner has presented neither "special circumstances" nor a double jeopardy claim. Therefore, respondent asks this Court to exercise its discretion and dismiss the petition for writ of habeas corpus for failure to exhaust state remedies.

**Conditions Of Bail Bond**

16. Petitioner also complains that his bond is excessive and that the State refuses to grant him a bond hearing. (Pet. par. 9-10)

17. However, as this Court noted when petitioner appeared in court on December 19, 2007, petitioner has been released on bond. He was arrested on November 2, 2005. On November 5, 2005, bond was set at $125,000. On December 13, 2005, petitioner's pastor posted bond and petitioner was released. (Pet. 10) He has not been incarcerated since December 13, 2005.

18. Moreover, court records show that, on April 5, 2007, the Circuit Court of Cook County denied petitioner's motion to request bond and that his subsequent appeal was denied. Thus, it does appear that petitioner has had a recent bond hearing.

19. Conditions of bail bond are not "special circumstances" that would justify granting the writ during the pendency of a State court prosecution. *Neville v. Kavanagh*, 611 F.2d 673, 675 (7th Cir. 1979); *Reimnitz v. State's Attorney of Cook County,* 596 F.Supp. 47, 58 (N.D. Ill. 1984). In determining whether the bail is 'reasonably calculated,' the federal courts cannot be expected to conduct a *de novo* bond hearing for every habeas corpus case that comes before it. This would not only further burden the federal court system that now is having difficulty dealing with the increasing number of habeas corpus petitions, but would also represent an unwarranted interference in the operation of the state's criminal justice system. *U.S. ex rel. Garcia v. O'Grady,* 812 f.2d 347, 352 (7th Cir. 1987). Further, the *Garcia* court explained:

> In *Mastrian v. Hedman,* 326 F.2d 708 (8th Cir. 1964), a state court set bail at $100,000 for a criminal defendant under indictment for murder. The defendant petitioned the district court for a writ of habeas corpus on the grounds that the amount of bail was excessive and arbitrary. The district court denied the petition and refused to issue the defendant a certificate of probable cause. On appeal, the Eighth Circuit, in affirming the district court's decision, stated:

> "There might have been room for a difference in judgment on the amount of bail, but consideration by a federal court could not be asked or given upon that basis.
>
> A federal court would not be entitled to act in substitution of judgment for that of the state court. What the state court did would have to be beyond the range within which judgments could rationally differ in relation to the apparent elements of the situation. It would have to amount in its effect to legal arbitrariness in the administration of the bail right provided, so as to constitute a violation of due process, or to discriminatoriness in the application of the right as against petitioner, so as to constitute a violation of equal protection."

*Garcia, id.*

20. Because conditions of bail bond are not a special circumstance justifying issuance of a writ under 2241, it would be appropriate for this Court to exercise its discretion and dismiss the petition for writ of habeas corpus for failure to exhaust state remedies.

21. For all of the foregoing reasons, respondent asks this Court to dismiss the petition for writ of habeas corpus.

          Respectfully submitted,

          RICHARD A. DEVINE
          State's Attorney of Cook County
          309 Richard J. Daley Center
          Chicago, Illinois 60602
          (312) 603-5496

By: _____
     Marie Quinlivan Czech,
     Assistant State's Attorney
     /s/ 6181285

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex. rel. RONALD DEWAYNE SMITH, | ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 07 C 7048 The Honorable Judge |
| PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Matthew Kennelly |
| Respondent. | ) | |

_____

## NOTICE OF FILING

**To:**   **RICHARD C. MOENNING**
70 West Madison Street
Suite 1400
Chicago, Illinois 60602


PLEASE TAKE NOTICE that on Wednesday, January 16, 2008, I filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, the attached Motion to Dismiss, a copy of which is hereby served upon you. Further, I will appear before the Honorable Matthew Kennelly at 9:30 a.m. on Monday, January 28, 2008, at 219 S. Dearborn, Chicago, Illinois 60604 in Courtroom 2103, and present argument on the motion.

Respectfully submitted,

_____
Marie Quinlivan Czech,
Assistant State's Attorney
/s/ 6181285