IN THE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS,  EASTERN DIVISION

RONALD DEWAYNE SMITH                           )

     PETITIONER/COMPLAINANT          )          NO.   07 C 7048

                     V.                           )          AMENDED PETITION

                                )          FOR WRIT OF

                                )          HABEAS CORPUS and

                                )          COMPLAINT  FOR

STATE OF ILLINOIS, a body Politic,          )          VIOLATIONS OF CIVIL

STATE OF WEST VIRGINIA, a body Politic, )          RIGHTS

LISA MADIGAN, ILLINOIS ATTORNEY          )

GENERAL, DARRELL MCGRAW,          )

WEST VIRGINIA ATTORNEY GENERAL,          )

DEPARTMENT OF POLICE OF THE CITY          )

OF CHICAGO, a body Politic, JOHN          )

 SALEMME, HERMINIO FLORES, JR.          )

THOMAS DART, SHERIFF OF COOK          )

COUNTY, ILLINOIS, RICHARD A.          )

 DEVINE, STATES ATTORNEY, COOK          )

COUNTY, ILLINOIS, JEFFERSON          )

COUNTY, WEST VIRGINIA BOARD OF          )

EDUCATION, DAVID DIDDEN,                    )

GREGORY DIDDEN, MARGARET DIDDEN)

BRAUN HAMSTEAD,  and MICHAEL D.    )

THOMPSON, residents of WEST VIRGINIA)                    )

     RESPONDENTS/ DEFENDANTS      )


## A.

## <u>INTRODUCTORY STATEMENT</u>

This is an action for a Writ of Habeas Corpus commenced by petitioner seeking his release from lawless official conduct instigated by West Virginia personnel reaching out of that State and into the State of Illinois and to take corrective action against Illinois police and prosecutorial officers to redress violations of the Constitution of the United States and the Civil Rights acts for injuries sustained by him.  The violations for which petitioner seeks redress and remedy were initiated by his employer, local West Virginia school officials acting in combination and agreement with a private family and citizens leading to false and racially discriminatory accusations of sexual conduct allegedly "repressed" from 1976 that deprived petitioner of privileges and immunities afforded by civil rights legislation and the Constitution of the United States.   Officially admitting its complicity in 2003, lawless West Virginia officials issued a false warrant to Illinois law enforcement officials that caused petitioner's arrest in Chicago, Cook County, Illinois in November

2005.  As a result of West Virginia's lawless conduct, Chicago, Cook County, Illinois falsely, and in bad faith caused petitioner's subsequent indictment on alleged violations in Illinois for which state criminal proceedings are pending. This action is brought for declaratory and injunctive relief including where appropriate damages, or to implement meaningful procedures to discourage lawless official conduct in Illinois in violation of the first, fourth, fifth, ninth, thirteenth and fourteenth amendments to the United States Constitution providing for the rights of petitioner and all persons within the jurisdiction of the United States in the exercise of their freedom of speech, movement, association and assembly and to be secure in their person, to be free from unreasonable search and seizure, privacy, slavery and deprivations of life, liberty and property without due process of law and the Civil Rights Act of 1871, providing for the protection of petition and all persons in their civil rights and the redress of deprivation of rights under color of law.

B

AMENDED PETITION FOR WRIT OF HABEAS CORPUS and
COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS


I

AMENDED PETITION FOR WRIT OF HABEAS CORPUS

TO:  THE HONORABLE CHIEF JUDGE AND JUDGES OF THE UNITED
STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
ILLINOIS, EASTERN DIVISION:

The Petition is initiated and amended pursuant to 28 U.S.C. 2241(c)(3)
and 28 U.S.C. 2242, and upon leave of Court respectfully shows:

1.    RONALD DEWAYNE SMITH (DOB 7/3/55) hereinafter
      sometimes "SMITH" or "petitioner" is a resident of the
      respondent, State of West Virginia.

2.    Petitioner states he is in custody of the respondent, Cook County
      Sheriff, on charges initiated by respondent State of Illinois in
      violation of the Constitution and laws of the United States.
      Petitioner states he was indicted in West Virginia in 1994, for
      an offense that was not known to the law in West Virginia nor
      Illinois, i.e. "crime against nature."  West Virginia obtained a
      "conviction" on petitioner's *nolo contendre* that West Virginia
      subsequently agreed did not constitute a conviction entitled to
      the Full Faith and Credit of the United States nor the State of
      Illinois.

3.    The circumstances giving rise to the "extraordinary
      circumstances" of "conviction" relate to the fact that for
      seventeen years Petitioner was a teacher in the State of West
      Virginia until he left for military service.

