## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| RONALD DEWAYNE TAYLOR,       ) | |
|       ) | |
|     Plaintiffs,       ) | |
|       ) | **Judge Matthew F. Kennelly** |
|     v.       ) | |
|       ) | **Case No. 07 C 7048** |
| STATE OF ILLINOIS, a body Politic, STATE  ) | |
| OF WEST VIRGINIA, a body Politic, LISA  ) | |
| MADIGAN, ILLINOIS ATTORNEY       ) | |
| GENERAL, DARRELL MCGRAW, WEST   ) | |
| VIRGINIA ATTORNEY GENERAL,      ) | |
| DEPARTMENT OF POLICE OF THE CITY  ) | |
| OF CHICAGO, a body Politic, JOHN     ) | |
| SALEMME, HERMINIO FLORES, JR.,    ) | |
| THOMAS DART, SHERIFF OF COOK    ) | |
| COUNTY, ILLINOIS, RICHARD A. DEVINE, ) | |
| STATES ATTORNEY, COOK COUNTY,    ) | |
| ILLINOIS, JEFFERSON COUNTY, WEST  ) | |
| VIRGINIA BOARD OF EDUCATION, DAVID ) | |
| DIDDEN, GREGORY DIDDEN, MARGARET ) | |
| DIDDEN, BRAUN HAMSTEAD, and     ) | |
| MICHAEL D. THOMPSON, residents of   ) | |
| WEST VIRGINIA       ) | |
|       ) | |
|     Defendants.       ) | |

## MOTION TO DISMISS

Defendants, the STATE OF ILLINOIS and LISA MADIGAN, Illinois Attorney General,

("State Defendants") by their attorney, LISA MADIGAN, Illinois Attorney General, move this

Honorable Court to dismiss the complaint against them pursuant to Rule 12(b)(1) and Rule

12(b)(6) of the Federal Rules of Civil Procedure. In support thereof, the State Defendants state as

follows:

**I.    Dismissal under Federal Rule of Civil Procedure 12(b)(1)**

1.    Under the Eleventh Amendment to the United States Constitution, this Court lacks

jurisdiction to enter any judgment against the State Defendants. Further, the State is not a person

for the purposes of 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Thus the State cannot be properly sued under that section.

2.      The exception to Eleventh Amendment immunity contained in *Ex parte Young*, 209 U.S. 124 (1908), does not apply to Defendant Madigan here. The only prospective injunctive relief sought by Plaintiff is the removal of "his personal information and photograph from the Illinois Registry of Sex Offenders," which is maintained under the authority of the Illinois State Police, not the Illinois Attorney General. *See* 730 ILCS 152/115. As Plaintiff has not sought prospective injunctive relief against Defendant Madigan, the *Ex parte Young* exception does not apply.

3.      Alternatively, while the complaint does not make any allegations of actions taken by Defendant Madigan with respect to Plaintiff, Defendant Madigan in her role as the Illinois Attorney General has prosecutorial immunity. Thus, Plaintiff's claims against her must be dismissed.

## II.    Dismissal under Federal Rule of Civil Procedure 12(b)(6)

4.      To the extent Plaintiff is suing Defendant Madigan in her individual capacity, the Complaint fails to state a claim upon which relief may be granted.

5.      In support of the above, the State Defendants submit herewith a supporting memorandum of law providing in greater detail why the complaint should be dismissed.

WHEREFORE, for the foregoing reasons, the State Defendants respectfully request that this Honorable Court dismiss Plaintiff's claims against them in their entirety and for any other relief as the Court deems just.

Respectfully submitted,

 /s/ Alice E. Keane

LISA MADIGAN                                    ALICE E. KEANE
Illinois Attorney General                       Assistant Attorney General
                                                General Law Bureau
                                                100 W. Randolph Street, 13th Floor
                                                Chicago, Illinois 60601
                                                (312) 814-3711