## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **RONALD DEWAYNE SMITH,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Judge Matthew F. Kennelly** |
| v. | ) | |
| | ) | **Case No. 07 C 7048** |
| **STATE OF ILLINOIS, a body Politic, STATE** | ) | |
| **OF WEST VIRGINIA, a body Politic, LISA** | ) | |
| **MADIGAN, ILLINOIS ATTORNEY** | ) | |
| **GENERAL, DARRELL MCGRAW, WEST** | ) | |
| **VIRGINIA ATTORNEY GENERAL,** | ) | |
| **DEPARTMENT OF POLICE OF THE CITY** | ) | |
| **OF CHICAGO, a body Politic, JOHN** | ) | |
| **SALEMME, HERMINIO FLORES, JR.,** | ) | |
| **THOMAS DART, SHERIFF OF COOK** | ) | |
| **COUNTY, ILLINOIS, RICHARD A. DEVINE,** | ) | |
| **STATES ATTORNEY, COOK COUNTY,** | ) | |
| **ILLINOIS, JEFFERSON COUNTY, WEST** | ) | |
| **VIRGINIA BOARD OF EDUCATION, DAVID** | ) | |
| **DIDDEN, GREGORY DIDDEN, MARGARET** | ) | |
| **DIDDEN, BRAUN HAMSTEAD, and** | ) | |
| **MICHAEL D. THOMPSON, residents of** | ) | |
| **WEST VIRGINIA** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendants, the STATE OF ILLINOIS and LISA MADIGAN, Illinois Attorney General,

("State Defendants") by their attorney, LISA MADIGAN, Illinois Attorney General, submit this

memorandum of law in support of their motion to dismiss the complaint against them pursuant to

Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## BACKGROUND

On December 14, 2007, Ronald Dewayne Smith ("Plaintiff") filed an Amended Petition

for Writ of Habeas Corpus and Complaint ("Complaint").[1] In pertinent part, he alleges that the

Illinois Attorney General, as the primary law enforcement officer of the State, "has the power and

authority to hire, train, and discipline various law enforcement persons including without

limitation persons assigned to the Fugitive Apprehension Task Force of the United States

Marshall's Service in the Northern District of Illinois created to apprehend persons that may be

fugitives from a state other than Illinois." (Complaint, ¶2) The Complaint does not state whether

Defendant Madigan is being sued in her official or individual capacity. Plaintiff has sued the

State as a "body politic" that employs "certain police officers" who act on behalf of the State.

(Complaint, ¶¶2, 5)

Plaintiff alleges that on November 2, 2005, he was studying at student housing for the

Moody Bible Institute of Chicago ("Institute") and received a telephone call from the Institute's

Public Safety Office asking that he come to that office to discuss a matter of importance.

(Complaint, ¶8) Plaintiff told that office that he was recovering from a hospital treatment and

would come later. (Complaint, ¶8) Shortly thereafter, there was a knock on the door, Plaintiff

answered, federal marshals and a public safety officer (presumably from the Institute) entered,

handcuffed him, interrogated him about an incident in West Virginia, and arrested him an hour

later. (Complaint, ¶¶9-10) Plaintiff was taken to a "Chicago Police place of detention" and

interrogated. (Complaint, ¶11) Plaintiff alleges that the officers involved ignored his pre-existing

leg injury and otherwise treated him inappropriately during his detention. (Complaint, ¶¶12-13)

---

[1]The Complaint is divided into three major sections. Only the section of the Complaint that relates to the State Defendants (Section II. A., pp. 14-27) is addressed herein. Similarly, citations to paragraphs of the Complaint refer solely to the section of the Complaint related to claims against the State Defendants.

