IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD DEWAYNE SMITH, ) | |
| ) | No.    07 C 7048 |
| Plaintiff, ) | |
| ) | Judge Matthew F. Kennelly |
| v. ) | |
| ) | Magistrate Judge Keys |
| STATE OF ILLINOIS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### MOTION TO DISMISS THE STATE'S ATTORNEY
### AND THE SHERIFF OF COOK COUNTY

Now come the Defendants, Richard Devine, State's Attorney of Cook County, Thomas Dart, Sheriff of Cook County and Cook County (together referred to as the "County Defendants"), by and through their attorneys, RICHARD A. DEVINE, State's Attorney of Cook County, Patrick T. Driscoll, Jr., Deputy State's Attorney, and Marie Quinlivan Czech and Maureen O. Hannon, Assistant State's Attorneys, pursuant to Rule 12(b)(1) and (12)(b)(6) of the Federal Rules of Civil Procedure, move for dismissal of this complaint with prejudice for the following reasons:

1.    Two of the three counts in Plaintiff's "Amended Petition For Writ of Habeas Corpus and Complaint For Violations of Civil Rights" are directed at the Cook County Defendants. Count I is a petition for a writ of habeas corpus seeking to have Plaintiffs bail reduced and criminal convictions halted. Count II is an action brought under 42 U.S.C § 1983 against the State's Attorney and the Sheriff for plaintiffs indictment and remand to the custody of the sheriff prior to posting bond. Count III is directed to West Virginia government officials and is not addressed in this motion to dismiss.

2.    The petition for a writ of habeas corpus should be dismissed for failure to exhaust administrative remedies.

3. Plaintiff's damage claims under 42 U.S.C §1983 against the States' Attorney in his official capacity are barred by the Eleventh Amendment to the Constitution.

4. Plaintiff's damage claims under 42 U.S.C §1983 against the Sheriff of Cook County in his official capacity, and while acting as a state officer following the order of a state criminal court, are barred by the Eleventh Amendment to the Constitution.

5. This Court lacks subject matter jurisdiction over Plaintiff's state law tort claims under the doctrine of sovereign immunity. State law provides that the Illinois Court of Claims is the exclusive forum for such lawsuits as against state officials.

6. Tort claims under 42 U.S.C. §1983 and state law claims are time barred by the two year statute of limitations in Illinois for personal injury torts.

7. Plaintiff has failed to state a cause of action upon which relief could be granted against the Sheriff and the State's Attorney.

8. The doctrine set forth in the case of *Younger v. Harris* 401 U.S. 37 (1971) directing a federal court to abstain from ruling on matters that may interfere with state court criminal proceedings should be applied in this case and the complaint seeking injunctive relief and damages from the County Defendants should apply and merits dismissal of the case.

9. To the extent any individual capacity claim against the State's Attorney is alleged, Plaintiff's federal and state law claims are based on acts which fall within the scope of traditional prosecutorial functions and are barred by absolute prosecutorial immunity.

10. Adopted and incorporated herein is the County Defendant's Memorandum of Law in Support of the Motion to Dismiss filed this day.

WHEREFORE, for the foregoing reasons, Defendants Richard Devine, State's Attorney of Cook County and Thomas Dart, Sheriff of Cook County respectfully request that this Honorable Court dismiss all of the Plaintiff's claims against them with prejudice pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

        Respectfully submitted,

        RICHARD A. DEVINE
        State's Attorney of Cook County

By:   /s/ Maureen O. Hannon
      ARDC # 6206983

Patrick T. Driscoll, Jr.
Deputy States Attorney
Chief, Civil Actions Bureau

Marie Quinlivan Czech
Maureen O. Hannon
Assistant State's Attorneys
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-4370