IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD DEWAYNE SMITH, ) | |
| ) | No.   07 C 7048 |
| Plaintiff, ) | |
| ) | Judge Matthew F. Kennelly |
| v. ) | |
| ) | Magistrate Judge Keys |
| STATE OF ILLINOIS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF RICHARD DEVINE'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) and 12 (b)(6).**

Defendants, Richard Devine, State's Attorney of Cook County, Thomas Dart, Sheriff of Cook County and Cook County (together referred to as the "County Defendants"), by and through their attorneys, RICHARD A. DEVINE, State's Attorney of Cook County, Patrick T. Driscoll, Jr., Deputy State's Attorney, and Marie Quinlivan Czech and Maureen O. Hannon, Assistant State's Attorneys, pursuant to Rule 12(b)(1) and (12)(b)(6) of the Federal Rules of Civil Procedure, move for dismissal of this complaint with prejudice. In support thereof, the County Defendants state the following:

## I.  INTRODUCTION

The Amended Petition for a Writ of Habeas Corpus was filed on April 19, 2008. A copy is attached hereto as "Exhibit A." Plaintiff has sued the State's Attorney and the Sheriff of Cook County in their official capacities. Plaintiff seeks injunctive and monetary relief arising out of his arrest and indictment for failing to register as a convicted sex offender pursuant to 730 ILCS 150/3. (Compl. ¶7).

Plaintiff maintains that his arrest and indictment by the grand jury on the charge of failing to register as a sex offender was improper. Plaintiff is currently out on bond and he maintains that the denial of his hearing to reduce bond was a constitutional violation. (Compl. page 8-9, ¶12). His

criminal case has not yet gone to trial, and his motion to dismiss the criminal indictment was denied. (Compl. page 11, ¶ 17). Count I is a petition for a *writ* of *habeas corpus* naming the State of Illinois, the City of Chicago, the Sheriff and the State's Attorney seeking to have the District Court take certain action against the state police and prosecutors. Count II purports to be a civil rights action against the State of Illinois, the City of Chicago, the State's Attorney and the Sheriff pursuant to 42 U.S.C. § 1983[1] seeking damages in the amount of $90,000.00, equitable relief including removal of his information from the Illinois Registry of sex offenders, punitive damages, and attorney fees. Plaintiff asserts generally that there are state claims for intentional infliction of emotional distress and interference with educational pursuits.[2] (Compl. at page 17).

The instant complaint should be dismissed pursuant to FRCP 12(b)(1) and Rule 12(b)(6) as against the States Attorney and the Sheriff of Cook County for several reasons: (I) A writ of habeas corpus is not appropriate because petitioner has not exhausted his State remedies, and the conditions of bail bond are not "special circumstances" that would justify granting the writ during the pendency of a State court prosecution; (II) The court lacks subject matter jurisdiction of damages claims against State officials under the Eleventh Amendment to the United State's Constitution; (III) The §1983 claims and state claims are barred by the Illinois two- year statute of limitations for torts; (IV) The abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746 (1971) should apply to both the injunctive and damage claims here because Plaintiff is asking this Court to enjoin or otherwise interfere with ongoing state criminal court proceeding; (V) Plaintiff has failed to state a cognizable claim for a constitutional tort under 42 U.S.C. § 1983; and (VI) To the extent any claim of individual capacity is made against the State's Attorney, both the federal and state claims

---

[1] Plaintiff asserts that this action is brought pursuant to the 1st, 4th, 5th, 9th, 13th and 14th Amendments to the United States Constitution.
[2] This claim is facially deficient in light of the allegations he was graduated from the Moody Bible Institute with honors in May 2006 (Compl. page 22 ¶19).

are barred by absolute prosecutorial immunity. Thus, this suit against the State's Attorney of Cook County, and the Sheriff of Cook County, should be dismissed with prejudice.

## II. FACTUAL ALLEGATIONS

Plaintiff is currently out on bail pending his criminal trial on what he maintains are false charges. (Compl. ¶ 18). Plaintiff alleges that on November 2, 2005 the states of West Virginia and Illinois initiated the Fugitive Apprehension Task Force of the United State's Marshall's Service to apprehend him (Compl. ¶ 6) and that the City of Chicago charged Plaintiff with failing to register as a sex offender in violation of Illinois criminal law. (Compl. ¶7). Plaintiff further asserts that the "true bill" which the office of the State's Attorney of Cook County received from the grand jury was fatally flawed because it fails to disclose the modification of the conviction made by the State of West Virginia from classification of his crime from "sodomy and criminal sexual assault" to a "crime against nature" (Compl. ¶ 15-16). Plaintiff was "restrained" by the State of Illinois on November 5, 2006 and denied his liberty. On December 13, 2005 Plaintiff was released from the Cook County Jail bond in the amount of $125,000.00 was posted. (Compl.¶10).

