# EXHIBIT

# A

IN THE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| RONALD DEWAYNE SMITH | ) | |
| PETITIONER/COMPLAINANT | ) | NO.  07 C 7048 |
| V. | ) | AMENDED PETITION |
| | ) | FOR WRIT OF |
| | ) | HABEAS CORPUS and |
| | ) | COMPLAINT  FOR |
| STATE OF ILLINOIS, a body Politic, | ) | VIOLATIONS OF CIVIL |
| STATE OF WEST VIRGINIA, a body Politic, | ) | RIGHTS |
| LISA MADIGAN, ILLINOIS ATTORNEY | ) | |
| GENERAL, DARRELL MCGRAW, | ) | |
| WEST VIRGINIA ATTORNEY GENERAL, | ) | |
| DEPARTMENT OF POLICE OF THE CITY | ) | |
| OF CHICAGO, a body Politic, JOHN | ) | |
| SALEMME, HERMINIO FLORES, JR. | ) | |
| THOMAS DART, SHERIFF OF COOK | ) | |
| COUNTY, ILLINOIS, RICHARD A. | ) | |
| DEVINE, STATES ATTORNEY, COOK | ) | |
| COUNTY, ILLINOIS, JEFFERSON | ) | |
| COUNTY, WEST VIRGINIA BOARD OF | ) | |

1

EDUCATION, DAVID DIDDEN,              )

GREGORY DIDDEN, MARGARET DIDDEN)

BRAUN HAMSTEAD, and MICHAEL D.    )

THOMPSON, residents of WEST VIRGINIA)              )

     RESPONDENTS/ DEFENDANTS     )

## A.

## INTRODUCTORY STATEMENT

This is an action for a Writ of Habeas Corpus commenced by petitioner

seeking his release from lawless official conduct instigated by West Virginia

personnel reaching out of that State and into the State of Illinois and to take

corrective action against Illinois police and prosecutorial officers to redress

violations of the Constitution of the United States and the Civil Rights acts

for injuries sustained by him. The violations for which petitioner seeks

redress and remedy were initiated by his employer, local West Virginia school

officials acting in combination and agreement with a private family and

citizens leading to false and racially discriminatory accusations of sexual

conduct allegedly "repressed" from 1976 that deprived petitioner of privileges

and immunities afforded by civil rights legislation and the Constitution of the

United States.  Officially admitting its complicity in 2003, lawless West

Virginia officials issued a false warrant to Illinois law enforcement officials

that caused petitioner's arrest in Chicago, Cook County, Illinois in November

2

2005. As a result of West Virginia's lawless conduct, Chicago, Cook County,

Illinois falsely, and in bad faith caused petitioner's subsequent indictment on

alleged violations in Illinois for which state criminal proceedings are pending.

This action is brought for declaratory and injunctive relief including where

appropriate damages, or to implement meaningful procedures to discourage

lawless official conduct in Illinois in violation of the first, fourth, fifth, ninth,

thirteenth and fourteenth amendments to the United States Constitution

providing for the rights of petitioner and all persons within the jurisdiction of

the United States in the exercise of their freedom of speech, movement,

association and assembly and to be secure in their person, to be free from

unreasonable search and seizure, privacy, slavery and deprivations of life,

liberty and property without due process of law and the Civil Rights Act of

1871, providing for the protection of petition and all persons in their civil

rights and the redress of deprivation of rights under color of law.

B

## AMENDED PETITION FOR WRIT OF HABEAS CORPUS and
## COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS


I

## AMENDED PETITION FOR WRIT OF HABEAS CORPUS

TO: THE HONORABLE CHIEF JUDGE AND JUDGES OF THE UNITED

STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF

ILLINOIS, EASTERN DIVISION:

The Petition is initiated and amended pursuant to 28 U.S.C. 2241(c)(3)

and 28 U.S.C. 2242, and upon leave of Court respectfully shows:

1.  RONALD DEWAYNE SMITH (DOB 7/3/55) hereinafter

    sometimes "SMITH" or "petitioner" is a resident of the

    respondent, State of West Virginia.

2.  Petitioner states he is in custody of the respondent, Cook County

    Sheriff, on charges initiated by respondent State of Illinois in

    violation of the Constitution and laws of the United States.

    Petitioner states he was indicted in West Virginia in 1994, for

    an offense that was not known to the law in West Virginia nor

    Illinois, i.e. "crime against nature." West Virginia obtained a

    "conviction" on petitioner's *nolo contendre* that West Virginia

    subsequently agreed did not constitute a conviction entitled to

    the Full Faith and Credit of the United States nor the State of

    Illinois.

3.  The circumstances giving rise to the "extraordinary

    circumstances" of "conviction" relate to the fact that for

    seventeen years Petitioner was a teacher in the State of West

    Virginia until he left for military service.

4

4.      Petitioner was honorably discharged from the United States

Army Reserve, April 12,1990 and returned to the employment

he held in the State's Jefferson Count Public School System. 38

U.S.C. 4312. His employment was denied on the basis of the

felony charge of a crime against nature arising from the

"suppressed" memory of the alleged victim, David Didden. The

State of West Virginia had hired David Didden previously as a

teacher in place of Petitioner, and petitioner on the "repressed"

allegations of sexual conduct subsequently served a sentence of

confinement and required to register only in West Virginia.

5.      Petitioner matriculated to the Moody Bible Institute Graduate

School, Chicago in respondent State of Illinois in the fall of 2003

for educational training pursuant to the benefit provisions of

federal law (38 U.S.C. 3697A).

6.      On November 2, 2005, respondents West Virginia and Illinois

initiated the Fugitive Apprehension Task Force of the United

States Marshall's Service in the Northern District of Illinois (28

U.S.C. 566(c) to apprehend petitioner for extradition to West

Virginia. The Great Lakes Regional Fugitive Task Force

(GLRFTF) took petitioner into custody upon the State of West

Virginia's illegal bench warrant claiming petitioner erroneously

gave a false address and seeking petitioner's extradition which

5

extradition West Virginia subsequently and immediately

declined, November 3, 2005. Copy of Arrest Warrant Attached.

7.   Nonetheless upon declination of extradition, Respondent City of

Chicago, Department of Police, specially deputized by the

Northern District U.S. Marshall then charged petitioner with

violation of 730 ILCS 150 Section 3(a)(1) failing to register as a

sex offender residing in the City of Chicago within 10 days.  By

West Virginia law, petitioner is not a  "sex offender" as defined

by Illinois statute, and the alleged West Virginia "conviction" is

not a judgment entitled to enforcement pursuant to the United

States Constitution's Full Faith and Credit clause.  Article IV,

Section 1, since West Virginia modified the judgment to remove

the alleged conviction and petitioner's status as a "sex offender"

as defined by Illinois statute.  Modified Judgment entered

January 2, 2003 Attached.

8.   A Cook County Grand Jury compliantly returned a True Bill

accusing petitioner upon alleged statements, an accusatory

pleading on which the State of Illinois illegally restrains

petitioner for conduct that is not an offense against the criminal

laws of Illinois. The True Bill is fatally flawed because it fails to

disclose the modification of the "conviction" made by the State of

West Virginia and fails to show and cannot show that petitioner
is a "sex offender" as defined by Illinois statute.

9.    On November 5, 2005, respondent State of Illinois restrained
petitioner though charged on a bailable offense (725 ILCS 5/110-
4(a), and denied him his liberty without the required statutory
hearing and in violation of 725 ILCS 5/110-4(a) and 725 ILCS
5/110-5.    Without the required hearing and evidence the State
of Illinois violates petitioner's Eighth Amendment to the United
States Constitution and has set excessive bail in the amount of
$125,000.00, and over petitioner's repeated demand for an
evidentiary hearing as required by statute continues its denial
and restraint of Petitioner's liberty.   725 IlCS 5/110-6 (a).

10.   On December 13, 2005, petitioner's pastor, Derrick Todd Baker,
a resident of the Respondent State of West Virginia flew to
Chicago and posted $125,000 in cash for petitioner to obtain
release from Cook County jail.   Since, December 13, 2005,
SMITH has petitioned the State of Illinois repeatedly for a
hearing and modification of the $125,000 cash bond.  725 ILCS
5/110-6(a).   Petitioner appealed and respondent State of Illinois
fails and continues to refuse to grant petitioner a statutory
hearing relevant to the constitutional issues of bail.

7

11.    From November 5, 2005 to and including December 7, 2007, the

State of Illinois allowed petitioner to leave Illinois and to travel

to West Virginia only on two occasions and upon strict

conditions that petitioner obeyed without exception.

