IN THE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| RONALD DEWAYNE SMITH | ) | |
| PETITIONER/COMPLAINANT | ) | NO.  07 C 7048 |
| V. | ) | AMENDED PETITION |
| | ) | FOR WRIT OF |
| | ) | HABEAS CORPUS and |
| | ) | COMPLAINT  FOR |
| STATE OF ILLINOIS, a body Politic, | ) | VIOLATIONS OF CIVIL |
| STATE OF WEST VIRGINIA, a body Politic, | ) | RIGHTS |
| LISA MADIGAN, ILLINOIS ATTORNEY | ) | |
| GENERAL, DARRELL MCGRAW, | ) | |
| WEST VIRGINIA ATTORNEY GENERAL, | ) | |
| DEPARTMENT OF POLICE OF THE CITY | ) | |
| OF CHICAGO, a body Politic, JOHN | ) | |
| SALEMME, HERMINIO FLORES, JR. | ) | |
| THOMAS DART, SHERIFF OF COOK | ) | |
| COUNTY, ILLINOIS, RICHARD A. | ) | |
| DEVINE, STATES ATTORNEY, COOK | ) | |
| COUNTY, ILLINOIS, JEFFERSON | ) | |
| COUNTY, WEST VIRGINIA BOARD OF | ) | |

1

EDUCATION, DAVID DIDDEN,                )

GREGORY DIDDEN, MARGARET DIDDEN)

BRAUN HAMSTEAD, and MICHAEL D.    )

THOMPSON, residents of WEST VIRGINIA )

    RESPONDENTS/ DEFENDANTS        )

## SMITH'S RESPONSE TO STATE DEFENDANTS' MOTION TO DISMISS

State Defendants (the STATE OF ILLINOIS and LISA MADIGAN, Illinois Attorney General) move to dismiss Smith's Complaint, the "Amended Petition For Writ of Habeas Corpus and Complaint For Violations of Civil Rights."  The factual thrust of the motion is the claim that the Eleventh Amendment to the U. S. Constitution makes the state defendants immune from suit and therefore the Court lacks subject matter jurisdiction.  The stated legal basis for the Motion is Federal Rules of Civil Procedure (FRCP) Rules 12(b)(1) and 12(b)(6).

According to the State's motion this Court lacks subject matter jurisdiction of Smith's "Amended petition For Writ of Habeas Corpus and Complaint For Violations of Civil Rights" to obtain relief against the STATE OF ILLINOIS and LISA MADIGAN, the State Attorney

General pursuant to 42 U.S.C. Section 1983. Additionally, the State's motion asserts STATE OF ILLINOIS is not a "person" within the meaning of 42 U.S.C. Section 1983, and therefore not properly sued under Section 1983. Finally and as an alternative basis for dismissal, LISA MADIGAN, in her "official capacity" is entitled to prosecutorial immunity for any actions taken by her against Smith.

For reasons that appear to have been overlooked by State Defendants the Motion to Dismiss on the basis of FRCP 12(b)(1) and 12(b)(6) lacks judicial merit and must be dismissed.

## ISSUES PRESENTED BY MOTION

1. Does the Court lack subject matter jurisdiction of Smith's Amended Petition and Complaint For Violations of Civil Rights?

2. Does Smith's Amended Petition and Complaint For Violations of Civil Rights brought pursuant to the United States Constitution, including amendments thereto and Section 42 U.S.C.A. Section 1983 lack subject matter jurisdiction by reason of the immunity afforded State Defendants' assertion of the Eleventh Amendment.

**3.    Did the State Defendants consent or otherwise surrender any immunity to Smith's Amended Petition and Complaint For Violations of Civil Rights?  Alternatively, has Congress unequivocally legislated under another constitutional grant of authority to remove the State Defendants' claim of immunity?**

**4.    Are there remaining issues upon which the State Defendants may obtain relief under FRCP 12(b)(1) and FRCP 12 (b)(6)?**

## ANALYSIS OF STATE DEFENDANTS' ARGUMENT

State defendants appear uncertain what objection entitles them to dismissal of Smith's "Amended Petition For Writ of Habeas Corpus and Complaint For Violations of Civil Rights."  There is a "scatter gun" approach that runs the gamut of jurisdictional deficiencies from state sovereignty of the Eleventh Amendment to statutory immunity for official duties of a state officer proscribed by statute and, from factual deficiencies that allegedly show no direct personal responsibility of an individual for the deprivation of another's constitutional rights to life, liberty, movement, redress of grievances, privacy, and deprivations of

freedom from arrest and unlawful conviction, to failure to plead well-pleaded facts rather than formulaic recitations, labels and conclusions.

