IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD DEWAYNE SMITH,        ) | |
|                 ) | |
|        Plaintiffs,        ) | |
|                 ) | Judge Matthew F. Kennelly |
| v.        ) | |
|                 ) | Case No. 07 C 7048 |
| STATE OF ILLINOIS, a body Politic, et al.,        ) | |
|                 ) | |
|        Defendants.        ) | |

**REPLY TO PLAINTIFF'S RESPONSE TO
STATE DEFENDANTS' MOTION TO DISMISS**

      Defendants, the STATE OF ILLINOIS and LISA MADIGAN, Illinois Attorney General, ("State Defendants") by their attorney, LISA MADIGAN, Illinois Attorney General, submit this reply to the Plaintiff's response to their motion to dismiss the complaint under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**BACKGROUND**

      On December 14, 2007, Ronald Dewayne Smith ("Plaintiff") filed an Amended Petition for Writ of Habeas Corpus and Complaint for Violations of Civil Rights ("Complaint") in which he named the State of Illinois and Lisa Madigan, the Attorney General of the State of Illinois, as defendants. On May 14, 2007, the State Defendants filed a motion to dismiss, asserting that:

(a)    the Court lacks jurisdiction over the State and Defendant Madigan in her official capacity under the Eleventh Amendment;

(b)    the State is not a "person" under 42 U.S.C. § 1983;

(c)    Defendant Madigan has prosecutorial immunity; and

(d)    the Complaint fails to state a claim upon which relief can be granted as the Complaint

makes no allegations against Defendant Madigan in her personal capacity of personal involvement in the alleged violations of the Plaintiff's rights and *respondeat superior* is not an appropriate theory of liability under § 1983.

On July 15, 2008, the Plaintiff filed a response to the State Defendants' motion to dismiss arguing that his Complaint is not deficient because he "states unequivocally the statutory basis for federal court jurisdiction" in the body of the Complaint. (Response, p. 5) He also appears to assert that, because of his federal statutory rights and educational benefits as a veteran, Congress has abrogated the State's sovereign immunity under the Eleventh Amendment. The Plaintiff argues that whether the State Defendants have any authority over the U.S. Marshall's Fugitive Task Force "remains subject to evidence and a hearing." (Response, p. 10-11)

## ANALYSIS

Plaintiff's arguments in his response are without merit. As both the State and Defendant Madigan in her official capacity are immune from suit in federal court, and the Complaint fails to state a claim against Defendant Madigan in her personal capacity, the Complaint must be dismissed against the State Defendants.

**I.     A mere recitation in the Complaint of an asserted statutory basis for jurisdiction does not overcome Eleventh Amendment immunity.**

    A.     42 U.S.C. § 1983 does not provide a basis for jurisdiction

Contrary to the Plaintiff's assertions that the State Defendants are making a "facial" challenge to his Complaint, he cannot overcome Eleventh Amendment immunity by simply citing a jurisdictional statute or constitutional amendment in his Complaint. This suit is brought under 42 U.S.C. § 1983. Section 1983 does not abrogate a State's Eleventh Amendment

immunity. *Quern v. Jordan*, 440 U.S. 332, 342 (1979); *Kentucky v. Graham*, 473 U.S. 159, 169 n. 17 (1985).

Plaintiff cites to *Arbaugh v. Y&H Corp.,* 546 U.S. 500 (2006), for the proposition that "the Eleventh Amendment does not make 42 USCA Section 1983 a substantive jurisdictional bar or any other immunity as there is no such restriction in the language of the statute." In the *Arbaugh* case, however, the defendants were not state actors. Thus, Eleventh Amendment immunity would not apply. Indeed, immunity from suit was not at issue in that case; instead, the issue considered by the Supreme Court was whether Congress intended the employee-numerosity requirement in Title VII to be a jurisdictional bar. *Id.,* at 514-516. The Court determined that it did not; instead that requirement went to the substantive adequacy of the plaintiff's claim, which could not be raised defensively late in the lawsuit. *Id.*

In contrast to the employee-numerosity requirement in Title VII, Eleventh Amendment immunity is not dependent on a recitation of its jurisdictional nature in a statute. As discussed in the State Defendants' memorandum in support of their motion to dismiss, only when Congress specifically and unequivocally legislates under another constitutional grant of authority, such as section 5 of the Fourteenth Amendment, will a federal statute will override Eleventh Amendment immunity. See *Tennessee v. Lane*, 541 U.S. 509 (2004); *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976). Section 1983 contains no such override.

