IN THE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS,  EASTERN DIVISION

| | | |
|---|---|---|
| RONALD DEWAYNE SMITH | ) | |
| PETITIONER/COMPLAINANT | ) | |
| V. | ) | NO.   07 C 7048 |
| | ) | DISTRICT JUDGE |
| STATE OF ILLINOIS, ETC., ET. AL. | ) | MATTHEW KENNELLY |
| | ) | PRESIDING |
| RESPONDENTS/ DEFENDANTS | ) | |

**UNCONTESTED MOTION FOR LEAVE TO FILE SMITH'S COUNTY DEFENDANT RESPONSE, INSTANTER.**

Ronald DeWayne Smith, plaintiff by Richard C. Moenning, his lawyer respectfully moves this Honorable Court for an Order Granting Plaintiff Leave To File "SMITH'S RESPONSE TO COUNTY DEFENDANTS' MOTION TO DISMISS" Instanter,  and in support thereof respectfully states:

1.      Plaintiff's motion is uncontested.

1

2.  On June 24, 2008, the Court ordered plaintiff to respond to all Illinois and Cook County defendant Motions to Dismiss by July 15, 2008.

3.  Plaintiff filed his Response to the Illinois Defendants' Motion to Dismiss timely July 15, 2008.  While there remained insufficient time to analyze, research, write, and prepare to file County Defendants' Motion to Dismiss, plaintiff's counsel telephoned and communicated this circumstance to counsel advising plaintiff would attempt to file a response out of time, instanter, rather than move the Court to extend the July 15, 2008 date.

4.  Nonetheless, plaintiff's counsel had been assisting an abused mother and 6 minor children from church and, was unexpectedly confronted with the need to travel to and attend hearings in the DeKalb County Circuit Court (Sycamore, Illinois) July 21, 2008 and continued by the Court or noticed by opposing counsel July 28, 2008, August 4, and August 11, 2008.  These hearings involved drafting or responding to pleadings to protect the health of the minor children who appeared to suffer from food and chemical allergies during visitation with their father.  After August 11, 2008 relief for the children was obtained.

5.  In between July 15, 2008 (the filing of plaintiff's response to State Defendants' Motion to Dismiss) and August 11, 2008,

2

plaintiff's counsel packed, moved, and started unpacking his office at 70 West Madison Street, Suite 1400 to Suite 3700 which in addition to the contested child visitation hearings and the move prevented plaintiff's counsel from attending to County Defendants' Motion to Dismiss except for the drafting and filing of a brief responsive Memorandum in Adono v. Wellhausen, 01 C 8537 pending post appeal on the docket of District Judge William Hibbler, August 7, 2008 and a Memorandum in Support of plaintiff's Motions in Limine before the Honorable William Lacy, Circuit Judge in Smith v. State of Illinois (05 CR 27260) on August 8, 2008.

6.    Plaintiff's counsel wanted to communicate these interruptions and reasons for difficulty in preparing, completing and filing plaintiff's response to the Court in a Motion To Extend Time but without an agreed extension date, plaintiff's counsel elected to devote all available hours to completion of the response and to seek to file upon Leave of Court.

7.    Additional time to attend pending matters included:  Harvey v. Fitzpatrick, To Continue Final Trial preparation August 13, 2008; Otero v. Hodari, To Set Trial, August 14, 2008; Wagner v. Lake County Construction (Waukegan Workers Compensation Matter) to Reinstate on Final Trial Call) August 15 and August

3

28, 2008; Stout v. Secretary of State (Administrative Review) to extend date to file opening Brief, August 15, 2008.

8.    Plaintiff's Counsel completed the Response which is 23 pages or 8 pages over the Local Rule designated 15 page limit, August 27, 2008 and notified County Defendants' counsel of the need to advance the status date set by the Court, June 24, 2008.

9.    The additional time taken from June 24, 2008 to the present to respond to each Motion to Dismiss was needed by the facts and circumstances disclosing that plaintiff's counsel is a sole proprietor and solely responsible not only for plaintiff's case in this Court and in the Circuit Court (Criminal Division) but for the number of and other myriad matters requiring every professional effort to research, negotiate with opposing counsel, advise the client and present the client's matters before the Courts, Federal and State.

10.    Plaintiff has prepared and filed a separate Motion For Leave to File Plaintiff's Response Over Limit.

WHEREFORE, plaintiff respectfully prays an order permitting the filing of SMITH'S RESPONSE TO COUNTY DEFENDANTS' MOTION TO DISMISS, Instanter, granting Counsel for County Defendants Additional

Time to Reply, and such other or further relief in the premises as is just and equitable.


RONALD DEWAYNE SMITH, PLAINTIFF

s/ Richard C. Moenning

RICHARD C. MOENNING, HIS LAWYER


RICHARD C. MOENNING

70 West Madison Street   Suite 3700

Chicago, Illinois 60602

312-263-0062