4.    Petitioner was honorably discharged from the United States
Army Reserve, April 12,1990 and returned to the employment
he held in the State's Jefferson Count Public School System. 38
U.S.C. 4312. His employment was denied on the basis of the
felony charge of a crime against nature arising from the
"suppressed" memory of the alleged victim, David Didden. The
State of West Virginia had hired David Didden previously as a
teacher in place of Petitioner, and petitioner on the "repressed"
allegations of sexual conduct subsequently served a sentence of
confinement and required to register only in West Virginia.

5.    Petitioner matriculated to the Moody Bible Institute Graduate
School, Chicago in respondent State of Illinois in the fall of 2003
for educational training pursuant to the benefit provisions of
federal law (38 U.S.C. 3697A).

6.    On November 2, 2005, respondents West Virginia and Illinois
initiated the Fugitive Apprehension Task Force of the United
States Marshall's Service in the Northern District of Illinois (28
U.S.C. 566(c) to apprehend petitioner for extradition to West
Virginia. The Great Lakes Regional Fugitive Task Force
(GLRFTF) took petitioner into custody upon the State of West
Virginia's illegal bench warrant claiming petitioner erroneously
gave a false address and seeking petitioner's extradition which

5

extradition West Virginia subsequently and immediately declined, November 3, 2005.  Copy of Arrest Warrant Attached.

7.    Nonetheless upon declination of extradition, Respondent City of Chicago, Department of Police, specially deputized by the Northern District U.S. Marshall then charged petitioner with violation of 730 ILCS 150 Section 3(a)(1) failing to register as a sex offender residing in the City of Chicago within 10 days.   By West Virginia law, petitioner is not a   "sex offender" as defined by Illinois statute, and the alleged West Virginia "conviction" is not a judgment entitled to enforcement pursuant to the United States Constitution's Full Faith and Credit clause.  Article IV, Section 1, since West Virginia modified the judgment to remove the alleged conviction and petitioner's status as a "sex offender" as defined by Illinois statute.  Modified Judgment entered January 2, 2003 Attached.

8.    A Cook County Grand Jury compliantly returned a True Bill accusing petitioner upon alleged statements, an accusatory pleading on which the State of Illinois illegally restrains petitioner for conduct that is not an offense against the criminal laws of Illinois.  The True Bill is fatally flawed because it fails to disclose the modification of the "conviction" made by the State of

West Virginia and fails to show and cannot show that petitioner

is a "sex offender" as defined by Illinois statute.

9.    On November 5, 2005, respondent State of Illinois restrained

petitioner though charged on a bailable offense (725 ILCS 5/110-

4(a), and denied him his liberty without the required statutory

hearing and in violation of 725 ILCS 5/110-4(a) and 725 ILCS

5/110-5.    Without the required hearing and evidence the State

of Illinois violates petitioner's Eighth Amendment to the United

States Constitution and has set excessive bail in the amount of

$125,000.00, and over petitioner's repeated demand for an

evidentiary hearing as required by statute continues its denial

and restraint of Petitioner's liberty.    725 IlCS 5/110-6 (a).

10.    On December 13, 2005, petitioner's pastor, Derrick Todd Baker,

a resident of the Respondent State of West Virginia flew to

Chicago and posted $125,000 in cash for petitioner to obtain

release from Cook County jail.    Since, December 13, 2005,

SMITH has petitioned the State of Illinois repeatedly for a

hearing and modification of the $125,000 cash bond.  725 ILCS

5/110-6(a).    Petitioner appealed and respondent State of Illinois

fails and continues to refuse to grant petitioner a statutory

hearing relevant to the constitutional issues of bail.

11.   From November 5, 2005 to and including December 7, 2007, the
State of Illinois allowed petitioner to leave Illinois and to travel
to West Virginia only on two occasions and upon strict
conditions that petitioner obeyed without exception.
Nonetheless and since April 2007, the State of Illinois denies
and refuses to enable petitioner to visit his residential domicile
Martinsburg, West Virginia.  State of Illinois further bars
petitioner from traveling to West Virginia and returning to
Illinois in order to preach and teach the Word of God for which
he is trained and for which Pastor Derrick Todd Baker and the
elders of his congregation repeatedly seek his services.

12.   Petitioner's initiates this petition upon undisputed facts showing
he is in the custody of the State of Illinois in violation of the
United States Constitution and in violation of numerous federal
and Civil Rights Acts

(a) Violation constitutional and statutory Civil Rights to
be free of wrongful arrest by State of Illinois upon a
false West Virginia warrant seeking extradition that
West Virginia immediately abandoned.

(b) Detention, upon excessive bail, placed and held in
custody upon an excessive bail of $125,000 cash bond

and denial of a hearing to determine amount and conditions of bail.

(c)  Illinois' publication of petitioner as a "non compliant" Illinois sex offender though not a West Virginia "Sex Offender",

(d) Indictment on the basis of the West Virginia "conviction", without informing the Grand Jury the "conviction" was modified by West Virginia January 2, 2003.