Plaintiff alleges that the West Virginia arrest warrant upon which the officers relied when arresting him was invalid. (Complaint, ¶13) Plaintiff states that he was brought to Cook County Jail and was charged by the City of Chicago with failure to register as a convicted sex offender, and alleges that he was unrepresented before the Circuit Court of Cook County and that his bond was set too high. (Complaint, ¶14) Plaintiff later obtained counsel provided for him by the Institute. (Complaint, ¶15) Plaintiff states that the Cook County State's Attorney brought false charges against him before the Cook County Grand Jury in December 2005, and that he pled not guilty and has fought the charges for two years. (Complaint, ¶16) Plaintiff alleges that he has frequently sought permission to return to West Virginia, but has been denied. (Complaint, ¶17) Plaintiff further alleges that the State added his name to the state sex offender registry[2] "without prior notice to plaintiff, a conviction and without an opportunity to be heard." (Complaint, ¶18) Plaintiff asserts that as he is "[a]waiting trial on its false charges, plaintiff is unable to gain employment or live in the community and has no other sources of income." (Complaint, ¶18) Plaintiff was able to graduate from the Institute in May of 2006. (Complaint, ¶19)

Plaintiff alleges that on June 4, 2007, at a court appearance, an Assistant State's Attorney had plaintiff arrested for failure to register as a convicted sex offender and he was "hustled down the back stairs of the Criminal Courts Building at 26th and California." (Complaint, ¶20) He was again handcuffed and interrogated, causing his health situation to become "inflamed," and was released after three and a half hours. (Complaint, ¶21)

Plaintiff claims that his constitutional and statutory rights were violated by the above

---

[2]Presumably, Plaintiff is referring to the Illinois Sex Offender Information database provided by the Illinois State Police, as required by 730 ILCS 152/115.

actions and by the continued actions of the defendants. (Complaint, ¶¶22-24) Plaintiff requests that the Court award him compensatory damages in the amount of $90,000, equitable and injunctive relief in requiring the removal of his name and information from the Illinois sex offender registry, punitive damages, and attorneys fees.

## STANDARD FOR MOTION TO DISMISS

To state a claim under 42 U.S.C. §1983, Plaintiff must show he was deprived of a federal right, privilege, or immunity by a person acting under color of state law. In ruling on a motion to dismiss under both Rule 12(b)(1) and Rule 12(b)(6), the court accepts as true all well-pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in the plaintiff's favor. *Sanner v. Bd. of Trade,* 62 F .3d 918, 925 (7th Cir.1995); *Dixon v. Page*, 291 F.3d 485, 486 (7ᵗʰ Cir. 2002); *Jackson v. E.J. Brach Corp.,* 176 F.3d 971, 977 (7ᵗʰ Cir. 1999). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. __, 127 S.Ct. 1955, 1964-1965 (2007) (citations and quotations omitted).

## ANALYSIS

### I.    Dismissal under Federal Rule of Civil Procedure 12(b)(1)

"Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir.1998). In this case, the Court lacks jurisdiction over both of the State Defendants. Thus, the claims against the State Defendants must be dismissed.

A.    **The Court lacks jurisdiction over the State Defendants under the Eleventh Amendment**

Plaintiff has brought this suit under 42 U.S.C. § 1983 against the State Defendants. This Court lacks jurisdiction as the State Defendants are immune from suit under the Eleventh Amendment to the United States Constitution.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State." Although the literal wording appears not to include suits by a citizen against the citizen's own state, subsequent judicial interpretation has extended the immunity to suits by all individuals regardless of citizenship.  The leading modern case is perhaps *Pennhurst v. Halderman*, 465 U.S. 89 (1984):

> The Court's decisions thus establish that an unconsenting state is immune from suits brought in federal courts by her own citizens as well as by citizens of another state . . . *It is clear, of course, that in the absence of consent a suit in which the state or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.  This jurisdictional bar applies regardless of the nature of the relief sought.*

*Id.* at 100 (emphasis added) (internal citations omitted).