Plaintiff alleges that the State of Illinois placed his name on its [sex offender] registry without notice and an opportunity to be heard. (Compl. ¶ 18) Petitioner takes issue with the fact that the State of Illinois has not let him return to West Virginia to visit since April 2007(Compl. ¶ 11). Plaintiff asserts that his arrest was wrongful, and that his bail is excessive (Compl.¶ 12). On March 22, 2007 after hearing and argument the State of Illinois denied Plaintiff's motion to dismiss the indictment. (Compl. ¶ 17). Plaintiff has not yet had his criminal trial. Count I is the request for the federal district court to issue a *writ* of *habeas corpus* and Count II is a purported civil rights action under 42 U.S.C § 1983 commanding the defendants to remove his name from the sex offender registry and pay $90,000.00 in compensatory damages, punitive damages and attorney fees.

(Compl. page 26). Count III is against various West Virginia defendants and seeks no relief from the County Defendants.

### III. ARGUMENT

#### A. Standard of Review

A motion to dismiss for lack of subject matter jurisdiction is considered under Rule 12(b)(1). *St. John's United Church of Christ v. City of Chicago*, 582 F.3d 625, 616 (7th Cir. 2007). Immunity issues under the Eleventh Amendment to the United States Constitution are jurisdictional. *Ruehman v. Sheahan*, 34 F.3d 525, 528 (7th Cir. 1994). This Court may properly look beyond the jurisdictional allegations of the Complaint and view whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exits. *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993).

In determining the propriety of dismissal under Rule 12(b)(6), a court must accept as true all well-pled factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *Jacobs v. City of Chicago*, 215 F.3d 758, 765 (7th Cir. 2000). However, courts need not accept as true mere "legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002); *see also Northern Trust Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995). Bare legal conclusions attached to narrated facts will not suffice to state a claim for which relief may be granted. *Strauss v. City of Chicago*, 760 F.2d 765, 768 (7th Cir. 1985). The United States Supreme Court recently addressed this concept in *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 2007 U.S. LEXIS 5901 (May 21, 2007). The Court announced that it will no longer follow the language of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957), which has long been misconstrued as meaning "that any statement revealing the theory of the claim will suffice unless its factual impossibility may be shown from the face of the

pleadings." *Twombly*, 127 S. Ct. at 1968. Rather, the Court held, a claim for relief must contain sufficient facts to make the claim "plausible on its face." *Id.* at 1974.

### B. Dismissal of Count I (Petition for Habeas Corpus) Against All Parties is Warranted.

#### 1. Procedural Background of Underlying Criminal Case[3]

On September 20, 1994, the State of West Virginia indicted plaintiff for six felony counts of "Crime Against Nature (to wit: Sodomy)" arising from his conduct in April 1976 with David Didden, a child under sixteen years of age. (Exhibit B: Indictment). On February 28, 1995, plaintiff entered a plea of "nolo contendere" to Count I of the indictment. (Exhibit C: Written Plea). Count I alleged that Plaintiff placed the penis of David Didden into Plaintiff's mouth. On February 28, 1995, the parties agreed that plaintiff would be sentenced to three years probation. (Exhibit D: Conviction Order). [4] On July 7, 1995, plaintiff was sentenced to "not less than one (1) years nor more than ten (10) years in the Custody of the Commissioner of the Division of Corrections." (Exhibit E: Sentencing Order). The execution of this sentence was suspended and plaintiff was placed upon supervised probation for three years. (Id).

On November 25, 1996, the State of West Virginia determined that plaintiff had violated the terms and conditions of his probation. (Exhibit F: Probation Revocation Order). Plaintiff's probation was revoked and the previously imposed sentence of "not less than one nor more than ten years" was re-imposed. (Exhibit G: Probation Revocation Order). Plaintiff was taken into custody. (Compl. P. 5, ¶4). Five years later on October 12, 2001, plaintiff was discharged.

---

[3] County Defendants that this court take judicial notice of the court documents from West Virginia referenced in this section and included as exhibits in the interests of justice and pursuant to Federal Rule of Evidence 201.