Nonetheless and since April 2007, the State of Illinois denies

and refuses to enable petitioner to visit his residential domicile

Martinsburg, West Virginia. State of Illinois further bars

petitioner from traveling to West Virginia and returning to

Illinois in order to preach and teach the Word of God for which

he is trained and for which Pastor Derrick Todd Baker and the

elders of his congregation repeatedly seek his services.

12.    Petitioner's initiates this petition upon undisputed facts showing

he is in the custody of the State of Illinois in violation of the

United States Constitution and in violation of numerous federal

and Civil Rights Acts

(a) Violation constitutional and statutory Civil Rights to

be free of wrongful arrest by State of Illinois upon a

false West Virginia warrant seeking extradition that

West Virginia immediately abandoned.

(b) Detention, upon excessive bail, placed and held in

custody upon an excessive bail of $125,000 cash bond

8

and denial of a hearing to determine amount and
conditions of bail.

(c) Illinois' publication of petitioner as a "non
compliant" Illinois sex offender though not a West
Virginia "Sex Offender",

(d) Indictment on the basis of the West Virginia
"conviction", without informing the Grand Jury the
"conviction" was modified by West Virginia January
2, 2003.

(e) Denial of a hearing to reduce or modify the terms of
the cash bond, with repeated, unreasonable and "bad
faith" denials of permission to leave and to return to
Illinois are and continue as violations under the
Constitution (unlawful and unreasonable bail) under
color of federal law and under state law in violation
of 42 U.S.C. Section 1983.

(f) Freedom from Arrest while in Illinois to complete a
Ministerial Degree funded by Federal Statute upon
a false arrest warrant initiated by West Virginia
contrary to West Virginia Court Order entered
January 2, 2003 (Warrant is facially false and bears
no resemblance to the truth of the facts and

9

circumstances that bring Petitioner to this federal

court.)

(g) "Extraordinary circumstances" and repeated arrests

at request of State's Attorney to harass and punish

Petitioner in the exercise of his right to plead not

guilty and require State to meet its burden of

proving a violation of Illinois law beyond a

reasonable doubt.

13.   Acting upon erroneous facts presented to the Grand Jury,

Respondent Richard A. Devine caused the November 2005

Grand Jury to return a true bill indicting Petitioner November

29, 2005 without disclosure to the grand jurors that the alleged

"conviction" was altered and modified January 2, 2003 to nullify

the alleged "West Virginia conviction."

14.   The supposed offense charged against petitioner is not an

offense against the criminal laws of the State of Illinois since it

must appear affirmatively from the complaint that petitioner is

a convicted sex offender in respondent State of West Virginia,

required to register outside the State of West Virginia, i.e. in

respondent State of Illinois.  West Virginia agreed January 2,

2003, petitioner was not a "sex offender" in West Virginia and

that no enforcement was allowed outside of West Virginia.

10

15.    The supposed West Virginia offense is one count of a violation of
       Crime Against Nature for which there was no statute in
       respondent West Virginia nor respondent Illinois in 1976
       therefore petitioner is not and cannot be convicted as a State of
       Illinois "sex offender" that by statute must register in Illinois.
       Petitioner became "convicted" upon the Rule of Evidence *nolo
       contendere.*" The *nolo contendere* conviction from the State of
       West Virginia violates the Full Faith and Credit provision of the
       United States Constitution and the State of Illinois is not
       entitled to its use, as there is no factual predicate for the alleged
       offense outside of the West Virginia proceedings.

16.    Petitioner's West Virginia "conviction" was entered August 1,
       1995.  On January 2, 2003, respondent West Virginia agreed to
       correct petitioner's criminal record removing all references to
       Sodomy and Criminal Sexual Assault and removed all reference
       to petitioner on the Internet as a convicted sex offender.
       Without substantive evidence State of Illinois lists petitioner as
       a "non-compliant sex offender" being convicted of criminal
       sexual assault which is a knowingly false entry made to injure
       the civil rights of petitioner in violation of 42 U.S.C. 1983.

17.    On March 22, 2007, after hearing and argument respondent
       State of Illinois denied petitioner's Motion to Dismiss the

11

indictment as failing to state an offense and found West Virginia had no right to absolve petitioner as a "convicted" sex offender in Illinois and requires petitioner to return to West Virginia to present his claims there.

18.   Petitioner has exhausted all available corrective process available in Illinois courts prior to conviction upon the States record from West Virginia that fails to state an offense and for which there is no remedy in Illinois, without allowing the State of Illinois to enter judgment in violation of the U.S. Constitution that finds Petitioner Guilty upon a supposed charge of failing to register as a "sex offender" and to enter a judgment of conviction thereon.

19.   Petitioner has no effective available procedure to raise the question presented in Illinois since Illinois itself has no judicial power to adjudicate the merits of West Virginia's proceedings other than to ignore such proceedings and this upon the "extraordinary circumstances" of this proceeding the Circuit Court of Cook County refuses to do.

WHEREFORE, petitioner requests that a writ of habeas corpus issue to the State of Illinois commanding respondents State of Illinois, Thomas Dart, Sheriff of Cook County and Richard A. Devine, State's Attorney of Cook County to produce petitioner's custody before the

court to be dealt with according to law, and for all and such other and

further relief as permitted according to law, including if this Honorable

Court determines the transfer of this Petition to the United States

District Court in West Virginia, or such other and further relief as in

the premises is just and proper and in the furtherance of justice.

RONALD DE WAYNE SMITH, PETITIONER

s/ Richard C. Moenning

BY: _____
        RICHARD C. MOENNING, LAWYER

V E R I F I C A T I O N

RONALD DE WAYNE SMITH, PETITIONER and

COMPLAINANT being duly sworn on his oath, deposes, verifies, and

states he has read the foregoing Petition For Writ of Habeas Corpus,

knows the facts therein stated and that the same are true, and that as

to any matter stated upon information and belief he states that upon

personal investigation he believes the same to be true.

_____

SIGNED AND SWORN TO BEFORE ME

THIS _____DAY OF APRIL 2008.

_____

13

NOTARY PUBLIC

## II

## COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS

## A.

## CIVIL RIGHTS VIOLATED BY STATE OF ILLINOIS and LISA MADIGAN, as ATTORNEY GENERAL OF ILLINOIS; and RICHARD A. DEVINE, STATES ATTORNEY, COOK COUNTY, ILLINOIS, JOHN SALEMME and HERMINIO FLORES, JR. and DEPARTMENT OF POLICE OF THE CITY OF CHICAGO

### PARTIES, JURISDICTION, AND VENUE

1.     RONALD DEWAYNE SMITH, herein complainant, plaintiff or Smith is now, and at all times relevant to this complaint was, a resident of the City of Martinsburg, Berkeley County, West Virginia.

2.     STATE OF ILLINOIS, is a body politic, that at all times relevant to this complaint is comprised in part of the City of Chicago, the County of Cook, and is situated within the Northern District of Illinois. LISA MADIGAN, a defendant at all times relevant to this

14

complaint, elected by the people of Illinois is the primary law

enforcement officer of the STATE OF ILLINOIS and has the power

and authority to hire, train, and discipline various law enforcement

persons including without limitation persons assigned to the Fugitive

Apprehension Task Force of the United States Marshall's Service in

the Northern District of Illinois created to apprehend persons that may

be fugitives from a state other than Illinois.

3.      DEPARTMENT OF POLICE OF THE CITY OF

CHICAGO, is a body politic, that at all times relevant to this

complaint, employs certain police officers that it trains and disciplines

as law enforcement officers to enforce the laws and ordinances of the

City of Chicago, and the State of Illinois, to serve and protect citizens

of the United States lawfully in the State of Illinois, according to the

Constitution of the United States and amendments thereto.   From

time to time, various Chicago police officers are assigned to the

Fugitive Apprehension Task Force of the United States Marshall's

Service in the Northern District of Illinois to apprehend persons that

may be fugitives from a state other than Illinois.

4.      THOMAS DART, SHERIFF OF COOK COUNTY,

ILLINOIS is the Chief Law Enforcement officer of Cook County,

Illinois and maintains and operates the Cook County Jail.  This

defendant employs, trains, and disciplines law enforcement personnel

15

who receive persons charged with criminal offenses from the City of Chicago and State of Illinois.