Nonetheless, State defendants claim Smith's "Amended Petition For Writ of Habeas Corpus and Complaint For Violations of Civil Rights" lacks subject matter jurisdiction and cite FRCP Rule 12(b)(1) for dismissal. Analysis of this claim discloses either a "facial" challenge where the issue is the adequacy of the language used in the pleading or, a "substantive" challenge where the State defendants take issue with and object to the factual merits of Smith's asserted federal jurisdiction. State defendants leave the Smith and this Court to speculate where, how, or when the actual facts and allegations belie the basis of federal jurisdiction compelling dismissal.

Plaintiff do agree with State defendants' citation of the Seventh Circuit's *dictum* in Illinois v. City of Chicago, 137 F.3d 474, 478 (7 Cir. 1998): "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." It appears from a fair and balanced reading of the motion however that State defendants' motion is a FRCP Rule 12(b)(1) "facial" challenge to plaintiff's assertion of federal court subject matter jurisdiction. Plaintiff reaches this conclusion even though State defendants neglect to suggest how, when, or where Smith fails to state the basis for this Court's jurisdiction. Thus, nowhere in the State

5

defendants' motion is there the claim Smith has failed to state the basis for his coming to this Court. Nowhere in the State defendants' motion is there a claim that Smith's statement of jurisdiction is a mere conclusion contradicted by relevant well-pleaded facts.

On the contrary on a facial challenge State defendants ignore plaintiff's statement of jurisdiction. There is no reference to any deficiency at page 4 or page 16 of the "Amended Petition For Writ of habeas Corpus and Complaint For Violations of Civil Rights where the basis of subject matter jurisdiction is plainly set forth. Indeed, prior to paragraph 1 at page 4, Smith states unequivocally the statutory basis for federal court jurisdiction is 28 U.S.C. 2241 (c)(3); and at page 6, he states the basis for his claims is the Constitution of the United States and specific amendments thereto. Additionally, to the Constitutional protections provided Smith claims the protections provided by congressional enactment of the Civil Rights Act of 1871, 42 U.S.C.A. Section 1983, and Section 1988. On a facial basis, Smith contends that State Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) lacks sufficient legal merit and must be denied.

While there appears no basis to do so, analysis should be made whether State defendants seek dismissal pursuant to a Rule 12 (b)(1) substantive challenge. A substantive challenge objects to the factual merits of the asserted federal jurisdiction.

When the Court considers the merits of Smith's "Amended Petition For Writ of Habeas Corpus and Complaint For Violations of Civil Rights" pursuant to FRCP Rule 12(b)(6), State defendants' motion takes no serious issue that Smith's factual allegations raise a right to relief above a speculative level and certainly Smith's factual allegations do more than create a suspicion of a legally cognizable right of action.  See **Bell Atlantic Corp. v. Twombly, 550 U.S.\_\_\_\_, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929, 940 (2007).**

Smith's "Amended Petition For Writ of Habeas Corpus and Complaint For Violations of Civil Rights" manifests a legally sufficient position to obtain vindication of his rights as a United States citizen who resides in West Virginia.  He matriculated to Illinois for ministerial education pursuant to federal law (38 U.S.C. 3697A).  This is but one of his rights as a veteran administered by the Department of Veterans Affairs.  On information and belief the State defendants are judicially if not intellectually required to concede these are the essential elements of a congressional override:  the receipt of federal benefits by Illinois on behalf of hundreds of veterans that subject the state as other states in the United States to federal law as a congressional mandate, not as a matter of jurisdiction but as a matter that makes the State defendants respond through the Fourteenth Amendment to actions that abuse, disrupt, or otherwise interfere with

such federal rights. See **Tennessee v. Lane, 541 U.S. 509, 518 (2004)** citing **Fitzpatrick v. Bitzer, 427 U.S. 445 (1976)** holding Congress' broad power to abrogate a State's sovereign immunity when it does so pursuant to a valid exercise of its power under Section 5 of the Fourteenth Amendment to enforce the substantive guarantees of that Amendment.

His veteran's rights among others enumerated in his complaint arise under the Constitution and provide the basis for federal subject matter jurisdiction. Thus, Smith came to Illinois to exercise his federal educational benefits as a veteran. The operative facts that gave rise to his unlawful arrest, his unreasonable search and seizure, the violation of his privacy, the deprivation of his life, liberty and property without due process of law while in the exercise of those rights, he claims violate the First, Fourth, Fifth, Ninth, Thirteenth and Fourteenth amendments to the United States Constitution.