B.    42 U.S.C. § 1988 does not provide a basis for jurisdiction

In addition to § 1983, Plaintiff states that he "claims the protections provided by ... Section 1988." (Response, p. 6) While it is not entirely clear whether Plaintiff is relying on § 1988 as a basis for jurisdiction, it does not provide such a basis. Section 1988 provides for the

3

award of attorneys fees and expert witness fees in civil rights litigation, not an override of Eleventh Amendment immunity in § 1983 cases.[1]

    C.    42 U.S.C. § 1981 does not provide a basis for jurisdiction

Plaintiff also cites to 42 U.S.C. § 1981 in his response as a basis for jurisdiction because that section gives him the right to contract with the Moody Bible Institute for assistance with his federal veterans' benefits. That assertion is suspect in itself as there are no allegations against the State Defendants related to any contract between Plaintiff and the Moody Bible Institute. However, even if § 1981 applied to this litigation, it does not abrogate Eleventh Amendment immunity. *See Rucker v. Higher Educational Aids Bd.,* 669 F.2d 1179, 1184 (7th Cir. 1982).

    D.    28 U.S.C. § 2241(c)(3) does not provide a basis for jurisdiction

While the State Defendants' motion to dismiss addressed only the civil rights claims raised in Count II, A of the Complaint, Plaintiff cites to 28 U.S.C. § 2241(c)(3) as the basis for this Court's jurisdiction over the State Defendants. Plaintiff's reliance on this statute is misplaced. It does not apply to the claims brought by Plaintiff against the State Defendants under § 1983 or provide a basis for jurisdiction for those claims. Instead, § 2241(c)(3) only applies to the power of the Court to grant writs of habeas corpus for prisoners in custody in violation of the

---

[1] The Supreme Court has held that attorneys' fees belong in the category of "prospective injunctive relief," and "[u]nlike ordinary 'retroactive' relief such as damages or restitution, an award of costs does not compensate the plaintiff for the injury that first brought him into court." *Missouri v. Jenkins*, 491 U.S. 274, 278 (1989). Thus, an award of attorneys' fees is ancillary to prospective relief that could be awarded against a state actor and is not subject to "the strictures of the Eleventh Amendment." *Id.*, at 279. However, in this case, Plaintiff seeks monetary damages and punitive relief against the State Defendants. (Complaint, pp. 26-27) He seeks prospective injunctive relief only as to "removing his personal information and photograph from the Illinois Registry of Sex Offenders." (*Id.*) As discussed in the memorandum in support of the State Defendants' motion to dismiss, this database is kept by the Illinois State Police under authority granted them by 730 ILCS 152/115, not the State Defendants.

Constitution or laws or treaties of the United States. However, even if it did apply here, § 2241(c)(3) does not override the Eleventh Amendment.

> Some things are clear. One is that the "state" is not a proper respondent. This is not only because the state has sovereign immunity from suit in federal court, and not only because Rule 2(a) [of the Rules Governing Habeas Corpus Petitions] is explicit that the "state officer" having custody of the petitioner is the proper respondent. There is also the practical consideration that designating the "state" does not identify an official with actual authority to release the prisoner, and the designation could create confusion with respect to service and to notice generally.

*Bridges v. Chambers*, 425 F.3d 1048, 1050 (7th Cir. 2005)(citations omitted).[2]

## II.     Plaintiff's status as a veteran does not abrogate the State Defendants' immunity under the Eleventh Amendment

Plaintiff argues that 38 U.S.C. § 3697A, which relates to the provision of educational and vocational counseling for veterans, provides a congressional override of Eleventh Amendment immunity. It is unclear why Plaintiff believes that the provision of his veterans' benefits or his status as a veteran has anything to do with the claims he brings in this lawsuit. This section is irrelevant to the claims raised by Plaintiff in his Complaint. The civil rights violations he claims go to his alleged false arrest and detention for failing to register as a sex offender in Illinois, and have nothing to do with his status as a veteran.