(e)  Denial of a hearing to reduce or modify the terms of the cash bond, with repeated, unreasonable and "bad faith" denials of permission to leave and to return to Illinois are and continue as violations under the Constitution (unlawful and unreasonable bail) under color of federal law and under state law in violation of 42 U.S.C. Section 1983.

(f) Freedom from Arrest while in Illinois to complete a Ministerial Degree funded by Federal Statute upon a false arrest warrant initiated by West Virginia contrary to West Virginia Court Order entered January 2, 2003 (Warrant is facially false and bears no resemblance to the truth of the facts and

circumstances that bring Petitioner to this federal court.)

(g) "Extraordinary circumstances" and repeated arrests at request of State's Attorney to harass and punish Petitioner in the exercise of his right to plead not guilty and require State to meet its burden of proving a violation of Illinois law beyond a reasonable doubt.

13. Acting upon erroneous facts presented to the Grand Jury, Respondent Richard A. Devine caused the November 2005 Grand Jury to return a true bill indicting Petitioner November 29, 2005 without disclosure to the grand jurors that the alleged "conviction" was altered and modified January 2, 2003 to nullify the alleged "West Virginia conviction."

14. The supposed offense charged against petitioner is not an offense against the criminal laws of the State of Illinois since it must appear affirmatively from the complaint that petitioner is a convicted sex offender in respondent State of West Virginia, required to register outside the State of West Virginia, i.e. in respondent State of Illinois. West Virginia agreed January 2, 2003, petitioner was not a "sex offender" in West Virginia and that no enforcement was allowed outside of West Virginia.

15.    The supposed West Virginia offense is one count of a violation of
Crime Against Nature for which there was no statute in
respondent West Virginia nor respondent Illinois in 1976
therefore petitioner is not and cannot be convicted as a State of
Illinois "sex offender" that by statute must register in Illinois.
Petitioner became "convicted" upon the Rule of Evidence "*nolo
contendere.*" The *nolo contendere* conviction from the State of
West Virginia violates the Full Faith and Credit provision of the
United States Constitution and the State of Illinois is not
entitled to its use, as there is no factual predicate for the alleged
offense outside of the West Virginia proceedings.

16.    Petitioner's West Virginia "conviction" was entered August 1,
1995.  On January 2, 2003, respondent West Virginia agreed to
correct petitioner's criminal record removing all references to
Sodomy and Criminal Sexual Assault and removed all reference
to petitioner on the Internet as a convicted sex offender.
Without substantive evidence State of Illinois lists petitioner as
a "non-compliant sex offender" being convicted of criminal
sexual assault which is a knowingly false entry made to injure
the civil rights of petitioner in violation of 42 U.S.C. 1983.

17.    On March 22, 2007, after hearing and argument respondent
State of Illinois denied petitioner's Motion to Dismiss the

indictment as failing to state an offense and found West Virginia had no right to absolve petitioner as a "convicted" sex offender in Illinois and requires petitioner to return to West Virginia to present his claims there.

18.    Petitioner has exhausted all available corrective process available in Illinois courts prior to conviction upon the States record from West Virginia that fails to state an offense and for which there is no remedy in Illinois, without allowing the State of Illinois to enter judgment in violation of the U.S. Constitution that finds Petitioner Guilty upon a supposed charge of failing to register as a "sex offender" and to enter a judgment of conviction thereon.

19.    Petitioner has no effective available procedure to raise the question presented in Illinois since Illinois itself has no judicial power to adjudicate the merits of West Virginia's proceedings other than to ignore such proceedings and this upon the "extraordinary circumstances" of this proceeding the Circuit Court of Cook County refuses to do.

WHEREFORE, petitioner requests that a writ of habeas corpus issue to the State of Illinois commanding respondents State of Illinois, Thomas Dart, Sheriff of Cook County and Richard A. Devine, State's Attorney of Cook County to produce petitioner's custody before the

court to be dealt with according to law, and for all and such other and

further relief as permitted according to law, including if this Honorable

Court determines the transfer of this Petition to the United States

District Court in West Virginia, or such other and further relief as in

the premises is just and proper and in the furtherance of justice.

RONALD DE WAYNE SMITH, PETITIONER

s/ Richard C. Moenning

BY: _____

RICHARD C. MOENNING, LAWYER


V E R I F I C A T I O N


RONALD DE WAYNE SMITH, PETITIONER and

COMPLAINANT being duly sworn on his oath, deposes, verifies, and

states he has read the foregoing Petition For Writ of Habeas Corpus,

knows the facts therein stated and that the same are true, and that as

to any matter stated upon information and belief he states that upon

personal investigation he believes the same to be true.