The Eleventh Amendment applies to both the claims against the State and the claims against the Illinois Attorney General. This bar to federal jurisdiction over a state and state agencies has been reaffirmed many times.  See, *e.g.*, *Joseph v. Board of Regents of University of Wisconsin*, 432 F.3d 746, 748 (7th Cir. 2005); *Nelson v. LaCrosse County Dist. Atty. (State of Wisconsin)* 301 F.3d 820, 827, n.7 (7th Cir. 2002); *Jensen v. State Board of Tax Commissioners*

*of State of Indiana*, 763 F.2d 272, 276 (7th Cir. 1985) (suits against nonconsenting state or one of

its agencies or departments "clearly proscribed" by the Eleventh Amendment); *Kroll v. Board of*

*Trustees of University of Illinois*, 934 F.2d 904, 907 (7th Cir. 1991); *Moore v. State of Indiana*,

999 F.2d 1125, 1128 (7th Cir. 1993). The only exceptions to this rule would be if the State

consents to suit (which it has not) or if Congress overrides the Eleventh Amendment by

specifically and unequivocally legislating under another constitutional grant of authority, such as

section 5 of the Fourteenth Amendment.   See *Tennessee v. Lane*, 541 U.S. 509 (2004);

*Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976).   There is no such Congressional override at play here.

The suit is brought under 42 U.S.C. § 1983. Section 1983 does not abrogate a State's Eleventh

Amendment immunity.   *Quern v. Jordan*, 440 U.S. 332, 342 (1979); *Kentucky v. Graham*, 473

U.S. 159, 169 n. 17 (1985).

When a state official is sued in his official capacity, it is in effect a suit against the state,

and subject to the jurisdictional bar of the Eleventh Amendment.   *Hafer v. Melo*, 502 U.S. 21, 25

(1991); *Scott v. O'Grady*, 975 F.2d 366, 369; *Kroll v. Board of Trustees*, 934 F.2d 904, 907-08

(7th Cir. 1991).   There is one significant exception, as *Kroll* and *Pennhurst* explain, and that is

the rule of *Ex parte Young*, 209 U.S. 124 (1908).   Under *Ex parte Young*, a plaintiff can sue, not

the agency enforcing the rule, but the state official responsible for enforcing the allegedly

unconstitutional rule in a § 1983 suit against that official in her official capacity *for prospective*

*injunctive relief* only.

However, given the relief sought, *Ex parte Young* does not apply here. The only

prospective injunctive relief sought by Plaintiff is the removal of "his personal information and

photograph from the Illinois Registry of Sex Offenders." (Complaint, p. 26) However, neither

6

Defendant Madigan nor the Office of the Illinois Attorney General is responsible for the Illinois

Sex Offender Information database. This database is the responsibility of the Illinois State Police,

as required by 730 ILCS 152/115. As Plaintiff has not sought prospective injunctive relief against

Defendant Madigan, the *Ex parte Young* exception does not apply. Thus, the Eleventh

Amendment deprives this Court of jurisdiction to enter any relief against either of the State

Defendants. Thus, as to the State Defendants, this Complaint should be dismissed.

> **B.     The State is not a "person" under Section 1983.**

As an additional basis for dismissal, the State is not a "person" subject to liability within

the meaning of § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Landers

Seed Co., Inc.,* 15 F.3d at 732, fn. 3; *Joseph*, 432 F.3d at 748; *Carroll v. DeTella*, 255 F.3d 470,

471 (7th Cir. 2001). Thus, the State is not properly sued under § 1983.

> **C.     Prosecutorial immunity as an alternative basis for dismissal of Defendant
>          Madigan**

Plaintiff sues Defendant Madigan in her role as the "primary law enforcement officer of

the STATE OF ILLINOIS." Plaintiff alleges that Defendant Madigan was somehow involved

with hiring, training, and disciplining law enforcement officers for "the Fugitive Apprehension

Task Force of the United States Marshall's Service in the Northern District of Illinois." First,

Defendant Madigan does not have any authority or control over the U.S. Marshals Service. The

U.S. Marshals Service is a bureau of the U.S. Department of Justice under the authority and

direction of the U.S. Attorney General, not state attorneys general. 28 U.S.C. § 561(a). Second,

Plaintiff does not assert that Defendant Madigan took any action related to Plaintiff's arrest and

detention. However, even if she did, Defendant Madigan is immune from suit based on

prosecutorial immunity. Thus, any actions taken by Defendant Madigan in her role as the Illinois Attorney General are subject to prosecutorial immunity and Plaintiff's claims against her must be dismissed.