[4] The State of West Virginia represented that plaintiff had no prior criminal record and that: "this plea would allow the victim to get on with his life, that the family of the victim and the victim were not seeking the Defendant's incarceration, that this would save the victim and two other State witnesses from testifying as to the graphic details of sexual encounters with the Defendant with all of the potential psychological impact that such testimony might have on them." (Exhibit D)

(Exhibit G: West Virginia Sex Offender Registration). On that date, plaintiff registered with the State of West Virginia as a sex offender. (Exhibit G). On December 4, 2001, plaintiff signed a West Virginia "Notification of Sex Offender Responsibility." (Exhibit H). Among other things, that notification included the following.

> I understand that I must report to the local detachment of the West Virginia State Police within ten (10) days any change in my registration information....If this is a change of address or residence to another state I understand that I must advise the West Virginia State Police of the new address ten (10) days prior to the move and I must register in that state and comply with the laws of that state.

On January 2, 2003, Plaintiff and the State of West Virginia entered into an "Agreed Order of *Habeas Corpus Ad Subjiciendum*." (Exhibit I). The parties agreed that the records of the Criminal Investigation Bureau and the National Crime Information Center would be changed so that "sodomy" would be removed and the charge would read "crime against nature." (Exhibit I). The parties also agreed that Plaintiff's name will be listed with the West Virginia State Police Sex Offender registry from October 12, 2001 until October 12, 2011. (Exhibit I).

In the fall of 2003, plaintiff moved to Chicago, Illinois and began studies at the Moody Bible Institute Graduate School. (Compl. P. 5, ¶5). On January 30, 2004, the State of West Virginia issued an arrest warrant for plaintiff, alleging that he knowingly provided false information as to his address. (Exhibit J: Warrant for Arrest). On November 2, 2005, the Fugitive Apprehension Task Force of the United State's Marshall's Service served a West Virginia arrest warrant on plaintiff at his "assigned housing" at the Moody Bible Institute in Chicago. (Compl. P. 17-19, ¶8-11). Plaintiff alleges that the following day, West Virginia dropped all charges against Plaintiff, but that the State's Attorney of Cook County charged him with failure to register as a convicted sex offender. (Compl. P. 20, ¶13-14).

The Circuit Court of Cook County set bond at $125,000 "D." (Compl. P. 20, ¶14). Plaintiff's pastor posted bond on December 13, 2005 and plaintiff has been free on bond ever since.

As of June 4, 2007, Plaintiff still had not yet registered in Illinois as a sex offender. On that date, Plaintiff was again arrested for failing to register as a sex offender. (Compl. P. 22, ¶20). However, Plaintiff was not charged and was released from custody within three and a half hours. (Compl. P. 23, ¶21).

### 2.   Plaintiff Has Not Exhausted His State Remedies.

Plaintiff asserts that he has been falsely charged with failing to register as a sex offender because he is not a convicted sex offender. (Compl. P. 6-7, ¶ 7-8). The basis for plaintiff's assertion is apparently the West Virginia habeas corpus order which amended his conviction from "crime against nature (to wit: sodomy)" so that it now reads "crime against nature." Thus, the question becomes whether a conviction for "crime against nature," based on an act of fellatio to a boy under the age of sixteen, constitutes a crime which requires registration as a sex offender in Illinois. This, of course, is the central issue of the litigation pending in the Cook County Circuit Court. Since it is for the Illinois courts, not the federal courts, to interpret Illinois law, *United States ex rel. Burnett v. People of Illinois*, 619 F.2d 668, 671 (7th Cir.), cert. denied, 449 U.S. 880, (1980); *Cramer v. Fahner*, 683 F.2d 1376, 1381 (7th Cir. Ill. 1982), the application of the *Younger* doctrine requires that the issue should be first resolved in Illinois.

Criminal defendants incarcerated by a state awaiting trial may seek a writ of habeas corpus from federal courts. 28 U.S.C. 2241 (c)(3); *United States v. Castor*, 937 F.2d 293, 296-97 (7th Cir. 1991). While these applicants are not subject to the statutory requirement of exhaustion of remedies found in 28 U.S.C. sec. 2254(b) (exhausting state remedies required of "person in

custody pursuant to the judgment of a State court"), federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ. *Baldwin v. Lewis*, 442 F.2d 29, 31-33 (7th Cir. 1971).

Exhaustion should be required here. If a petitioner in state custody in a pre-trial setting challenges the pending charge under §2241, only "special circumstances" can excuse the exhaustion requirement. *Neville v. Kavanagh*, 611 F.2d 673, 675 (7th Cir. 1979). Typically, only claims of double jeopardy, where the constitutional right involves avoiding trial, itself, are allowed in a federal habeas challenge by a pretrial detainee awaiting state criminal proceedings. *Reimnitz v. State's Attorney of Cook County*, 596 F.Supp. 47, 58 (N.D. Ill. 1984).