5.    The STATE OF ILLINOIS and the DEPARTMENT OF POLICE OF THE CITY OF CHICAGO at all times relevant to this complaint employed certain police officers, whose names and identities are unknown to plaintiff at this time and who are referred to in this complaint. Each of the individually named defendants is sued individually and in their official capacities which at all relevant times in this complaint consisted of special assigned duties with the Fugitive Apprehension Task Force of the United States Marshall's Service in the Northern District of Illinois. Plaintiff states each of the individually named police and law enforcement officers was at all times relevant to this complaint acting under color of state law and on behalf of the defendants DEPARTMENT OF POLICE OF THE CITY OF CHICAGO, and STATE OF ILLINOIS.

6.    This action is brought pursuant to the Constitution of the United States and the first, fourth, fifth, ninth, thirteenth and fourteenth amendments to the United States Constitution providing for the rights of all persons within the jurisdiction of the United states to enjoy freedom of speech, movement, association and assembly, to petition their governments for redress of their grievances, be secure in their persons, to be free from unreasonable searches and seizures, to

16

enjoy privacy, to be free from slavery and deprivations of life, liberty
and property without due process of law, and the Civil Rights Act of
1871, 42 U.S.C. A. Section 1983 and 42 U.S.C.A. Section 1988,
providing for the protection of all persons in their civil rights and the
redress of deprivation of rights under color of law.   Jurisdiction is
founded upon 28 U.S.C.A. Section 1331 and 28 U.S.C. Section 1343.
Pendant and supplemental jurisdiction is invoked for this Court to
decide claims that may arise under state laws of Illinois.  Plaintiff's
complaint of intentional infliction of emotional distress and
interference with educational pursuits is timely filed herein pursuant
to the Illinois Statute of Limitations and this limitation is also
applicable to his claims under the Civil Rights Act of 1871.

    7.    Venue is properly brought in the Northern District of
Illinois, pursuant to 28 U.S.C.A. Section 1391 (b).

### FACTUAL ALLEGATIONS

    8.    On November 2, 2005, plaintiff, the President of his Class
was completing a Masters of Divinity degree at the Moody Bible
Institute in Chicago while commuting back and forth to West Virginia.
At about 7:45 a.m. plaintiff was studying in assigned housing in the
City of Chicago and received a telephone call from the Institute's
public safety office to come to their office to discuss a matter of
importance.  Plaintiff advised public safety he was recuperating from

17

recent hospital treatment for a recurring deep, multiple vein
thrombosis injury and agreed with public safety that he would come a
little later.

     9.     Within 10 minutes plaintiff responded to a knock on the
door and confronted three individuals who burst into his student
housing, handcuffed plaintiff and demanded he answer their questions
without informing him and showing him the alleged West Virginia
warrant, previously made a part of the Amended Petition for Habeas
Corpus and failed to advise him their identities or provide him any
warning of his constitutional rights.

     10.     The custodial interrogation continued with threats to
answer questions if plaintiff wanted to continue going to school. Smith
asked for an explanation and given no response, the federal marshals
and public safety officer demanded to know what happened in West
Virginia. Plaintiff informed his interrogators another student was in
the apartment, and who after the interrogators spoke to him continued
vague questions omitting dates, times, or places. The interrogators
rebuffed plaintiff's third request for an explanation. At about 8:10 or
8:15 a.m. the interrogators arrested plaintiff and when he inquired of
the charge, the interrogators stated that plaintiff knew. Plaintiff was
removed from student housing, paraded past other students, dressed
only in his shorts and slippers. The assigned marshals placed plaintiff

in a vehicle and shackled to the floorboard. When advised of his leg injury, the interrogators in total indifference stated that was not their concern.

11.    Plaintiff was taken to a Chicago Police place of detention, set upon a stool, handcuffed to a rail and unlawfully detained. Interrogation commenced again and continued with still no warning of plaintiff's constitutional rights and no response to what his arrest was about. While the interrogators experienced a great deal of difficulty, as they could recover no information from their computer sources, plaintiff was insulted and humiliated but remained calm. The interrogators even insinuated plaintiff's name and other identification was false or misleading since they could find no conviction or other evidence of a crime establishing probable cause for further detention or a decision not to release plaintiff from custody.

12.    Plaintiff is informed and believes, and on the basis of such information and belief states that defendants burst into his student housing without probable, shackled him, interrogated him, and otherwise invaded his privacy solely on the basis of plaintiff's race and color without minimally inquiring of the "good faith" basis for the alleged West Virginia arrest warrant.

13.    Plaintiff was allowed to go to the bathroom after 3 or 4 hours, then fingerprinted and photographed. Defendants took

19

plaintiff's eyeglasses though advised plaintiff was subject to severe
headaches. Plaintiff received no food until late in the evening. At the
close of the day, plaintiff knew nothing about his arrest except what he
learned from over hearing the law enforcement officers' discussions
that the alleged West Virginia arrests warrant was invalid. The
following day West Virginia dropped all charges contained in the
alleged bench warrant and cancelled its extradition request.

14.    Following this extended day long ordeal, and without
reasonable suspicion that a crime had been committed or was being
committed or probable cause that any crime had been committed
plaintiff was taken to Cook County jail charged with failure to register
by the City of Chicago as a "convicted sex offender" in violation of 730
ILCS 150 Section 3(a)(1). Taken before the Circuit Court of Cook
County and without representation plaintiff was incarcerated to await
charges on an excessive bond of $125,000.00 that was beyond
plaintiff's means, so that he was unable to effect his release from
confinement to continue his education at the Moody Bible Institute.

15.    The Moody Bible Institute arranged for counsel to visit
and provide legal assistance to plaintiff. Communications by counsel
for plaintiff with Richard A. Devine, States Attorney of Cook County
included delivery of the State of West Virginia's modified judgment
and the alleged "sex offender conviction" and plaintiff's status as a

20

"convicted sex offender" previously made a part of the Amended
Petition for Writ of Habeas Corpus.

16.    Without presenting such information of the amended
judgment to the Cook County Grand Jury defendant Richard A. Devine
in his official capacity as State's Attorney for Cook County
subsequently in December 2005 obtained a True Bill falsely charging
plaintiff with residing in Cook County and failing to register as a
convicted sex offender.  Rejecting all demands of Richard A. Devine to
plead guilty and receive probation, plaintiff pleaded not guilty and
commenced what has now become a two year battle for dismissal of the
false charges and what is worse, freedom from a false conviction of an
offense involving sex.

17.    While maintaining his innocence, plaintiff has frequently
and often sought permission of the Circuit Court of Cook County to
travel home to West Virginia and to return to STATE OF ILLINOIS.
The stated purpose of such travel has been to see family, to attend the
funeral of his aunt, and to participate and assist clergy in the services
of his church. Refused leave to travel in April 2007, plaintiff appealed
to the Illinois Appellate Court and on objection of the Office of the
States Attorney the appeal was denied.

18.    Additionally, the State of Illinois maintains through its
State Police an official central registry of perpetrators of sex offenses.

21

The Moody Bible Institute after the State's allegations involving

plaintiff reviewed entries contained in this central registry finding no

entries involving plaintiff in West Virginia but, was surprised to find

an entry stating plaintiff was an Illinois "non compliant" sex offender.

The STATE OF ILLINOIS placed plaintiff's name on its registry

without prior notice to plaintiff, a conviction and without an

opportunity to be heard. Awaiting trial on its false charges, plaintiff is

unable to gain employment or live in the community and has no other

sources of income.

19.    Upon his arrest and indictment, plaintiff met with the

Moody Bible Institute's educational administration to answer their

questions and satisfy the administration there had been no absolutely

no factual or legal basis within his knowledge for his arrest and

detention and that he ought to be allowed to complete his educational

requirements for May 2006 graduation.  Plaintiff also addressed the

student body at the Moody Bible Institute before he was graduated

with honors in May 2006.

20.    On June 4,  2007, while attending a required Court

appearance, on orders of Jenni Scheck, an Assistant States Attorney

given Sunday evening, June 3, 2007, plaintiff was arrested for failure

to register as a convicted sex offender and hustled down the back stairs

of the Criminal Courts Building at 26th and California.  When plaintiff

22

inquired the reason for his arrest, the same named police officers told
plaintiff that he knew the reason for his arrest and that they were only
following the orders of the States Attorney.

21.     The plaintiff's continuing bad health situation (multiple
deep vein thrombosis) became inflamed again as plaintiff, 73 inches
tall, was forced to sit behind the driver's seat. On arrival at District 10
police station plaintiff again was handcuffed to a rail and interrogated
without any admonition or other warning of his Constitutional rights
to remain silent. Plaintiff was interrogated about his height, weight,
and addresses and was told he was not cooperating when he asked to
speak to his lawyer. Plaintiff remained handcuffed for another three
(3) and one half (1/2) hours until the officers asked the States Attorney
to release plaintiff.