State defendants' contentions to the contrary do not arise to a substantive jurisdictional defect without strict scrutiny. State defendants assert this Court lacks subject matter jurisdiction since plaintiff asserts relief under 42 U.S.C.A. Section 1983 against them. It cannot be gainsaid Smith also asserts relief beyond Section 1983. Section 1981 (The Civil Rights Act of 1871) gives him the right to contract with The Moody Bible Institute with the assistance of his

federal veteran benefits. The State defendants ought not to deny to a United States veteran who travels to Illinois to exercise his educational benefits the right to obtain vindication of those rights. In other words subject matter jurisdiction that turns on who is sued and not the power of the court to decide the issues in dispute is argument without merit.

Plaintiff submits <u>Arbaugh v. Y & H Corp., dba The MoonLight Café, 546 U.S. 500, 126 S.Ct. 1235, 1240, 163 L.Ed.2d 1097 (2006)</u> helps to understand the State defendants' erroneous argument. At page 510, after noting the profligate use of the term jurisdiction, ". . . a word of many, too many, meanings", Justice Ginsburg explained that subject matter jurisdiction under FRCP Rule 12(b)(1) can be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment (page 506). The Court then held that unless Congress makes a term (such as immunity or the lack thereof) an element of the relief sought, courts should treat "the restriction" as non-jurisdictional in character.

Here, the Eleventh Amendment does not make 42 USCA Section 1983 a substantive jurisdictional bar or any other immunity as there is no such restriction in the language of the statute. Therefore, the State defendants' assertion of immunity as a "restriction" is not jurisdictional. It is an element of plaintiff's case and Smith is entitled

to prove the State defendants must answer the constitutional deprivations inflicted upon him while a student in the State. Thus, the issue of whether the State defendants are absolutely immune and must be dismissed requires a careful analysis of who is the real party in interest. State defendants' argument to the contrary not with standing, the State defendants remain liable to Smith pursuant to Section 5 of the Fourteenth Amendment, Sections 1981 and 1988. State defendants must with stand strict scrutiny of the Eleventh Amendment claim for participating in the unconstitutional arrest of Smith and the abuse and interference of his federal veteran benefits simply because Illinois is an integral part of the United States Department of Veteran Affairs.

The substantive challenge to Smith's ability to specifically identify who, when, and how a state officer actually participated in the Fourteenth Amendment violation must remain a matter of discovery for now.[1] Smith was unlawfully arrested and literally dragged nearly naked from his student housing upon a false warrant that the State had the ability to insist be determined valid. In this regard, the State defendants' argument that it does not have authority over the United States Marshal Fugitive Task Force remains subject to evidence and a

---

[1] Smith has only been able to obtain a single file of the State defendants relative to the unsavory arrest on the word of a West Virginia prosecutor who when Smith was in actual custody of the Department of Police of the City of Chicago dropped the pretext of extradition.

hearing. State defendants appear to assert Eleventh Amendment immunity but also insist this Court not require evidence to support their contentions. Again, State defendants overlook the United States Department of Justice requirements placed upon Illinois and its state officers to participate and to co-operate in the arrest of "fugitives."[2] See 28 U.S.C. 566 (c), a part of the United States Marshal Act. Again on information, the U.S. Marshall's Service employs state employees of state law enforcement agencies such as the Illinois Department of Corrections.

## CONCLUSIONS

The issues raised by State defendants' motion to dismiss can be resolved as follows: No, as to the first issue. No, as to the second issue. Yes, as to the third issue. Subject to discovery, hearing, and if necessary leave to amend, Yes.

At this time, mindful that subject matter jurisdiction while first and foremost in importance to the federal judicial system, the only response to State defendants is that since Smith's complaint is not controverted, and its claims of immunity are subject to strict scrutiny, discovery, and an evidentiary hearing, the Motion to Dismiss on the basis of FRCP Rule 12(b)(1) must be denied.

---

[2] It must arrive as a judicial surprise not only to Smith but to all other students at the Moody Bible Institute that there was a "fugitive" in their presence until West Virginia decided not to extradite. Smith may have been a "fugitive" for 12 hours (the time of arrest until the time West Virginia elected not to extradite.)

The reason for denial is that it is reasonably certain that the State defendants' assertion of the lack of subject matter jurisdiction of the federal district court is only premised upon premature and inconclusive or "formulaic" assertions of Eleventh Amendment immunity.

       RONALD DEWAYNE SMITH, PLAINTIFF


       s/RICHARD C. MOENNING, HIS LAWYER



RICHARD C. MOENNING

70 West Madison Street   Suite 1400

Chicago, Illinois 60602

312-263-0062