---

[2] As a petition for habeas corpus seeks prospective injunctive relief, the *Ex parte Young*, 209 U.S. 124 (1908), exception to the Eleventh Amendment applies. In this case, though, the State, but no state official, including Defendant Madigan, was named as a respondent in Count I. (Complaint, p. 12) Even if Defendant Madigan had been named, she would not be a proper respondent to Count I; no state official would be, as Plaintiff has not been in the custody of any state official. Plaintiff asserts in Count I that "Petitioner states he is in custody of the respondent, Cook County Sheriff..." and confirms that he was held in the Cook County Jail. (Complaint, Count 1, ¶ 1) Requiring an individual to register on the Sex Offender Information database is not "custody" for the purposes of habeas corpus. *Virsnieks v. Smith*, 521 F.3d 707 (7th Cir. 2008). Thus, as no state official would be "an official with actual authority to release the prisoner," naming any state official as a respondent to Count I would have been improper.

Even if his veterans' benefits were at issue in the Complaint, which they are not, there is nothing within § 3697A that overrides Eleventh Amendment immunity. Plaintiff points to no language within the Veterans' Benefits Act that would cause such an override of Eleventh Amendment immunity. Plaintiff argues that the federal benefits received by Illinois "on behalf of hundreds of veterans" subject Illinois to federal law "as a congressional mandate." This is incorrect as a matter of law. As stated above, a federal statute will override Eleventh Amendment immunity only when Congress *specifically* and *unequivocally* legislates under another constitutional grant of authority. *See Tennessee*, *supra*; *Fitzpatrick*, *supra*.

Interestingly, Plaintiff cites to *Tennessee* and *Fitzpatrick* as support for his premise that the receipt of federal benefits received by a Illinois on behalf of veterans abrogates Eleventh Amendment immunity here. These cases do not stand for this proposition. In *Tennessee*, the Supreme Court considered whether Congress had abrogated states' Eleventh Amendment immunity in Title II of the Americans with Disabilities Act. The Court found that Congress had "unequivocally expressed its intent to abrogate" states' immunity, *Id.*, at 517-518, as the statute specifically stated: "A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of this chapter." 42 U.S.C. § 12202. Similarly, in *Fitzpatrick*, the Supreme Court held that the 1972 amendment to Title VII of the 1964 Civil Rights Act that specifically and expressly allowed state employees to sue state governments for employment discrimination was a clear and valid abrogation of Eleventh Amendment immunity by Congress. *Id.*, at 448, 449, fn 2.

**III.     Plaintiff failed to address the State Defendants' arguments on Defendant Madigan's prosecutorial immunity or his failure to state a claim against Defendant Madigan.**

In their motion to dismiss, in addition to arguments raised under the Eleventh Amendment, the State Defendants argued that dismissal was appropriate against Defendant Madigan because, while the Complaint did not allege any personal involvement by Defendant Madigan, any action taken by her within the course of the events alleged in the Complaint would be subject to prosecutorial immunity. The State Defendants also argued that the Complaint should be dismissed because it did not contain any allegations of personal involvement by Defendant Madigan in any of the alleged civil rights violations and *respondeat superior* may not be used as a basis for liability under § 1983. *Monell v. Dept. of Social Services,* 436 U.S. 658, 691 (1978); *Kernats v. O'Sullivan,* 35 F.3d 1171, 1182 (7th Cir.1994); *Del Raine v. Williford,* 32 F.3d 1024, 1047 (7th Cir.1994).

Plaintiff did not substantively address either of these issues in his response to the motion to dismiss. "[W]hen presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action." *Stransky v. Cummins Engine Co.,* 51 F.3d 1329, 1335 (7th Cir. 1995). *See also County of McHenry v. Insurance Company of the West*, 438 F.3d 813, 818 (7th Cir. 2006). However, even if Plaintiff had addressed these issues, he could not have overcome Defendant Madigan's prosecutorial immunity, nor the deficiencies in his Complaint in failing to state a claim against Defendant Madigan upon which relief could be granted.

**CONCLUSION**

For the foregoing reasons, the State Defendants respectfully request this Honorable Court to dismiss the Complaint against them under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

Respectfully submitted,

/s/ *Alice E. Keane*

| | |
|---|---|
| LISA MADIGAN | ALICE E. KEANE |
| Illinois Attorney General | Assistant Attorney General |
| | General Law Bureau |
| | 100 W. Randolph Street, 13th Floor |
| | Chicago, Illinois 60601 |
| | (312) 814-3711 |