_____


SIGNED AND SWORN TO BEFORE ME

THIS _____DAY OF APRIL 2008.

NOTARY PUBLIC

<u>II</u>

<u>COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS</u>

<u>A.</u>

<u>CIVIL RIGHTS VIOLATED BY STATE OF ILLINOIS and LISA</u>

<u>MADIGAN, as ATTORNEY GENERAL OF ILLINOIS;</u>

<u>and RICHARD A. DEVINE, STATES ATTORNEY, COOK COUNTY,</u>

<u>ILLINOIS, JOHN SALEMME and HERMINIO FLORES, JR.</u>

<u>and DEPARTMENT OF POLICE OF THE CITY OF CHICAGO</u>

**PARTIES, JURISDICTION, AND VENUE**

1.      RONALD DEWAYNE SMITH, herein complainant, plaintiff or Smith is now, and at all times relevant to this complaint was, a resident of the City of Martinsburg, Berkeley County, West Virginia.

2.      STATE OF ILLINOIS, is a body politic, that at all times relevant to this complaint is comprised in part of the City of Chicago, the County of Cook, and is situated within the Northern District of Illinois.  LISA MADIGAN, a defendant at all times relevant to this

complaint, elected by the people of Illinois is the primary law enforcement officer of the STATE OF ILLINOIS and has the power and authority to hire, train, and discipline various law enforcement persons including without limitation persons assigned to the Fugitive Apprehension Task Force of the United States Marshall's Service in the Northern District of Illinois created to apprehend persons that may be fugitives from a state other than Illinois.

3.     DEPARTMENT OF POLICE OF THE CITY OF CHICAGO, is a body politic, that at all times relevant to this complaint, employs certain police officers that it trains and disciplines as law enforcement officers to enforce the laws and ordinances of the City of Chicago, and the State of Illinois, to serve and protect citizens of the United States lawfully in the State of Illinois, according to the Constitution of the United States and amendments thereto.   From time to time, various Chicago police officers are assigned to the Fugitive Apprehension Task Force of the United States Marshall's Service in the Northern District of Illinois to apprehend persons that may be fugitives from a state other than Illinois.

4.     THOMAS DART, SHERIFF OF COOK COUNTY, ILLINOIS is the Chief Law Enforcement officer of Cook County, Illinois and maintains and operates the Cook County Jail.  This defendant employs, trains, and disciplines law enforcement personnel

who receive persons charged with criminal offenses from the City of
Chicago and State of Illinois.

5.    The STATE OF ILLINOIS and the DEPARTMENT OF
POLICE OF THE CITY OF CHICAGO at all times relevant to this
complaint employed certain police officers, whose names and identities
are unknown to plaintiff at this time and who are referred to in this
complaint. Each of the individually named defendants is sued
individually and in their official capacities which at all relevant times
in this complaint consisted of special assigned duties with the Fugitive
Apprehension Task Force of the United States Marshall's Service in
the Northern District of Illinois. Plaintiff states each of the
individually named police and law enforcement officers was at all
times relevant to this complaint acting under color of state law and on
behalf of the defendants DEPARTMENT OF POLICE OF THE CITY
OF CHICAGO, and STATE OF ILLINOIS.

6.    This action is brought pursuant to the Constitution of the
United States and the first, fourth, fifth, ninth, thirteenth and
fourteenth amendments to the United States Constitution providing
for the rights of all persons within the jurisdiction of the United states
to enjoy freedom of speech, movement, association and assembly, to
petition their governments for redress of their grievances, be secure in
their persons, to be free from unreasonable searches and seizures, to

enjoy privacy, to be free from slavery and deprivations of life, liberty

and property without due process of law, and the Civil Rights Act of

1871,  42 U.S.C. A. Section 1983 and 42 U.S.C.A. Section 1988,

providing for the protection of all persons in their civil rights and the

redress of deprivation of rights under color of law.   Jurisdiction is

founded upon 28 U.S.C.A. Section 1331 and 28 U.S.C. Section 1343.

Pendant and supplemental jurisdiction is invoked for this Court to

decide claims that may arise under state laws of Illinois.  Plaintiff's

complaint of intentional infliction of emotional distress and

interference with educational pursuits is timely filed herein pursuant

to the Illinois Statute of Limitations and this limitation is also

applicable to his claims under the Civil Rights Act of 1871.

        7.      Venue is properly brought in the Northern District of

Illinois, pursuant to 28 U.S.C.A. Section 1391 (b).

## FACTUAL ALLEGATIONS

        8.      On November 2, 2005, plaintiff, the President of his Class

was completing a Masters of Divinity degree at the Moody Bible

Institute in Chicago while commuting back and forth to West Virginia.