Absolute judicial immunity shields *quasi*-judicial actors, like Defendant Madigan, from liability for civil damages arising out of the performance of her job. *Killenger v. Johnson,* 389 F.3d 765, 770 (7th Cir.2004). It is well-settled that prosecutors are absolutely immune from a suit for damages under § 1983 for initiating a prosecution and presenting the state's case. *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976). It is also well-established that a prosecutor is entitled to absolute immunity from suit under § 1983 with respect to certain types of official conduct, including initiation and pursuit of criminal prosecution, presentation of the state's case at trial and any other conduct that is closely associated with the judicial process. *See Mendenhall v. Goldsmith,* 59 F.3d 685, 689 (7th Cir.1995); *Buckley v. Fitzsimmons,* 509 U.S. 259 (1993); *Imbler,* 424 U.S. at 427. Prosecutors are entitled to "absolute immunity when their actions are within the scope of their prosecutorial duties." *Arnold v. McClain,* 926 F.2d 963, 967 (10th Cir.1991); *see, e.g., Wolfe v. Perry,* 412 F.3d 707, 722 (6th Cir.).

While Plaintiff has failed to allege any actions taken by Defendant Madigan with respect to his arrest and detention, as alleged in his Complaint, even if she had been personally involved, Defendant Madigan would have absolute immunity.

## II.    Dismissal under Federal Rule of Civil Procedure 12(b)(6)

Plaintiff does not state in his Complaint in what capacity he is suing Defendant Madigan. Any suit brought against her in her capacity as the Illinois Attorney General is barred by the Eleventh Amendment and by prosecutorial immunity, as discussed above. To the extent Plaintiff

could be seen as suing Defendant Madigan in her individual capacity, the Complaint fails to state a claim upon which relief may be granted.

The sole allegation against Defendant Madigan is that she "is the primary law enforcement officer of the STATE OF ILLINOIS and has the power and authority to hire, train, and discipline various law enforcement persons including without limitation persons assigned to the Fugitive Apprehension Task Force of the United States Marshall's Service in the Northern District of Illinois created to apprehend persons that may be fugitives from a state other than Illinois." (Complaint, ¶2) As discussed above, Defendant Madigan has no authority or control over the U.S. Marshals Service. The Complaint contains no allegations that Defendant Madigan took any action related to Plaintiff in any capacity.

Generally, a defendant must have some direct personal responsibility for the deprivation of constitutional right for individual liability to attach under § 1983. *Maltby v. Winston,* 36 F.3d 548, 559 (7th Cir.1994); *Duncan v. Duckworth,* 644 F.2d 653, 655 (7th Cir.1981). Even if the Complaint could be read to demonstrate somehow that an individual trained or employed by the Illinois Attorney General was involved in his arrest or prosecution, which it does not, respondeat superior may not be used as a theory of liability under § 1983. *Monell v. Dept. of Social Services,* 436 U.S. 658, 691 (1978); *Kernats v. O'Sullivan,* 35 F.3d 1171, 1182 (7th Cir.1994); *Del Raine v. Williford,* 32 F.3d 1024, 1047 (7th Cir.1994). Thus, Plaintiff has not stated a claim against Defendant Madigan upon which relief may be granted.

**CONCLUSION**

For the foregoing reasons, the State Defendants respectfully request this Honorable Court to dismiss the Complaint against them under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

Respectfully submitted,

/s/ *Alice E. Keane*

|  |  |
|---|---|
| LISA MADIGAN | ALICE E. KEANE |
| Illinois Attorney General | Assistant Attorney General |
|  | General Law Bureau |
|  | 100 W. Randolph Street, 13th Floor |
|  | Chicago, Illinois 60601 |
|  | (312) 814-3711 |