Plaintiff has presented neither "special circumstances" nor a double jeopardy claim. Therefore, respondent asks this Court to exercise its discretion and dismiss the petition for writ of habeas corpus for failure to exhaust state remedies.

3. **Bond Is Not A Special Circumstance That Would Justify Granting the Writ During The Pendency Of A State Court Prosecution.**

Plaintiff also complains that his bond is excessive and that the State refuses to grant him a bond hearing. (Compl. P. 20, ¶14). However, as this court noted when petitioner appeared before it on December 19, 2007, plaintiff has been released on bond. He was arrested on November 2, 2005. On November 5, 2005, bond was set at $125,000 "D." On December 13, 2005, Plaintiff's pastor posted bond and plaintiff was released. (Compl. ¶10). He has not been incarcerated since December 13, 2005. Moreover, Plaintiff admits in his complaint that on June 30, 2006, and again on April 5, 2007, he was allowed to leave the jurisdiction of Illinois and return to West Virginia. (Compl.¶11).

Conditions of bail bond are not "special circumstances" that would justify granting the writ during the pendency of a State court prosecution. *Neville v. Kavanagh*, 611 F.2d 673, 675 (7th

Cir. 1979); *Reimnitz v. State's Attorney of Cook County*, 596 F.Supp. 47, 58 (N.D. Ill. 1984). In determining whether the bail is "reasonably calculated," the federal courts cannot be expected to conduct a *de novo* bond hearing for every habeas corpus case that comes before it. This would not only further burden the federal court system that now is having difficulty dealing with the increasing number of habeas corpus petitions, but would also represent an unwarranted interference in the operation of the state's criminal justice system. *U.S. ex rel. Garcia v. O'Grady*, 812 f.2d 347, 352 (7th Cir. 1987). Further, the *Garcia* court explained:

In *Mastrian v. Hedman*, 326 F.2d 708 (8th Cir. 1964), a state court set bail at $100,000 for a criminal defendant under indictment for murder. The defendant petitioned the district court for a writ of habeas corpus on the grounds that the amount of bail was excessive and arbitrary. The district court denied the petition and refused to issue the defendant a certificate of probable cause. On appeal, the Eighth Circuit, in affirming the district court's decision, stated:

> There might have been room for a difference in judgment on the amount of bail, but consideration by a federal court could not be asked or given upon that basis.
> A federal court would not be entitled to act in substitution of judgment for that of the state court. What the state court did would have to be beyond the range within which judgments could rationally differ in relation to the apparent elements of the situation. It would have to amount in its effect to legal arbitrariness in the administration of the bail right provided, so as to constitute a violation of due process, or to discriminatoriness in the application of the right as against petitioner, so as to constitute a violation of equal protection.

*Garcia, id.*

Thus, because conditions of bail bond are not a special circumstance justifying issuance of a writ under 2241, it would be appropriate for this Court to exercise its discretion and dismiss the petition for writ of habeas corpus for failure to exhaust state remedies.

**C.      Dismissal of Count II Against the State's Attorney Is Warranted**

9

1. **Plaintiff's §1983 Damage Claim Against the State's Attorney as A State Officer is Barred by the Eleventh Amendment to the United State's Constitution.**

Plaintiff does not specify whether he brings his claims against Richard Devine in his official or individual capacity. The Seventh Circuit has observed that "[a] Section 1983 complaint that fails to specify the capacity in which the defendants are being sued is ordinarily construed to be against them in their official capacity." *Stevens v. Umsted*, 131 F.3d 697, 706 (7th Cir. 1997). There are no allegations contained in Plaintiff's complaint that Richard Devine was acting other than in his official capacity in the prosecution of the criminal matter. Because Plaintiff's claims against the State's Attorney are in reality claims against the Office of the Cook County State's Attorney itself, his claims are barred by the Eleventh Amendment. *See Hernandez v. Joliet Police Department*, 197 F.3d 256, 264-65 (7th Cir. 1999), citing *Garcia v. City of Chicago*, 24 F.3d 966, 969 (7th Cir. 1994), and *Ingemunson v. Hedges*, 133 Ill.2d 364, 549 N.E.2d 1269, 1272 (Ill. 1990).