22.     By reason of the foregoing facts defendants deprived
plaintiff of his Constitutional and statutory rights:

a.     to be informed of the nature and cause of his reckless and
unprofessional arrest by defendants in student housing,

b.     to be informed of the accusation contained in the West
Virginia warrant asserted against him prior to its withdrawal and
dismissal,

c.     the humiliating parading without adequate clothing out
of the student dormitory in front of other members of the student body,

23

      d.     the intentional infliction of severe emotional distress arising from his illegal arrest and detention even after West Virginia dropped its charges and withdrew its request for extradition, including without limitation subjecting plaintiff out of personal frustration to irrelevant, hostile, and harassing questioning, done intentionally, wantonly, willfully, maliciously, and wrongfully, and with such extreme and outrageous character as to cause plaintiff extreme emotional distress in violation of Illinois statutes, law, and regulation (e.g. Illinois Human Rights Act.)

      e.     his day long interrogation without food or clothing and removal of his eye glasses even after it became apparent plaintiff had no record of criminal conduct in West Virginia to warrant a Chicago arrest for failing to register as a "convicted sex offender",

      f.     the unreasonable detention, imposition of excessive bail without an adequate factual hearing required by statute in like cases,

      g.     the posting of plaintiff's picture and personal information on a central list maintained by the Illinois State Police without prior notice, conviction, or opportunity to a hearing

      g.     the repeated arrest of plaintiff while consulting with his lawyer in the Criminal Courts Building,

      h.     the interruption of his presence and activities in class at the Moody Bible Institute

     i.     the imposition of "excessive bail" without probable cause and without representation preventing and separating plaintiff from his elderly mother, family, friends, elders and professional associates in his home state of West Virginia,

     j.     plaintiff's ignominious subjections to emotional injury, loss of liberty and freedom and deprivation of personal property, and

     k.     imposing actual impediments to plaintiff's gainful employment by causing plaintiff to remain in the STATE OF ILLINOIS so that he cannot return to his home and to serve and practice as a teaching minister of GOD's word, and forcing plaintiff to retain and pay the expenses, costs, and services of legal services to defendant and to protect his liberty and freedom under the Constitution of the United States, amendments thereto, and the Civil Rights Act.

     23.    Defendants the STATE OF ILLINOIS, the DEPARTMENT OF POLICE of the CITY OF CHICAGO have and continue to violate plaintiff's civil rights and liberties by their failure to examine and find a rational basis for plaintiff's arrest, their failure to train, supervise and discipline police officers to stop abusive police "tactics" and the intentional inflictions of sever emotional distress, injury to pre-existing medical conditions, and discomfort to citizens upon arrest, during interrogation, and the failure to accord due process

of law to citizens prior to, without conviction, or other hearing and the posting of names, address, and photos of persons among those guilty of sex offenses. Defendants' actions amount to the deliberate indifference to the rights of persons with whom the defendant police and the other police authorities named defendants in this case come into contact, including plaintiff.

24.    The deficiency in the training, supervision, and disciplining of defendant police officers including the named defendants was an actual cause of the constitutional deprivations and injuries suffered by plaintiff. Further, defendants' deficiencies represent a deliberate indifference on the part of defendants to the rights of Afro-American citizens.


## PRAYER FOR RELIEF


1.    Plaintiff hereby Demands Trial by Jury and damages in the amount of $90,000.00;

2.    Equitable and injunctive relief removing his personal information and photograph from the Illinois Registry of Sex Offenders;

3.    Punitive damages in such amount as will sufficiently punish defendants for their willful and malicious conduct and as will

26

serve as an example to prevent a repetition of such conduct in the future;

4.    A reasonable attorney fee pursuant to 42 U.S.C.A. Section 1988, along with costs and disbursements incurred in this action, and

5.    Such other and further relief as the court deems just and appropriate.

<u>B.</u>

<u>CIVIL RIGHTS VIOLATED BY STATE OF WEST VIRGINIA and</u>

<u>DARRELL MCGRAW, as ATTORNEY GENERAL OF WEST</u>

<u>VIRGINIA, THE JEFFERSON COUNTY BOARD OF EDUCATION,</u>

<u>*DAVID DIDDEN, GREGORY DIDDEN, AND MARGARET DIDDEN,*</u>

<u>BRAUN HAMSTEAD, AND MICHAEL D. THOMPSON</u>

**PARTIES, JURISDICTION, AND VENUE**

1.    RONALD DEWAYNE SMITH, herein complainant,
      plaintiff, or Smith is now, and at all times relevant to this
      complaint was, a resident of the City of Martinsburg,
      Berkeley County, West Virginia.

2.    JEFFERSON COUNTY, WEST VIRGINIA, BOARD OF
      EDUCATION, hereinafter defendant Board, is now, and
      at all times relevant to this complaint is a lawfully and
      duly organized public educational government entity,

27

with the power to hire, discipline, and fire teachers,
teaching associates, and administrators.  Defendant
Board hired plaintiff in 1978 but he left for military
service in 1983 and returned in 1986.  Plaintiff was
discharged from the United States Army Reserve, April
12, 1990.

3.    DAVID DIDDEN, an individually named defendant, born
April 19, 1966, was at all relevant times stated in this
complaint a resident of SHEPERDSTOWN, WEST
VIRGINIA.  Defendant DIDDEN at all relevant times
mentioned in this complaint was a graduate of the United
States Air Force Academy, the son of defendants
GREGORY DIDDEN and MARGARET DIDDEN, and
employed by the defendant Board.

4.    BRAUN HAMSTEAD and MICHAEL D. THOMPSON,
individuals are each at all relevant times stated in this
complaint met with and are possessed of knowledge
regarding defendant DIDDEN and plaintiff, including
without limitation the actual charges and complaints
resulting in the prosecution of plaintiff by STATE OF
WEST VIRGINIA through the Jefferson County Circuit
Court.

28

5.    This action is brought pursuant to the Constitution of the

United States and the first, fourth, fifth, ninth, thirteenth

and fourteenth amendments to the United States

Constitution providing for the rights of all persons within

the jurisdiction of the United states to enjoy freedom of

speech, movement, association and assembly, to petition

their governments for redress of their grievances, be

secure in their persons, to be free from unreasonable

searches and seizures, to enjoy privacy, to be free from

slavery and deprivations of life, liberty and property

without due process of law, and the Civil Rights Act of

1871, 42 U.S.C. A. Sections, 1981, 1983, 1985(3), 1986

and 42 U.S.C.A. Section 1988, providing for the protection

of all persons in their civil rights and the redress of

deprivation of rights under color of law.   Jurisdiction is

founded upon 28 U.S.C.A. Section 1331 and 28 U.S.C.

Section 1343..  Plaintiff's complaint of intentional

interference with rights to employment upon completion

of military service, infliction of emotional distress and

interference with educational pursuits is timely filed

herein pursuant to the Illinois Statute of Limitations and

29

this limitations is also applicable to his claims under the

Civil Rights Act of 1871.

6.   Venue is properly brought in the Northern District of

Illinois, pursuant to 28 U.S.C.A. Section 1391 (b).

## FACTUAL ALLEGATIONS

7.   Following graduation from Shepherdtown College, in

1977, plaintiff taught school in Jefferson County, West

Virginia and employed by the Jefferson County, West

Virginia Board of Education.  Plaintiff entered military

service in the United States Army Reserve in 1983 and

served until 1986 when he returned to claim his former

employment with defendant BOARD.

8.   Defendant DIDDEN, a resident of Shepherdstown, West

Virginia, was graduated from the United States Air Force

Academy in 1988 and accepted a grant to the University

of Virginia.  In 1989, fearful of military assignment in the

Middle East, defendant DIDDEN shirked his military

obligation and commenced substitute teaching in

Jefferson County, West Virginia, hired by defendant

BOARD.

9.   In 1992, defendant DIDDEN, addicted to drugs and

alcohol sought a general discharge from his military

30

obligation stating that such addictions were the result of

early childhood child abuse.  DIDDEN filed a criminal

misdemeanor charge-accusing plaintiff.  A subsequent

felony indictment (92 F 195) was also dismissed.

10.    Defendants BOARD, HAMSTEAD, and THOMPSON,

commenced and continued and did combine and conspire

to deprive plaintiff of the privileges and immunities of his

employment pursuant to federal statute protecting

returning service personnel and a second criminal

indictment (94 F 40) was filed now charging plaintiff with

six offenses of sodomy (crimes against nature) sometime

between the time of December 1975 and April 1976 (dates

of offense omitted). Prior to this indictment, HAMSTEAD,

an employee of the defendant BOARD initiated Board

charges requiring plaintiff to elect when and where to

defend himself.   Plaintiff acting under the stress of

circumstances and fearful of harm to his family agreed to

submit his resignation from defendant Board effective

February 1993.