At about 7:45 a.m. plaintiff was studying in assigned housing in the

City of Chicago and received a telephone call from the Institute's

public safety office to come to their office to discuss a matter of

importance.  Plaintiff advised public safety he was recuperating from

recent hospital treatment for a recurring deep, multiple vein thrombosis injury and agreed with public safety that he would come a little later.

9.      Within 10 minutes plaintiff responded to a knock on the door and confronted three individuals who burst into his student housing, handcuffed plaintiff and demanded he answer their questions without informing him and showing him the alleged West Virginia warrant, previously made a part of the Amended Petition for Habeas Corpus and failed to advise him their identities or provide him any warning of his constitutional rights.

10.     The custodial interrogation continued with threats to answer questions if plaintiff wanted to continue going to school.  Smith asked for an explanation and given no response, the federal marshals and public safety officer demanded to know what happened in West Virginia.  Plaintiff informed his interrogators another student was in the apartment, and who after the interrogators spoke to him continued vague questions omitting dates, times, or places.  The interrogators rebuffed plaintiff's third request for an explanation.  At about 8:10 or 8:15 a.m. the interrogators arrested plaintiff and when he inquired of the charge, the interrogators stated that plaintiff knew.  Plaintiff was removed from student housing, paraded past other students, dressed only in his shorts and slippers.  The assigned marshals placed plaintiff

in a vehicle and shackled to the floorboard.  When advised of his leg
injury, the interrogators in total indifference stated that was not their
concern.

11.    Plaintiff was taken to a Chicago Police place of detention,
set upon a stool, handcuffed to a rail and unlawfully detained.
Interrogation commenced again and continued with still no warning of
plaintiff's constitutional rights and no response to what his arrest was
about.  While the interrogators experienced a great deal of difficulty, as
they could recover no information from their computer sources,
plaintiff was insulted and humiliated but remained calm.  The
interrogators even insinuated plaintiff's name and other identification
was false or misleading since they could find no conviction or other
evidence of a crime establishing probable cause for further detention or
a decision not to release plaintiff from custody.

12.    Plaintiff is informed and believes, and on the basis of such
information and belief states that defendants burst into his student
housing without probable, shackled him, interrogated him, and
otherwise invaded his privacy solely on the basis of plaintiff's race and
color without minimally inquiring of the "good faith" basis for the
alleged West Virginia arrest warrant.

13.    Plaintiff was allowed to go to the bathroom after 3 or 4
hours, then fingerprinted and photographed.  Defendants took

plaintiff's eyeglasses though advised plaintiff was subject to severe headaches.  Plaintiff received no food until late in the evening.  At the close of the day, plaintiff knew nothing about his arrest except what he learned from over hearing the law enforcement officers' discussions that the alleged West Virginia arrests warrant was invalid.  The following day West Virginia dropped all charges contained in the alleged bench warrant and cancelled its extradition request.

14.     Following this extended day long ordeal, and without reasonable suspicion that a crime had been committed or was being committed or probable cause that any crime had been committed plaintiff was taken to Cook County jail charged with failure to register by the City of Chicago as a "convicted sex offender" in violation of  730 ILCS 150 Section 3(a)(1).  Taken before the Circuit Court of Cook County and without representation plaintiff was incarcerated to await charges on an excessive bond of  $125,000.00 that was beyond plaintiff's means, so that he was unable to effect his release from confinement to continue his education at the Moody Bible Institute.

15.     The Moody Bible Institute arranged for counsel to visit and provide legal assistance to plaintiff.  Communications by counsel for plaintiff with Richard A. Devine, States Attorney of Cook County included delivery of the State of West Virginia's modified judgment and the alleged "sex offender conviction" and plaintiff's status as a

"convicted sex offender" previously made a part of the Amended Petition for Writ of Habeas Corpus.

16.    Without presenting such information of the amended judgment to the Cook County Grand Jury defendant Richard A. Devine in his official capacity as State's Attorney for Cook County subsequently in December 2005 obtained a True Bill falsely charging plaintiff with residing in Cook County and failing to register as a convicted sex offender.  Rejecting all demands of Richard A. Devine to plead guilty and receive probation, plaintiff pleaded not guilty and commenced what has now become a two year battle for dismissal of the false charges and what is worse, freedom from a false conviction of an offense involving sex.

17.    While maintaining his innocence, plaintiff has frequently and often sought permission of the Circuit Court of Cook County to travel home to West Virginia and to return to STATE OF ILLINOIS. The stated purpose of such travel has been to see family, to attend the funeral of his aunt, and to participate and assist clergy in the services of his church. Refused leave to travel in April 2007, plaintiff appealed to the Illinois Appellate Court and on objection of the Office of the States Attorney the appeal was denied.

18.    Additionally, the State of Illinois maintains through its State Police an official central registry of perpetrators of sex offenses.