Official capacity suits for money damages against state officials are barred by the Eleventh Amendment to the United States Constitution, absent wavier by the state or a valid congressional override. *Kroll v. Board of Trustees of the University of Illinois*, 934 F.2d 904, 907-08 (7th Cir. 1991). The Eleventh Amendment also bars federal courts from hearing pendent state claims for damages against state officers who are sued in their official capacities. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 106 (1984). The State's Attorney of Cook County is a State official. *Garcia v. City of Chicago*, 24 F.3d 966, 869; (7th Cir. 1994); *Ingemunson v. Hedges*, 133 Ill. 2d 364, 369 (1990) (holding State's Attorneys are State officials). Richard Devine is entitled to Eleventh Amendment immunity from suit for money damages in this matter. Moreover, to the extent the suit is challenging the official action of a line Assistant State's Attorney, under Illinois law, Assistant State's Attorneys are surrogates for the

State's Attorney, possess authority in the same manner and to same effect as the State's Attorney and, like State's Attorney, are State officials. *McGrath v. Gillis*, 44 F.3d 567, 571 (7th Cir. 1995).

### 2. The State's Attorney has Absolute Prosecutorial Immunity From Suit

Notwithstanding the forgoing, to the extent Plaintiff is attempting to bring a suit against the State's attorney or a particular Assistant State's Attorney in their individual capacity, all of the actions by Assistant State's Attorneys as set forth in the underlying complaint are actions as advocates for the state, and therefore, are protected from suit by the doctrine of absolute prosecutorial immunity. The United States Supreme Court has held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) *See also Spiegel v. Rabinovitz*, 121 F.3d 251 (7th Cir. 1997)(observing that *Imbler* is read broadly in the Seventh Circuit). The *Spiegel* court explained:

> Under Illinois law, the State's Attorney, as a member of the executive branch of government, is vested with the exclusive discretion in the initiation and management of a criminal prosecution. *Hunt [v. Jaglowski]*, 926 F.2d at 692 (citing *People ex rel. Daley v. Moran*, 94 Ill.2d 41, 445 N.E.2d 270, 272, 67 Ill.Dec. 790 (1983). This discretion also encompasses the determination of which charges will be brought. *Id.* (citing *People v. Pankey*, 94 Ill.2d 12, 445 N.E.2d 284, 287, 67 Ill.Dec. 804 (1983).)

121 F.3d at 257.

At issue is the decision to seek a criminal indictment by presentation of certain evidence to the grand jury.(Compl.¶ 16). Activities intimately associated with the judicial phase of the criminal process are functions to which absolute immunity applies. *Imbler*, 424 U.S. at 430. In *Imbler*, the court recognized that "the duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom." *Id.* at 431. It is well settled that prosecutors are absolutely immune from Section

1983 suits for damages relating to their prosecution and presentment of the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). In *Imbler*, the Court held that absolute prosecutorial immunity extends to the knowing use of false testimony and the deliberate suppression of exculpatory evidence. 424 U.S. at 430-31. For purposes of absolute immunity, it is irrelevant whether the protected party acted negligently, with malice or in bad faith. *Bradshaw v. DeGand*, 1992 U.S. Dist LEXIS 911, *4 (N.D. Ill. 1992)(citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)(absolute immunity for judiciary precludes civil actions, even when judge acts in bad faith)). Under Illinois law, the State's Attorney "is vested with the exclusive discretion in the initiation and management of a criminal prosecution." *Spiegel v. Rabinovitz*, 121 F.3d 251, 257 (7th Cir. 1997)(citing *Hunt v. Jaglowski*, 926 F.2d 689, 692 (7th Cir. 1991)). Absolute prosecutorial immunity "shields the prosecutor even if he initiates charges maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F. 2d 1228, 1238 (7th Cir. 1986).

Here, Plaintiff alleges that it was improper for the State's Attorney to refrain from disclosing to the grand jury the fact that the State of West Virginia had modified the language of the 1995 conviction to "remove all references to Sodomy and Criminal Sexual Assault and removed all references to petitioner on the Internet as a convicted sex offender."(Compl. page 11, and 21 ¶16). Even assuming the truth of such an allegation, as we must for purposes of the motion to dismiss, presentation of evidence to the grand jury is precisely the type of prosecutorial action that is protected by absolute immunity and therefore not subject to suit.

D.   Dismissal of Count II Against the Sheriff Is Warranted

1. **Plaintiff's §1983 Damage Claim Against the Sheriff is barred by the Eleventh Amendment to the United State's Constitution.**

Under Illinois law, sheriffs are classified as county, not state officials, and when the sheriff "performs his duties as the principal executive officer or chief law enforcement officer of the county, he acts as a county official and the Eleventh Amendment does not apply." *Richman v. Sheahan*, 270 F.3d 430, 439 (7th Cir. 2001) "However, a county sheriff may act as an arm of the state when performing certain functions. When he does so a suit challenging that conduct is against the state, and the claim for damages may not be brought in federal court." *Id.* citing *Ruehman v. Sheahan*, 34 F.3d 525, 528 (7th Cir 1994).