11.    Defendants continued the conspiracy throughout 1993

and 1994 and then on or about February 28, 1995,

defendant THOMPSON obtained plaintiff's binding

31

agreement of *nolo contendre* on a single count of the
indictment with Defendant STATE OF WEST VIRGINIA.
Plaintiff, as agreed, said nothing and admitted nothing.

12.    The Circuit Court of Jefferson County accepted plaintiff's
       *nolo contendre* but not the agreed three years of probation
       under the usual terms of probation and demanded a pre-
       sentence report. Plaintiff sought to withdraw from the
       agreement but THOMPSON refused and plaintiff's legal
       counsel refused to help and asked to withdraw their
       appearances.

13.    On July 7, 1995, THOMPSON acting upon the testimony
       of DIDDEN, his father, GREGORY, and HAMSTEAD
       urged the court to deny plaintiff's request and plaintiff
       was sentenced to 1 to 10 years suspended to 3 years of
       probation not under the usual terms but with additional
       terms to bar plaintiff from any future employment by
       defendant BOARD, or any board at all.

14.    STATE OF WEST VIRGINIA demanded through its
       probation officer plaintiff "admit" the offense of sodomy
       (crime against nature) following plaintiff's attendance at a
       church camp in Maryland and for allegedly violating one

32

of the additional terms and conditions imposed upon

plaintiff by the testimony of HOMSTEAD and DIDDEN.

15.   Plaintiff was incarcerated January 6, 1997 and denied

effective assistance of counsel until April 25, 2000 when

plaintiff commenced a Writ of Habeas Corpus.

16.   Plaintiff obtained appointed counsel and on May 24, 2002,

the Circuit Court of Jefferson County, West Virginia

began undoing the THOMPSON, DIDDEN, and

HAMSTEAD conspiracy depriving plaintiff of his

Constitutional rights to be free of unlawful prosecution, to

have legal assistance where plaintiff cannot afford

payment, to know the charges against which he must

defend, to confront his accusers, to associate and assemble

with and at Christian Camps, and to be free of the

deprivation of his liberty and freedom based upon false

drug addicted accusations ranging from misdemeanor to

felonies without knowledge of the particulars limiting his

ability to defend himself.

17.   On January 2, 2003, THOMPSON agreed with plaintiff to

errors in the indictment and proceedings and promised on

behalf of STATE OF WEST VIRGINIA that while plaintiff

must continue to register in WEST VIRGINIA, all reports

33

of criminal charges and records thereof would be reduced
or limited in scope, and conviction would be removed from
plaintiff's history. THOMPSON particularly promised
STATE OF WEST VIRGINIA would not publish nor seek
enforcement of any sanction outside of STATE OF WEST
VIRGINIA.

18.   On November 2, 2005, WEST VIRGINIA, and
THOMPSON broke their agreement by reaching outside
of WEST VIRGINIA, across state boundaries and into the
STATE OF ILLINOIS to violate plaintiff's constitutional
rights and the Civil Rights Act of 1871.

19.   By reason of its actions plaintiff has sustained legal and
equitable damage for which this complaint is amended
and he is entitled to relief as follows:

a.  Legal damages to compensate plaintiff for loss of
income due to the defendant BOARD's refusal to honor
federal law and to protect plaintiff's employment and
the privileges and immunities thereof; and the need to
defend himself against STATE OF ILLINOIS charges;

b.  Equitable and Injunctive Relief to cause STATE OF
WEST VIRGINIA to cease and desist prosecution of

plaintiff when and where he is least able to defend

himself including WEST VIRGINIA and on his return

c. Punitive damages that the individual defendants may

be discouraged from repetition of their wrongful acts,

d. Costs of these proceedings, expenses and a reasonable

legal fee.

RONALD DEWAYNE SMITH,

PLAINTIFF


s/

BY_RICHARD C. MOENNING, HIS LAWYER


RICHARD C. MOENNING

70 West Madison Street   Suite 1400

Chicago, Illinois 60602

312-263-0062

# EXHIBIT

# B

## STATE OF WEST VIRGINIA
## VERSUS

RONALD D. SMITH

## INDICTMENT

**For a** *felonies:*
COUNTS I THROUGH VI – CRIME AGAINST NATURE.

_____ No. _____

## A TRUE BILL

Wm C_____

Foreman of the Grand Jury

Attest:

Prosecuting Attorney of Jefferson
County, West Virginia

2

**State of West Virginia, County of Jefferson, to-wit:**

---

**IN THE CIRCUIT COURT OF SAID COUNTY:**

**The Grand Jurors of the State of West Virginia, in and for the body of the County of Jefferson, upon their oaths present that**

COUNT I
Crime Against Nature
W. Va. Code §61-8-13

RONALD D. SMITH on or about the _____ day of April, 1976, in the County of Jefferson, State of West Virginia, committed the offense of a CRIME AGAINST NATURE (to-wit: SODOMY), in that the said RONALD D. SMITH did then and there unlawfully and feloniously carnally know a male person, to-wit: David Didden, by and with the mouth, to-wit: the said RONALD D. SMITH placed the penis of David Didden inside RONALD D. SMITH'S mouth, David Didden being then a child under sixteen years of age, against the peace and dignity of the State of West Virginia in violation of West Virginia Code §61-8-13 as amended then in effect.

2

COUNT II
Crime Against Nature
W. Va. Code §61-8-13

That RONALD D. SMITH on or about the ____ day of April, 1976, in the County of Jefferson, State of West Virginia, committed the offense of a CRIME AGAINST NATURE (to-wit: SODOMY) in that the said RONALD D. SMITH did then and there unlawfully and feloniously carnally know a male person, to-wit: David Didden by and with the mouth, to-wit: the said RONALD D. SMITH placed his penis inside the mouth of David Didden and David Didden being then a child under sixteen years of age, against the peace and dignity of the State of West Virginia in violation of West Virginia Code §61-8-13 as amended then in effect.

3

COUNT III
Crime Against Nature
<u>W. Va. Code</u> §61-8-13

That RONALD D. SMITH from on or about the _____ day of December, 1975 through the ___ day of April, 1976, in the County of Jefferson, State of West Virginia, committed the offense of a CRIME AGAINST NATURE (to-wit: SODOMY) in that the said RONALD D. SMITH did then and there unlawfully and feloniously carnally know a male person, to-wit: David Didden by and with the mouth, to-wit: the said RONALD D. SMITH  placed his penis inside the mouth of David Didden, the said David Didden being then a child under sixteen years of age, against the peace and dignity of the State of West Virginia in violation of <u>West Virginia Code</u> §61-8-13 as amended then in effect.

*4*

COUNT IV
Crime Against Nature
W. Va. Code §61-8-13

That RONALD D. SMITH from on or about the _____ day of December, 1975 through the ___ day of April, 1976, in the County of Jefferson, State of West Virginia, committed the offense of a CRIME AGAINST NATURE (to-wit: SODOMY) in that the said RONALD D. SMITH did then and there unlawfully and feloniously carnally know a male person, to-wit: David Didden, by and with the mouth, to-wit: the said RONALD D. SMITH placed David Didden's penis inside RONALD D. SMITH'S mouth, the said David Didden being then a child under sixteen years old, against the peace and dignity of the State of West Virginia in violation of West Virginia Code §61-8-13 as amended then in effect.

5

COUNT V
Crime Against Nature
W. Va. Code §61-8-13

That RONALD D. SMITH from on or about the ____ day of April, 1976 through the ___ day of May, 1976, in the County of Jefferson, State of West Virginia, committed the offense of a CRIME AGAINST NATURE (to-wit: SODOMY) in that the said RONALD D. SMITH did then and there unlawfully and feloniously carnally know a male person, to-wit: David Didden, by and with the mouth, to-wit: the said RONALD D. SMITH placed his penis inside the mouth of David Didden, the said David Didden being then a child under sixteen years old, against the peace and dignity of the State of West Virginia in violation of West Virginia Code §61-8-13 as amended then in effect.

6

COUNT VI
Crime Against Nature
W. Va. Code §61-8-13

That RONALD D. SMITH from on or about the ____ day of April, 1976 through the ___ day of May, 1976, in the County of Jefferson, State of West Virginia, committed the offense of a CRIME AGAINST NATURE (to-wit: SODOMY) in that the said RONALD D. SMITH did then and there unlawfully and feloniously carnally know a male person, to-wit: David Didden, by and with the mouth, to-wit: the said RONALD D. SMITH placed David Didden's penis inside RONALD D. SMITH'S mouth, the said David Didden being then a child under sixteen years old, against the peace and dignity of the State of West Virginia in violation of West Virginia Code §61-8-13 as amended then in effect.