The Moody Bible Institute after the State's allegations involving plaintiff reviewed entries contained in this central registry finding no entries involving plaintiff in West Virginia but, was surprised to find an entry stating plaintiff was an Illinois "non compliant" sex offender. The STATE OF ILLINOIS placed plaintiff's name on its registry without prior notice to plaintiff, a conviction and without an opportunity to be heard. Awaiting trial on its false charges, plaintiff is unable to gain employment or live in the community and has no other sources of income.

19.    Upon his arrest and indictment, plaintiff met with the Moody Bible Institute's educational administration to answer their questions and satisfy the administration there had been no absolutely no factual or legal basis within his knowledge for his arrest and detention and that he ought to be allowed to complete his educational requirements for May 2006 graduation. Plaintiff also addressed the student body at the Moody Bible Institute before he was graduated with honors in May 2006.

20.    On June 4, 2007, while attending a required Court appearance, on orders of Jenni Scheck, an Assistant States Attorney given Sunday evening, June 3, 2007, plaintiff was arrested for failure to register as a convicted sex offender and hustled down the back stairs of the Criminal Courts Building at 26th and California. When plaintiff

inquired the reason for his arrest, the same named police officers told plaintiff that he knew the reason for his arrest and that they were only following the orders of the States Attorney.

21.    The plaintiff's continuing bad health situation (multiple deep vein thrombosis) became inflamed again as plaintiff, 73 inches tall, was forced to sit behind the driver's seat.  On arrival at District 10 police station plaintiff again was handcuffed to a rail and interrogated without any admonition or other warning of his Constitutional rights to remain silent.  Plaintiff was interrogated about his height, weight, and addresses and was told he was not cooperating when he asked to speak to his lawyer.  Plaintiff remained handcuffed for another three (3) and one half (1/2) hours until the officers asked the States Attorney to release plaintiff.

22.    By reason of the foregoing facts defendants deprived plaintiff of his Constitutional and statutory rights:

a.    to be informed of the nature and cause of his reckless and unprofessional arrest by defendants in student housing,

b.    to be informed of the accusation contained in the West Virginia warrant asserted against him prior to its withdrawal and dismissal,

c.    the humiliating parading without adequate clothing out of the student dormitory in front of other members of the student body,

d.    the intentional infliction of severe emotional distress arising from his illegal arrest and detention even after West Virginia dropped its charges and withdrew its request for extradition, including without limitation subjecting plaintiff out of personal frustration to irrelevant, hostile, and harassing questioning, done intentionally, wantonly, willfully, maliciously, and wrongfully, and with such extreme and outrageous character as to cause plaintiff extreme emotional distress in violation of Illinois statutes, law, and regulation (e.g. Illinois Human Rights Act.)

e.    his day long interrogation without food or clothing and removal of his eye glasses even after it became apparent plaintiff had no record of criminal conduct in West Virginia to warrant a Chicago arrest for failing to register as a "convicted sex offender",

f.    the unreasonable detention, imposition of excessive bail without an adequate factual hearing required by statute in like cases,

g.    the posting of plaintiff's picture and personal information on a central list maintained by the Illinois State Police without prior notice, conviction, or opportunity to a hearing

g.    the repeated arrest of plaintiff while consulting with his lawyer in the Criminal Courts Building,

h.    the interruption of his presence and activities in class at the Moody Bible Institute

i.    the imposition of "excessive bail" without probable cause and without representation preventing and separating plaintiff from his elderly mother,  family, friends, elders and professional associates in his home state of West Virginia,

j.    plaintiff's ignominious subjections to emotional injury, loss of liberty and freedom and deprivation of personal property, and

k.    imposing actual impediments to plaintiff's gainful employment by causing plaintiff to remain in the STATE OF ILLINOIS so that he cannot return to his home and to serve and practice as a teaching minister of GOD's word, and forcing plaintiff to retain and pay the expenses, costs, and services of legal services to defendant and to protect his liberty and freedom under the Constitution of the United States, amendments thereto, and the Civil Rights Act.

23.    Defendants the STATE OF ILLINOIS, the DEPARTMENT OF POLICE of the CITY OF CHICAGO have and continue to violate plaintiff's civil rights and liberties by their failure to examine and find a rational basis for plaintiff's arrest, their failure to train, supervise and discipline police officers to stop abusive police "tactics" and the intentional inflictions of sever emotional distress, injury to pre-existing medical conditions, and discomfort to citizens upon arrest, during interrogation, and the failure to accord due process

of law to citizens prior to, without conviction, or other hearing and the posting of names, address, and photos of persons among those guilty of sex offenses.  Defendants' actions amount to the deliberate indifference to the rights of persons with whom the defendant police and the other police authorities named defendants in this case come into contact, including plaintiff.