In this case, like the allegations against the State's Attorney of Cook County, the Plaintiff has named the Sheriff of Cook County only in his official capacity. The challenged actions of the Sheriff are those taken pursuant to the order of the state criminal court. Because the actions are state actions, they are barred under the Eleventh Amendment to the Constitution. See e.g. *Scott v. O'Grady*, 975 F.2d 366, 371(7th Cir. 1992). " The county sheriff acts as an arm of the Illinois state judicial system in executing Writs of Assistance and other state court orders. When fulfilling this statutory duty, the sheriff and his deputies must be deemed state officials for the purposes of Eleventh Amendment immunity." *Id.* Plaintiff's only allegations toward the Sheriff pertain to the fact that a court ordered him remanded to the custody of the Sheriff of Cook County. There is no challenge to the manner or method of the Sheriff's actions. Rather Plaintiff takes issue with the fact that he is still in "custody" because he believes his bail is excessive and cannot leave the State of Illinois. (Compl.¶ 9-12). Thus, the Sheriff is immune from suit as the actions at issue were in his capacity as an extension of the state.

### 2. Plaintiff fails to State a Cause of Action Against the Sheriff

The complaint also fails to state a cause of action upon which relief may be granted against the Sheriff of Cook County. Neither Count I nor Count II seek any direct relief from the Sheriff of

Cook County. To the extent that Plaintiff desires a hearing and reduction of bail, the Sheriff has no authority to grant the Plaintiff such relief. Similarly, in Count II, the only allegations relative to the Sheriff pertain to his official capacity as the elected official who "maintains and operates the Cook County Jail." (Compl. page 15, ¶4). Because neither the request for injunctive relief nor the allegations of wrongdoing address Thomas Dart, Sheriff of Cook County, dismissal is appropriate.

Generally, a defendant must have some direct personal responsibility for the deprivation of a constitutional right for individual liability to attach under § 1983. *Maltby v. Winston*, 36 F.3d 548, 559 (7th Cir. 1994). Moreover a theory of *respondeat superior* cannot be used as a theory of liability under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 691, __ S.Ct__ , __ (1978). The Sheriff has no authority to act in derogation of the court order remanding Plaintiff to the Sheriff's custody. See e.g. *Hernadez v.Sheahan*, 455 F.3d 772 (7th Cir 2006) "There is no basis for an award of damages against executive officials whose policy is to carry out the judges orders." *Id* at 778. Simply put, Plaintiff in this case cannot state a cause of action under section §1983 for the Sheriff's mere detention of the Plaintiff pursuant to order of court. Dismissal of the Sheriff is appropriate based on FRCP12(b)(6) for failure to state a cause of action upon which relief may be granted.

E. **The Section § 1983 and State Law Claims Are Barred By the Two- Year Statute of Limitations**

Plaintiff claims that he was restrained by the State of Illinois on November 5, 2005. (Compl. ¶ 9). His initial pleading which sought relief solely on a writ of habeas corpus, was filed on December 14, 2007. The instant Amended Petition for A Writ of Habeas Corpus and Complaint for Violation of Civil Rights was filed April 19, 2008. Plaintiff purports to bring suit pursuant to 42 U.S.C §1983 for violations of the First, Fourth, Fifth, Ninth, Thirteenth and Fourteenth Amendments to the United States Constitution. He also alleges generally that there are some

pendant state claims for intentional infliction of emotional distress and interference with the pursuit of his education that "may arise." (Compl. Page 17, ¶6).

When a plaintiff pleads facts that establish a statute of limitations defense, a court may find that the plaintiff has pled himself out of court and, accordingly, dismiss the plaintiff's claims. *Tregenza v. Great Am. Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993); *see also Foryoh v. Hannah-Porter*, 428 F. Supp. 2d 816, 819-20 (N.D. Ill. 2006) (Filip, J.). As presented in his Complaint, the alleged facts establish that Plaintiff has pled himself out of this Court.