Found upon the testimony of _Sr. Trp. Ginger Burcker_ duly sworn in Open Court to testify the truth and sent before the Grand Jury this the __20 th__ day of __September__, 19_94_.

_____
Prosecuting Attorney

7

# EXHIBIT

# C

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, WEST VIRGINIA

STATE OF WEST VIRGINIA

vs.

Ronald D. Smith

CRIMINAL ACTION NO. 94-F-40

Received & Filed in the office of
the Clerk of the Circuit Co.
Jefferson County, WV on 2-28-95

DEPUTY CLK.

### WRITTEN ~~GUILTY~~ PLEA

In the presence of _Teresa J. Dambr_ , my counsel,

who has fully explained the charges contained in the indictment/

information against me and having received a copy of the

indictment/information before being called upon to plead, I

hereby plead ~~guilty~~ _nolo contendere_ to Count I of said ~~information~~/indictment ~~and each count thereof:~~

Date: 2/28/95 .

_Ronald D. Sm___
Defendant

WITNESS

_____
Counsel for Defendant

Received and filed in open Court
on the 28th day of February , 1995 .

Patricia A. Noland
~~DORIS R. WHITING~~ Circuit Clerk,

By _____
Deputy Clerk

157

# EXHIBIT

# D

51

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, WEST VIRGINIA

STATE OF WEST VIRGINIA

VS.                                                    94-F-40

RONALD D SMITH                          Rec... ..d & Filed in the office of
Defendant.                                   the Clerk of the Circuit Court
                                                    Jefferson County, WV on 3-02-95

                    CONVICTION ORDER                           RW
                                                                        DEPUTY

        THIS MATTER came on to be heard this 28th day of February, 1995, upon the

papers and proceedings formerly read and had herein; upon the appearance of the

Defendant in person and by Mr Jerome Dambro, Esquire, his counsel; upon the

appearance of the State of West Virginia by Michael D. Thompson, Prosecuting Attorney

of Jefferson County; upon counsel relating to the Court that there was a plea agreement

in this case, to-wit· the Defendant would plead "no contest" to Count I of the Indictment

and be placed on probation upon the terms and conditions of probation for three (3)

years and all other counts of the Indictment would be dismissed; upon the Court

inquiring of Mr. and Mrs. Gregory Didden, the parents of the victim, if the victim and his

family were in agreement, to which they responded that they were in agreement, upon

the Prosecuting Attorney representing to the Court that Sr Trooper Ginger Burcker was

in support of this plea agreement; upon the Court inquiring of the Prosecuting Attorney

why this plea agreement was in the public interest, upon the Prosecuting Attorney

tendering to the Court the criminal record check of the Defendant indicating that the

Defendant has no prior criminal record, which record is ORDERED filed; upon the

Prosecuting Attorney representing to the Court that this plea would allow the victim to

get on with his life, that the family of the victim and the victim were not seeking the

Defendant's incarceration, that this would save the victim and two other State witnesses

from testifying as to the graphic details of sexual encounters with the Defendant with all

162

of the potential psychological impact that such testimony might have on them.

WHEREUPON the Defendant did execute in open Court the no contest plea form witnessed by the Clerk and Defendant's counsel and the same is ORDERED filed

WHEREUPON the Court engaged the Defendant in a dialogue regarding those matters set for in <u>Call v McKenzie</u>, and at the conclusion of which, the Prosecutor set forth a factual foundation for the tendered plea of no contest.

In consideration of all of which, the Court doth find that the Defendant understands the nature of the charges lodged against him; the Court further finds that the Defendant understands the nature and consequences of his tendered plea of no contest;, the Court further finds that there is a factual foundation for the tendered plea of no contest; and the Court finds that the Defendant tendered his plea of no contest freely and voluntarily and of his own free will and accord.

Accordingly it is ORDERED and ADJUDGED that the Defendant Ronald D. Smith stands convicted of a Crime Against Nature (Sodomy), a felony offense as charged in Count I of the Indictment in this case, upon his plea of no contest thereto

And it is further ORDERED and ADJUDGED that the Court's Probation Officer conduct a presentence investigation and shall prepare and file a report in accordance with law and that this case shall come on for sentencing on May 8, 1995 at 9:00 AM.

The Defendant is continued upon his bond as previously conditioned

THE CLERK shall enter the foregoing as of the day and date first above written and shall transmit attested copies to all counsel of record and to the Probation Officer of this Court

_____
JUDGE

163

# EXHIBIT

# E

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, WEST VIRGINIA

STATE OF WEST VIRGINIA

     VS.

                                    94-F-40

RONALD D. SMITH
Defendant.

Received & Filed in the office of
the Clerk of the Circuit Court of
Jefferson County, WV on 8/1/95

_____
DEPUTY CLERK

### SENTENCING ORDER

     THIS MATTER came on to be heard this 7th day of July, 1995, upon the papers

and proceedings formerly read and had herein; upon the appearance of the Defendant

in person and by Mr. Steven Kretzmer, Esquire, his counsel; upon the appearance of the

State of West Virginia by Michael D Thompson, Prosecuting Attorney of Jefferson

County; upon the Defendant's Motion To Withdraw his plea served upon Michael D

Thompson, Prosecuting Attorney the afternoon of July 6, 1995; upon the arguments of

counsel as to this Motion, upon the findings of fact and conclusions of law made by the

Court which are more fully setforth upon the record denying the Defendant's Motion To

Withdraw His Plea.

     Accordingly it is ORDERED and ADJUDGED that the Defendant's Motion To

Withdraw Plea is denied for the reasons setforth upon the record and the Defendant's

exception thereto is noted

     Thereafter the Court inquired of the Defendant and his counsel as to whether the

Presentence Investigation Report, prepared by the Probation Officer and copies of which

were provided to counsel as required by law, contained any factual or other inaccuracies,

to which they responded that the report contained no substantial inaccuracies; upon the

Court ordering this report filed

217

WHEREUPON the Court inquired of the Defendant and his counsel as to whether either had any just or legal cause why sentence should not now be pronounced and no just or legal cause to the contrary being shown, the Court proceeded to sentencing.

Accordingly it is ORDERED and ADJUDGED that the Defendant    RONALD SMITH is hereby SENTENCED to not less than one (1) years nor more than ten (10) years in the Custody of the Commissioner of the Division of Corrections, upon his conviction of Sodomy (Crime Against Nature), a felony offense, there to be dealt with according to law and that the State shall recover of and from the Defendant its cost on his behalf expended.

Provided, however, that execution of this sentence is suspended and that the Defendant is placed upon supervised probation for three (3) years upon the following terms and conditions:

1.    The Probationer shall not violate any law of this State, any other State or the United States of America,

2.    The Probationer shall reside in Berkeley County, West Virginia and shall not leave the State of West Virginia without the consent and permission of the Probation Officer of this Court;

3.    The Probationer shall comply with the rules and conditions of probation as prescribed by the Probation Officer of this Court and shall cooperate fully with the Probation Officer at all times,

4.    The Probationer shall regularly report as directed to the Probation Officer of the Court, either in writing or in person as directed by the Probation Officer;

5.    In the event that the Probationer is arrested, the Probationer shall immediately

218

report the circumstances thereof to the Probation Officer, together with any disposition of any charges which may be brought against the Probationer.

6.   The probationer shall not associate with any known felon, nor shall the Probationer associate with any other probationer or parolee, during the term of his probation;

7.   The Probationer shall not use or possess any narcotics, marihuana or any other controlled drug, unless prescribed by a physician;

8.   The Probationer shall not visit not frequent places or areas forbidden by the Probation Officer;

9.   During the term of probation, the Probationer shall not own, possess or carry or use any firearms or lethal weapons of any kind;

10.  The Probationer shall, at all times, be employed, or actively seeking employment, unless otherwise provided for by the Probation Officer, and shall assume all moral and legal obligations;

11.  The Probationer shall promptly notify the Probation Officer of any changes in his place of residence or employment and further, shall keep the Probation Officer informed of his status at all times;

12.  The Probationer shall pay court costs to be paid to the Clerk of this Court within a period of time to be arranged by the Probation Officer.

13.  The Probationer shall withdraw from any group where he is a youth leader of any group which has as members any young males under the age of eighteen.

14.  The Probationer is prohibited from contact with any young male under the age of eighteen years, or being with any young male on any overnight visit.