24.    The deficiency in the training, supervision, and disciplining of defendant police officers including the named defendants was an actual cause of the constitutional deprivations and injuries suffered by plaintiff.  Further, defendants' deficiencies represent a deliberate indifference on the part of defendants to the rights of Afro-American citizens.

## **PRAYER FOR RELIEF**

1.    Plaintiff hereby Demands Trial by Jury and damages in the amount of $90,000.00;

2.    Equitable and injunctive relief removing his personal information and photograph from the Illinois Registry of Sex Offenders;

3.    Punitive damages in such amount as will sufficiently punish defendants for their willful and malicious conduct and as will

serve as an example to prevent a repetition of such conduct in the future;

4.    A reasonable attorney fee pursuant to 42 U.S.C.A. Section 1988, along with costs and disbursements incurred in this action, and

5.    Such other and further relief as the court deems just and appropriate.

B.

CIVIL RIGHTS VIOLATED BY STATE OF WEST VIRGINIA and DARRELL MCGRAW, as ATTORNEY GENERAL OF WEST VIRGINIA, THE JEFFERSON COUNTY BOARD OF EDUCATION, DAVID DIDDEN, GREGORY DIDDEN, AND MARGARET DIDDEN, BRAUN HAMSTEAD, AND MICHAEL D. THOMPSON

**PARTIES, JURISDICTION, AND VENUE**

1.    RONALD DEWAYNE SMITH, herein complainant, plaintiff, or Smith is now, and at all times relevant to this complaint was, a resident of the City of Martinsburg, Berkeley County, West Virginia.

2.    JEFFERSON COUNTY, WEST VIRGINIA, BOARD OF EDUCATION, hereinafter defendant Board, is now, and at all times relevant to this complaint is a lawfully and duly organized public educational government entity,

with the power to hire, discipline, and fire teachers, teaching associates, and administrators.  Defendant Board hired plaintiff in 1978 but he left for military service in 1983 and returned in 1986.  Plaintiff was discharged from the United States Army Reserve, April 12, 1990.

3.    DAVID DIDDEN, an individually named defendant, born April 19, 1966, was at all relevant times stated in this complaint a resident of SHEPERDSTOWN, WEST VIRGINIA.  Defendant DIDDEN at all relevant times mentioned in this complaint was a graduate of the United States Air Force Academy, the son of defendants GREGORY DIDDEN and MARGARET DIDDEN, and employed by the defendant Board.

4.    BRAUN HAMSTEAD and MICHAEL D. THOMPSON, individuals are each at all relevant times stated in this complaint met with and are possessed of knowledge regarding defendant DIDDEN and plaintiff, including without limitation the actual charges and complaints resulting in the prosecution of plaintiff by STATE OF WEST VIRGINIA through the Jefferson County Circuit Court.

5.    This action is brought pursuant to the Constitution of the
United States and the first, fourth, fifth, ninth, thirteenth
and fourteenth amendments to the United States
Constitution providing for the rights of all persons within
the jurisdiction of the United states to enjoy freedom of
speech, movement, association and assembly, to petition
their governments for redress of their grievances, be
secure in their persons, to be free from unreasonable
searches and seizures, to enjoy privacy, to be free from
slavery and deprivations of life, liberty and property
without due process of law, and the Civil Rights Act of
1871,  42 U.S.C. A. Sections, 1981, 1983, 1985(3), 1986
and 42 U.S.C.A. Section 1988, providing for the protection
of all persons in their civil rights and the redress of
deprivation of rights under color of law.   Jurisdiction is
founded upon 28 U.S.C.A. Section 1331 and 28 U.S.C.
Section 1343..  Plaintiff's complaint of intentional
interference with rights to employment upon completion
of military service, infliction of emotional distress and
interference with educational pursuits is timely filed
herein pursuant to the Illinois Statute of Limitations and

this limitations is also applicable to his claims under the Civil Rights Act of 1871.

6.    Venue is properly brought in the Northern District of Illinois, pursuant to 28 U.S.C.A. Section 1391 (b).

### FACTUAL ALLEGATIONS

7.    Following graduation from Shepherdtown College, in 1977, plaintiff taught school in Jefferson County, West Virginia and employed by the Jefferson County, West Virginia Board of Education.  Plaintiff entered military service in the United States Army Reserve in 1983 and served until 1986 when he returned to claim his former employment with defendant BOARD.

8.    Defendant DIDDEN, a resident of Shepherdstown, West Virginia, was graduated from the United States Air Force Academy in 1988 and accepted a grant to the University of Virginia.   In 1989, fearful of military assignment in the Middle East, defendant DIDDEN shirked his military obligation and commenced substitute teaching in Jefferson County, West Virginia, hired by defendant BOARD.