The § 1983 claims and the state claims are barred by the two-year statute of limitations. In its recent decision in *Wallace v. Kato*, 127 S. Ct. 1091 (2007), the United States Supreme Court addressed the issue of when the statute of limitations commences in the context of Section 1983 claims. It is state, rather than federal law, which dictates the length of the applicable statute of limitations in a Section 1983 action. *Wallace*, 127 S. Ct. at 7. In *Wallace*, as in the instant case, Illinois law provides a two-year statute of limitations for personal-injury torts. *Id.* at 8; *see also* 735 ILCS 5/13-202; *Manley v. City of Chicago*, 236 F.3d 392, 395 (7th Cir. 2001)(§§ 1983 and 1985 governed by two-year statute of limitations). The date of accrual of a Section 1983 claim, however, is determined by federal law. *Lawshe v. Simpson*, 16 F.3d 1475, 1478 (7th Cir. 1994). The *Wallace* Court found that "federal rules conforming in general to common-law tort principles" dictate that § 1983 causes of action accrue when there exists "a complete and present cause of action." 127 S. Ct. at 8-9 (*quoting Bay Area Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). In this case, it is obvious from the allegations in the complaint that more than two years has elapsed between the accrual of any Section 1983 claims for a wrongful arrest, intentional infliction of emotional distress and interference with educational pursuits. Consequently, Plaintiff's §1983 and state claims should be dismissed as untimely pursuant to the statute of limitations.

To the extent Plaintiff wants to allege other constitutional torts, he has failed to identify them in the Amended Petition. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that a government official, acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States. *Brokaw v. Mercer County*, 235 F.3d 1000, 1009 (7th Cir. 2000); *see also Gomez v. Toledo*, 446 U.S. 635, 640, 100 S. Ct. 1920 (1980). "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994)(quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). "The first step in any such claim is to identify the specific constitutional right allegedly infringed." *Graham v. Connor*, 490 U.S. 386, 394 (1989). Plaintiff's only allegations against the County Defendants appear to be barred by the two-year Illinois statute of limitations. Any other constitutional or state claims are not alleged with the specificity required to put the defendants on notice as required by *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 2007 U.S. LEXIS 5901 (May 21, 2007). Bare legal conclusions attached to narrated facts will not suffice to state a claim for which relief may be granted. *Strauss v. City of Chicago*, 760 F.2d 765, 768 (7th Cir. 1985). Thus, plaintiff cannot simply allege that the suit is for violations of his "first, fourth, fifth, ninth, thirteenth and fourteenth amendments to the United States Constitution" and still meet the requirement that a claim for relief must contain sufficient facts to make the claim "plausible on its face." *Twombly*, 127 S. Ct. at 1974. Because the allegations in Plaintiff's complaint regarding any other alleged constitutional tort are vague and unclear, he cannot stave off a motion to dismiss.

F.   **The Younger Abstention Doctrine Should Apply To All Counts**

The gravamen of Plaintiffs federal complaint is his disagreement with the criminal proceeding by the State of Illinois. The County Defendants move for dismissal of the entire

complaint under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 747 (1971). That doctrine is designed to preserve the "institutional autonomy of state judicial processes by limiting attempts by litigants to obtain federal declaratory or injunctive relief on constitutional grounds where such relief may interfere with certain types of ongoing state proceedings in which they are involved, and which provide an adequate opportunity to raise the constitutional claims." *Forty One News, Inc. v. County of Lake*, 491 F.3d 662, 665(7th Cir. 2007).

At issue in this case is the state's enforcement of its criminal code including section 730 ILCS 150/3 which requires sex offenders to register in Illinois within ten days of taking up residence in the state. This is an appropriate case for federal abstention because there is an underlying criminal proceeding, regarding a matter of an important state interest and offers an adequate opportunity for review of constitutional claims.. *Forty One News, Inc. v. County of Lake*, 491 F.3d 662, 667(7th Cir. 2007)("Younger and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances"). *See also, Freeeats.com v. State of Indiana*, 502 F.3d 590, 596 (7th Cir. 2007), The only request for injunctive relief sought by the Plaintiff from the County and State defendants is to have his name removed from the Illinois sex offender registry. (Ex A prayer for relief at page 26). Apparently he also desires a reduction of his bail and/or return to West Virginia. (Ex A ¶ 22). These issues will be resolved with the resolution of the underlying criminal trial.

Furthermore, a hybrid civil rights-habeas corpus suit, like the one here, cannot be brought into the federal court system until the prisoner has exhausted all of his other remedies. *Greene v. Meese*, 875 F.2d 639, 640 (7th Cir. 1989). In *Greene*, the Seventh Circuit affirmed the dismissal

of the federal prisoner's hybrid civil rights-habeas corpus suit because the prisoner had not exhausted his administrative remedies. The court modified the judgment to include that the dismissal was without prejudice. *Id.* Based on the foregoing, the court is urged to apply the *Younger* abstention doctrine and dismiss this complaint as to all County Defendants.