219

15. The Probationer is prohibited from accepting employment with any organization where it would expose him to young males under the age of eighteen years.

16. The Probationer shall register with the West Virginia State Police as a sex offender as required by law.

17. The Probationer shall participate in sex offender counseling when deemed necessary by his Probation Officer.

18. The Probationer shall be tested by a local health department for the HIV virus as arranged by his Probation Officer and provide the results thereof to his Probation Officer.

The Defendant's bond is released and his surety, if any, is exonerated.

The Defendant was then informed of his right to appeal and Mr. Steven Kretzmer, Esquire, was appointed to represent him on any appeal he may wish to pursue.

THE CLERK shall enter the foregoing as of the day and date first above written and shall transmit attested copies to all counsel of record and to the Probation Officer of the Court.

_____
JUDGE

220

# EXHIBIT

# F

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, WEST VIRGINIA

STATE OF WEST VIRGINIA

    VS.

RONALD D. SMITH
Defendant.



94-F-40

*98*

## PROBATION REVOCATION ORDER

THIS MATTER came on to be heard this 25th day of November, 1996, upon the papers and proceedings formerly read and had herein; upon the Petition To revoke Defendant's Probation; upon the appearance of the Defendant in person and by Kevin Mills, Esquire, his counsel; upon the appearance of Michael D Thompson, Prosecuting Attorney of Jefferson County; upon the Court having taken under advisement on August 23, 1996 the matter of the revocation of Defendant's probation.

WHEREUPON the Court did find that the Defendant has violated the terms and conditions of his probation, which findings are more fully setforth upon the record of the hearing of August 23, 1996 and it is the opinion of this Court that Defendant is not a suitable candidate for further probation

Accordingly it is ORDERED and ADJUDGED that the Defendant's probation (with regard to his conviction on Count I of the indictment is hereby REVOKED and the sentence of not less that one (1) nor more than ten (10) years upon his conviction for Crime Against Nature (Sodomy), a felony offense, previously imposed but suspended is executed and reimposed and that the Defendant shall be given 44 days credit for time in jail already served.

It is further ORDERED that execution of this sentence is stayed until Friday November 29, 1996 at 5.00 PM at which time Defendant shall self present at the Eastern Regional Jail to begin serving his sentence.

It is further ORDERED that the bond for the Defendant shall remain in effect until November 29, 1996 at 5:00 PM, at which time, upon the proper presentment of the Defendant at the Eastern Regional Jail, said bond shall be released and the surety thereon, if any, exonerated.

Upon his presentment on November 29, 1996, the Defendant shall remanded to the custody of the Commissioner of the Division of Corrections there to be dealt with according to law and that the State shall recover of and from the Defendant its cost on his behalf expended, to which the exception of the Defendant is noted.

CONVICTION DATE:  February 28, 1995
SENTENCE DATE:  November 25, 1996
EFFECTIVE SENTENCE DATE:  October 12, 1996

It is further ORDERED that until such time that a representative of the Division of Corrections can be sent to take custody of the Defendant, he is remanded to the temporary custody of the Superintendent of the Eastern Regional Jail.

And it is further ORDERED and ADJUDGED that the per diem cost of housing this Defendant temporarily at the Eastern Regional Jail awaiting transfer to the Division of Corrections shall from the date of this Order be paid solely by the Division of Corrections.

THE CLERK shall enter the foregoing as of the day and date first above written and shall transmit attested copies to all counsel of record, to the Commissioner of the Division of Corrections and to the Probation Officer of the Court.

JUDGE

# EXHIBIT

# G

WVSP 170
Revised 5/2001

**SEX OFFENDER REGISTRATION**
§15-12

REGISTRY USE ONLY

NAME Ronald Dewayne Smith    DOB 7/3/55    SSN 236 90 6514

SEX M    RACE B    HEIGHT 6'1"    WEIGHT 185    HAIR BLK    EYE BRN

CURRENT ADDRESS (include mailing address if different) 1373 Winchester Pike, Martinsburg, W.V. 25401

COUNTY Berkeley    TELEPHONE NUMBER (304) 263-0436

Previous address (complete for change of address)  Date of address change 1030 Winchester Ave. (Martinsburg, W.V. 25401)

VEHICLE MAKE Ford    MODEL T-Bird    YEAR 1988    LICENSE # _____

EMPLOYER N/A

ADDRESS _____

SCHOOL OR TRAINING FACILITY N/A

ADDRESS _____

Internet Accounts N/A
Screen Names, Users Names or Aliases used on Internet N/A

Jurisdiction (County of conviction) Jefferson    Conviction date 2/28/95

Date released from incarceration or placed on probation October 12, 2001 (Discharged)

Conviction Offense Sodomy (Crime Against Nature)

Parole or Probation Officer N/A    Phone Number N/A

The information contained herein is compiled pursuant to the authority granted to the WEST VIRGINIA STATE POLICE in §15-12-2 of the Code of West Virginia as amended. This information is confidential and shall not be open to inspection by the public or to any other person with exception of those named in §15-12-5.

Any person under the supervision of a probation officer, parole officer who knowingly refuses to register or give false information concerning his or her residence or fails to provide a change of address shall be subject to immediate revocation of probation or parole and returned to confinement for the remainder of any suspended or unserved portion of his or her original sentence.

§62-12-17 (4) Provides that in every case wherein the parolee for a conviction is seeking parole from an offense against a child, defined section twelve, article eight, chapter sixty-one of this code, or articles eight-b and eight-d of said chapter, or similar convictions from other jurisdiction where the parolee is returning or attempting to return to this state pursuant to the provisions of article six, chapter twenty-eight of this code, the parolee shall not live in the same residence as any minor child, nor exercise visitation with any minor child and shall have no contact with the victim of the offense.



Right thumb print

SIGNATURE OF REGISTRANT    12/4/01    DATE

SIGNATURE OF MEMBER WVSP    12/04/01    DATE

# EXHIBIT

# H

WVSP 196
(Revised 6/2001)

# NOTIFICATION OF SEX OFFENDER RESPONSIBILITY

I have this date been instructed by the undersigned person that I must register as a Sex Offender with the West Virginia State Police detachment in the county in which I reside within three (3) days of release from an institution. I understand any person required to register must do so for a period of ten (10) years after release from prison or from the date of conviction if given probation, unless, convicted of a sexually violent offense; have one or more prior sexual convictions; convicted of a qualifying offense and the victim was a minor; convicted of a qualifying offense and the sentencing judge determined that it involved multiple victims or multiple violations of the qualifying offense or has been determined to be a sexually violent predator. Such persons must register for life.

I understand that I must report to the local detachment of the West Virginia State Police within ten (10) days any change in my registration information. This change of information must be reported in person. If this a change in address or residence to another county in West Virginia I understand that I must advise the State Police of the new address ten (10) days prior to the move and I must register with the State Police in that county within ten (10) days. If this is a change in address or residence to another state I understand that I must advise the West Virginia State Police of the new address ten (10) days prior to the move and I must register in that state and comply with the laws of that state.

I understand that if I fail to register, refuse to provide accurate information, or knowingly fail to provide a change in registration information that I am guilty of a misdemeanor, and upon conviction, shall be fined not less than two hundred fifty dollars ($250) nor more than ten thousand dollars ($10,000), or imprisoned in the county jail not more than one year (1), or both fined and imprisoned. Provided, that each time I have a change in any registration information and fail to register the change or changes, each failure to register each separate item of information changed shall constitute a separate offense.

I understand that if I am required to register for life, or convicted of a second or subsequent offense of failing to register or provide a change of information that I am guilty of a felony, and upon conviction, shall be imprisoned in the state penal facility for not less than one (1) year nor more than five (5) years.

I understand that if I have been required to register as a sexually violent predator and I fail to register or provide a change of address that I am guilty of a felony and, upon conviction, for a first offense, be imprisoned in a state correctional facility not less than two (2) years nor more than ten (10) years, and for a second or subsequent offense, be imprisoned in a state correctional facility not less than five (5) years nor more than twenty (20) years.

I understand that if I am a resident of another state and am required to register in that state and I am employed, carry on a vocation, a student in this state or a visitor to this state for more than fifteen (15) continuous days that I must register and comply with the laws of this state.

I understand that if I change residence to this state from another state, federal or military jurisdiction and am required to register in that state I shall be required to register in this state.

_____
Signature of Law Enforcement Representative

_____
Signature of Offender/Registrant

Acknowledged this ____4th____ day of ___December___, 20_01_.

# EXHIBIT

# I

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, WEST VIRGINIA

STATE EX REL RONALD SMITH,
                    Petitioner

**2003 JAN 2 PM 3 35**

vs.