9.    In 1992, defendant DIDDEN, addicted to drugs and alcohol sought a general discharge from his military

obligation stating that such addictions were the result of early childhood child abuse.  DIDDEN filed a criminal misdemeanor charge-accusing plaintiff.  A subsequent felony indictment (92 F 195) was also dismissed.

10.    Defendants BOARD, HAMSTEAD, and THOMPSON, commenced and continued and did combine and conspire to deprive plaintiff of the privileges and immunities of his employment pursuant to federal statute protecting returning service personnel and a second criminal indictment (94 F 40) was filed now charging plaintiff with six offenses of sodomy (crimes against nature) sometime between the time of December 1975 and April 1976 (dates of offense omitted). Prior to this indictment, HAMSTEAD, an employee of the defendant BOARD initiated Board charges requiring plaintiff to elect when and where to defend himself.   Plaintiff acting under the stress of circumstances and fearful of harm to his family agreed to submit his resignation from defendant Board effective February 1993.

11.    Defendants continued the conspiracy throughout 1993 and 1994 and then on or about February 28, 1995, defendant THOMPSON obtained plaintiff's binding

agreement of *nolo contendre* on a single count of the indictment with Defendant STATE OF WEST VIRGINIA. Plaintiff, as agreed, said nothing and admitted nothing.

12.   The Circuit Court of Jefferson County accepted plaintiff's *nolo contendre* but not the agreed three years of probation under the usual terms of probation and demanded a pre-sentence report.  Plaintiff sought to withdraw from the agreement but THOMPSON refused and plaintiff's legal counsel refused to help and asked to withdraw their appearances.

13.   On July 7, 1995, THOMPSON acting upon the testimony of DIDDEN, his father, GREGORY, and HAMSTEAD urged the court to deny plaintiff's request and plaintiff was sentenced to 1 to 10 years suspended to 3 years of probation not under the usual terms but with additional terms to bar plaintiff from any future employment by defendant BOARD, or any board at all.

14.   STATE OF WEST VIRGINIA demanded through its probation officer plaintiff "admit" the offense of sodomy (crime against nature) following plaintiff's attendance at a church camp in Maryland and for allegedly violating one

of the additional terms and conditions imposed upon

plaintiff by the testimony of HOMSTEAD and DIDDEN.

15.   Plaintiff was incarcerated January 6, 1997 and denied

effective assistance of counsel until April 25, 2000 when

plaintiff commenced a Writ of Habeas Corpus.

16.   Plaintiff obtained appointed counsel and on May 24, 2002,

the Circuit Court of Jefferson County, West Virginia

began undoing the THOMPSON, DIDDEN, and

HAMSTEAD conspiracy depriving plaintiff of his

Constitutional rights to be free of unlawful prosecution, to

have legal assistance where plaintiff cannot afford

payment, to know the charges against which he must

defend, to confront his accusers, to associate and assemble

with and at Christian Camps, and to be free of the

deprivation of his liberty and freedom based upon false

drug addicted accusations ranging from misdemeanor to

felonies without knowledge of the particulars limiting his

ability to defend himself.

17.   On January 2, 2003, THOMPSON agreed with plaintiff to

errors in the indictment and proceedings and promised on

behalf of STATE OF WEST VIRGINIA that while plaintiff

must continue to register in WEST VIRGINIA, all reports

of criminal charges and records thereof would be reduced

or limited in scope, and conviction would be removed from

plaintiff's history.  THOMPSON particularly promised

STATE OF WEST VIRGINIA would not publish nor seek

enforcement of any sanction outside of STATE OF WEST

VIRGINIA.

18.    On November 2, 2005, WEST VIRGINIA, and

THOMPSON broke their agreement by reaching outside

of WEST VIRGINIA, across state boundaries and into the

STATE OF ILLINOIS to violate plaintiff's constitutional

rights and the Civil Rights Act of 1871.

19.    By reason of its actions plaintiff has sustained legal and

equitable damage for which this complaint is amended

and he is entitled to relief as follows:

a.    Legal damages to compensate plaintiff for loss of

income due to the defendant BOARD's refusal to honor

federal law and to protect plaintiff's employment and

the privileges and immunities thereof; and the need to

defend himself against STATE OF ILLINOIS charges;

b.    Equitable and Injunctive Relief to cause STATE OF

WEST VIRGINIA to cease and desist prosecution of

plaintiff when and where he is least able to defend

himself including WEST VIRGINIA and on his return

c.  Punitive damages that the individual defendants may

be discouraged from repetition of their wrongful acts,

d.  Costs of these proceedings, expenses and a reasonable

legal fee.

RONALD DEWAYNE SMITH,

PLAINTIFF


s/

BY_RICHARD C. MOENNING, HIS LAWYER



RICHARD C. MOENNING

70 West Madison Street   Suite 1400

Chicago, Illinois 60602

312-263-0062