### G. State Law Claims Lack Independent Article III Jurisdiction and Are Subject to the Same Defenses

Plaintiff's general allegations of state law tort claims for intentional infliction of emotional distress and interference with educational pursuits (Compl. page 17 ¶ 6) are subject to dismissal for two more reasons. Under Illinois law, suits seeking monetary damages against state officials or employees may only be brought in the Illinois Court of Claims. *See* 745 ILCS 5/1 (2006)(except as provided in the Court of Claims Act, the State of Illinois shall not be made a defendant or party in any court). The Court of Claims Act provides, in part, that the Court of Claims "shall have exclusive jurisdiction to hear and determine . . . [a]ll claims against the State for damages in cases sounding in tort . . .." 705 ILCS 505/8(d) (2006). Thus, to the extent the state claims against the County Defendants are based on the same fact and allegations in their official capacity they are against the state and barred by the doctrine of sovereign immunity. It is well established that the State's Attorney and his assistants are state, rather than county or local, officials. *See Hoyne v. Danisch*, 264 Ill. 467, 470-72 (1914); *Ingemunson v. Hedges*, 133 Ill. 2d 364, 369 (1990); *McGrath v. Gillis*, 44 F.3d 567, 571 (7th Cir. 1995). The same argument applies to the state claims against the Sheriff. See *e.g. Richman v. Sheahan*, 270 F.3d 430, 441 (7th Cir. 2001) (Dismissal of state law claims against the Sheriff proper:"[D]eputy sheriffs executing orders of the court may be agents of the state for purposes of Illinois sovereign immunity.").

Further, because Plaintiff's state law claims are based on the same factual allegations contained in Plaintiff's §1983 claim, they are subject to the same defenses such as statute of

limitations and absolute prosecutorial immunity. The State's Attorney and/or a line ASA sued in his individual capacity is absolutely immune from the state counts as well as the federal claim. *White v. City of Chicago*, 369 Ill. App. 3d 765, 861 N.E.2d 1083 (1st Dist 2006) (dismissal of state law claims against ASA's for concealing information that would have exonerated plaintiff based on absolute prosecutorial immunity).

In discussing prosecutorial immunity, Illinois courts have mirrored the United States Supreme Court's pronouncement in *Imbler*. In *Generes v. Foreman*, 277 Ill. App. 3d 353 (1st Dist. 1995), for example, the Illinois Appellate Court noted that judicial immunity was well established in Illinois and should not be abrogated "absent clear legislative intent to do so." *Generes*, 277 Ill. App. at 354; *see also* 5 ILCS 50/1 (2006) (adopting the English common law as the law of Illinois and stating that it "shall be considered as of full force until repealed by legislative authority."). In *Weimann v. County of Kane*, 150 Ill. App. 3d 962, 970 (2nd Dist. 1986), which also involved §1983 and state law claims, the Illinois Appellate Court observed, "[t]he law is clear that prosecutors are immune from liability for any activities 'intimately associated with the judicial phase of the criminal process.'" *See also Guider v. Smith*, 99 C 7676 (N.D. Ill. April 21, 2000) (Kocoras, J.)(prosecutors on felony review determining whether to approve charges have absolute immunity from suit under federal law and Illinois law). Dismissal of the state law claims against the County Defendants is warranted at this time.

## CONCLUSION

Dismissal of the County Defendants is appropriate for many reasons. Count I of the instant complaint is not ripe for habeas corpus relief because Plaintiff has not exhausted his state remedies, and these facts to not present "special circumstances" to merit federal intervention. Count II, the civil rights count against both of the State's Attorney and the Sheriff, lacks a valid jurisdictional

basis for damage claims as proscribed by the Eleventh Amendment. Count II is also legally insufficient and devoid of sufficient factual allegations to state a cause of action under § 1983 and would be subject to prosecutorial immunity. Any state tort claims law claims for damages are barred by the statute of limitations for personal injury torts in Illinois and sovereign immunity. Finally, the injunctive relief sought by the Plaintiff pertains directly to the merits of his pending criminal case and the federal abstention doctrine set forth in *Younger v. Harris,* 401 F.3d 662, 665 (7th Cir 2007) directs that action not be taken by this court.

WHEREFORE, the County Defendants respectfully request that this Court dismiss all of the claims against them with prejudice pursuant to Fed.R.Civ.P. 12(b)((1) and 12(b)(6).

Respectfully submitted,

RICHARD A. DEVINE
State's Attorney of Cook County

By: /s/ Maureen O. Hannon
ARDC # 6206983

/s/ Marie Quinlivan Czech
ARDC # 6181285

Patrick T. Driscoll, Jr.
Deputy States Attorney
Chief, Civil Actions Bureau
Marie Quinlivan Czech
Maureen O. Hannon
Assistant State's Attorneys
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-4370

20