CASE NO. 01-C-25 RECEIVED

MARK WILLIAMSON, Warden,
Denmar Correctional Center,
                    Respondent.

JAN 02 2003

JEFFERSON COUNTY
CIRCUIT COURT

## AGREED ORDER OF HABEUS CORPUS AD SUBJICIENDUM

On the 2nd day of January, 2003 came the Petitioner, Ronald Smith, by

and through his counsel, Kirk H. Bottner, Esquire, and Susan K. Paugh, Esquire, also

came the Respondent, the State of West Virginia, by and through the Prosecuting

Attorney of Jefferson County, West Virginia, Michael D. Thompson, Esquire, and

represented to the Court that they have resolved all outstanding issues in the heretofore

filed Petition for Writ of Habeus Corpus Ad Subjiciendum and requested entry of an

Agreed Order reflecting same.

The basis for said Agreed Order is as follows:

1.      On August 24, 2001, a Petition for Writ of Habeus Corpus Ad

        Subjiciendum and Initial Petition for Writ of Error Coram Nobis was filed

        on behalf of Ronald Smith by his Counsel, Kirk H. Bottner and Susan K.

        Paugh.

2.      Subsequent to the filing of the Petition for Habeus Corpus several status

        hearings were held culminating in an evidentiary hearing on May 24, 2002

in front of the Honorable Thomas W. Steptoe, Jr., Judge of the Circuit

Court of Jefferson County, West Virginia.

3.    At the conclusion of said evidentiary hearing, the Judge entered a briefing

schedule indicating that the Petitioner must file a brief by August 1, 2002

and the Respondent was to file a responsive brief by October 1, 2002.

4.    Since said hearing, the Petitioner has indicated that he is willing to forego

many of the issues contained in his Petition for Writ of Habeus Corpus if

certain agreements could be reached with the State of West Virginia, vis a

vis, his criminal record and his registration on the West Virginia State

Police Sex Offender's List.

5.    After consultation with Michael Thompson, Prosecuting Attorney of

Jefferson County, West Virginia, the parties have reached an agreement

whereby the State will do certain things to correct Mr. Smith's criminal

record and then Mr. Smith will agree to drop the remaining issues

contained in his habeus corpus.

6.    The agreement of the Parties is as follows:

a.    The Criminal Investigation Bureau, (hereinafter CIB), which

currently states that Mr. Smith was charged with "sodomy" and

under the comments area states "crime against nature" will be

changed so that the charge reads "crime against nature". There will

be no comment. In addition, Section Number 2 of the CIB, which

lists "charge/sexual assault 1ˢᵗ degree", which now reads "changed or reduced/sodomy" will indicate that said charge was "dismissed".

b.    The parties have also agreed that the Criminal Investigation Bureau shall cause to be corrected Mr. Smith's National Crime Information Center, (hereinafter NCIC), record.  First, on the NCIC under the 1993 Number 1 arrest which states "charge 1ˢᵗ degree sexual assault" will indicate that the charge was "dismissed".  Furthermore, under Number 2, charge 1 will be listed as "crime against nature".  Under the area Court Charge will be listed as "crime against nature" and supplemental court data under charge will be listed as "crime against nature", thus deleting references to the charge of sodomy which was not a separate criminal charge at the time Mr. Smith committed the crime for which he plead "no contest".

c.    Lastly, the Parties have agreed to limit the length of time that Ronald Smith will be required to register for inclusion in the West Virginia State Police Sex Offender Registry to 10 years from the date of release from incarceration (October 12, 2001 to October 12, 2011), pursuant West Virginia Code § 15-12-4(a)(1).  Furthermore, Mr. Smith's personal information will be immediately removed from the Internet and distribution of same will now be governed by West Virginia Code § 15-12-5(a)and (h).  As of October 12, 2011,

Mr. Smith will no longer be required to register with the West

Virginia State Police.

After review of the agreements arrived at between the Petitioner Ronald Dewayne

Smith and the State of West Virginia ~~and further believing said agreement to be in the~~ (A⌒)

~~best interest of justice for both the Respondent and the State of West Virginia~~, the

Court ~~is of the opinion to enter~~ *doth* said Agreed Order as written, as *it represents a*

*settlement of civil litigation by mutual agreement of the parties.* ⌣?

WHEREFORE it is hereby ADJUDGED and ORDERED that the agreement of

the Petitioner Ronald Dewayne Smith and the State of West Virginia be and is hereby

accepted by the Court as listed heretofore.  It is specifically ADJUDGED and

ORDERED that:

    a.    That the Criminal Investigation Bureau shall cause to be corrected the

         CIB report, which will be changed so that the section labeled charge reads

         "crime against nature".  There will be no comment.  In addition, Section

         number 2 of the CIB, which lists "charge/sexual assault 1ˢᵗ degree", which

         now reads "changed or reduced/sodomy" will indicate that is was

         "dismissed".

    b.    That the Criminal Investigation Bureau shall cause to be corrected the

         NCIC, under Section number 1 which states "charge 1ˢᵗ degree sexual

         assault" will indicate that the charge was dismissed.  Furthermore, Section

         Number 2, charge 1 will be listed as "crime against nature".  The area

         "Court Charge" will be listed as "crime against nature" and "supplemental

c.    That Ronald Smith's name will be listed with the West Virginia State

Police Sex Offender registry from October 12, 2001 until October 12,

2011. Ronald Smith's information will be immediately removed from the

Internet. Lastly, as of October 12, 2011, Ronald Smith will no longer be

required to register with the West Virginia State Police.

IT IS SO ORDERED.

It appearing to the Court that nothing further remains in this matter and that all

costs are paid, it is ORDERED that this matter be retired from the docket and placed

among causes ended and that Susan K. Paugh, Esquire and Kirk H. Bottner, Esquire

are hereby released as Counsel of record in this matter.

The Clerk shall enter the foregoing as of the day and date first above written and

shall forward an attested copy to Mike Thompson, Prosecuting Attorney, P.O. Box 729,

Charles Town, WV 25414; Kirk H. Bottner, Esquire at P.O. Box 1190, Charles Town,

West Virginia 25414; Susan K. Paugh, at her address of P.O. Box 6121, Martinsburg,

WV 25402; Ronald Smith, DCC, HC 64, Box 125, Hillsboro, West Virginia 24946,

West Virginia State Police, Criminal Investigation Bureau Records Division, and NCIC, and
John Hoyer, Esq.; Asst. Attorney General.

The Clerk is directed to retire this
action from the active docket and
place it among causes ended

Prepared by and Approved:

_____
Kirk H. Bottner, Esquire
Counsel for Petitioner
WV Bar No. 7128
PO Box 1190
Charles Town, WV 25414

_____
Judge of the Circuit Court of
Jefferson County, West Virginia

Seen and Approved by:

_____
Michael D. Thompson, Esquire
Prosecuting Attorney
WV Bar No. _____
PO Box 729
Charles Town, WV 25414

A TRUE COPY
ATTEST:

PATRICIA A. NOLAND
CLERK CIRCUIT COURT
JEFFERSON COUNTY, W.V

BY _____
DEPUTY CLERK

# EXHIBIT

# J

IN THE MAGISTRATE COURT OF _____ COUNTY, WEST VIRGINIA

## WARRANT FOR ARREST

State of West Virginia

M v. Ronald
Ronadl Dewayne Smith

Defendant

Address

Case No(s) _____ 04F- 133

To Any Law Enforcement Officer:

WHEREAS this court has found probable cause to believe that the defendant, __Ronald Dewayne Smith__, did

commit an offense or offenses in this County on the __4th__ day of __December__, __2001__, previous to the

issuance of this Warrant, by unlawfully *[State statutory language of offense(s)]*   and feloniously being required to

register as a sex offender in this State did knowing provide false address information
in violation of Chapter 15-22-8 of the State Code of West Virginia

against the peace and dignity of the State.

Therefore, you are commanded in the name of the State of West Virginia to apprehend the above-named defendant and bring that person before any magistrate in this County, to be dealt with in relation to the charge(s) according to law. This arrest warrant is to be executed in the following manner *(check one)*

☐   Forthwith
☐   Between the hours of 9 a.m. and 4 p.m., Monday through Friday
☒   Other *(as specified)*    Officer's Discretion

Given under my hand this __30th__ day of __January__, __2004__

_____
Magistrate

Executed by _____ in _____

County, W Va , on _____
(Date)

W Va Code §50-2-3 Mag Ct Crim Rule 4

SCA-M301/8-95

White - Return
Green - Defendant
Yellow - File
Pink - Prosecutor