IN THE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS,  EASTERN DIVISION

| | | |
|---|---|---|
| RONALD DEWAYNE SMITH | ) | |
| PETITIONER/COMPLAINANT | ) | NO.  07 C 7048 |
| V. | ) | AMENDED PETITION |
| | ) | FOR WRIT OF |
| | ) | HABEAS CORPUS and |
| | ) | COMPLAINT  FOR |
| STATE OF ILLINOIS, a body Politic, | ) | VIOLATIONS OF CIVIL |
| STATE OF WEST VIRGINIA, a body Politic, | ) | RIGHTS |
| LISA MADIGAN, ILLINOIS ATTORNEY | ) | |
| GENERAL, DARRELL MCGRAW, | ) | |
| WEST VIRGINIA ATTORNEY GENERAL, | ) | |
| DEPARTMENT OF POLICE OF THE CITY | ) | |
| OF CHICAGO, a body Politic, JOHN | ) | |
| SALEMME, HERMINIO FLORES, JR. | ) | |
| THOMAS DART, SHERIFF OF COOK | ) | |
| COUNTY, ILLINOIS, RICHARD A. | ) | |
| DEVINE, STATES ATTORNEY, COOK | ) | |
| COUNTY, ILLINOIS, JEFFERSON | ) | |
| COUNTY, WEST VIRGINIA BOARD OF | ) | |

EDUCATION, DAVID DIDDEN,                )

GREGORY DIDDEN, MARGARET DIDDEN)

BRAUN HAMSTEAD,  and MICHAEL D.    )

THOMPSON, residents of WEST VIRGINIA )

    RESPONDENTS/ DEFENDANTS      )

## SMITH'S RESPONSE TO COUNTY DEFENDANTS' MOTION TO DISMISS

### Introductory Matter To Simplify Issues of County Defendants' F.R.C.P. Rule 12(b) 6 Motion and Plaintiff's Response Thereto

County Defendants (RICHARD DEVINE, State's Attorney of Cook County, and Thomas Dart, Sheriff of Cook County, Illinois) have moved to dismiss Smith's Complaint, the  "Amended Petition For Writ of Habeas Corpus and Complaint For Violations of Civil Rights" with prejudice.  The stated legal basis for the Motion is Federal Rules of Civil Procedure (FRCP) Rules 12(b)(1) and 12(b)(6).

Nonetheless, in several respects the County defendants refer this Court to "Procedural Background of Underlying Criminal Case" and request the Court to take judicial notice (Fed.R.Evid. Rule 201(b)) of all facts contained in Exhibits B through I attached to its submission.[1]  In the event

---

[1] Specifically, at page 2 FN 2 County defendants conclude "mootness" of plaintiff's claims solely on the basis of page 17 of the complaint and page 22, paragraph 19.  At

this matter "outside the pleading" is "not excluded by the Court" County Defendants' prejudicial excursion beyond the "Amended Petition For Writ of Habeas Corpus and Complaint For Violations of Civil Rights" County defendants' Rule 12(b)(6) "motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Defendants cite no authority for its contention that Exhibit B through I contains facts that are not subject to reasonable dispute. There is none. **Grand Opera Co. v. Twentieth Century-Fox Film Corp., 235 F.2d 303, 307 (7 Cir. 1956).** *But See* **Chrysler Corporation v. Lakeshore Commercial Finance Corporation, 389 F.Supp. 1216, 1219 (E.D.Wisc. 1975).** To rely upon matter outside of plaintiff's amended complaint requires more than a mere footnote suggestion to consider disputed facts. Nonetheless, should the Court find defendants' Exhibits B through I are "not subject to reasonable dispute.", plaintiff invokes his right to "be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. Fed.R.Evid. Rule 201(e) entitles plaintiff the opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed, even though the "Amended Petition For Habeas Corpus and Complaint For Violations of Civil Rights" appears outside the pale of any exception. General Electric Capital v. Lease Resolution, 128 F. 3d 1074, 1080-1083 (7 Cir. 1997). See also, Doherty v. City of Chicago, 75 F.3d 318, 325 fn 4. (7 Cir. 1996).

---

page 5 County Defendants go well beyond the complaint with their hearsay recounting of West Virginia's "conviction" by unconstitutional discrimination, unlawful discrimination which Illinois also claims violates its registration of "convicted sex offenders" statute.

I

## Defendants' Rule 12(b)(1) Lack of Subject Matter Jurisdiction Objections

Defendants' objection to subject matter jurisdiction is framed in the context of "mootness" and immunity under the Eleventh Amendment to the United States Constitution.  On page 4 of their "Memorandum of Law in Support of Richard Devine's Motion To Dismiss Pursuant to Rule 12(b)(1) and 12 (b)(6)" County defendants cite **St. John's United Church of Christ v. City of Chicago, 582 F.3d 625, 616 (7 Cir. 2007)***(sic)*[2]

The decision's relevance appears to be that subject matter jurisdiction and the Constitution's Article III requirement that since federal court jurisdiction is limited, the requisite personal interest must exist at the commencement of the litigation and must continue throughout its existence. County defendants make no claim that plaintiff's personal interest has not continued from November 2, 2005 to the present.[3]  Plaintiff agrees this Court had subject matter jurisdiction from November 2, 2005, that plaintiff invoked that jurisdiction December 14, 2007, and that the evidence of plaintiff's personal interest in seeking protection of his constitutional rights remains to the present.

---

[2] The correct citation is 502 F.3d 616, 625 (7 Cir. 2007).

[3] The nearest reference is the allusion that since plaintiff claimed his federal rights to be free from unlawful arrest, unlawful search and seizure, and unlawful prosecution were violated commencing November 2, 2005 and interfered with his education, his graduation in May 2006 in some manner renders these violations "moot."  Amended Petition etc., page 17 and page 22.   The argument is without merit.

Further examination of the County defendants' objection to subject matter jurisdiction seems premised upon the agreed fact that Richard A. Devine, the State's Attorney of Cook County is a state officer entitled to claim Eleventh Amendment Immunity and that that immunity deprives the United States District Court of subject matter jurisdiction.   Plaintiff agrees with County defendants that Richard A. Devine, a state officer has certain immunities.  However, County defendants are required in this matter to agree that it is and has been manifest from the beginning the Eleventh Amendment was never intended to subvert the supremacy clause by granting the State's Attorney and each of his line assistants immunity from their sworn duty to comply with the United States Constitution, the amendments thereto, and federal law in the future.  **Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).**  County defendants agree plaintiff's "Amended Petition For Writ of Habeas Corpus and Complaint For Violations of Civil Rights." asserts the violation of his federal constitutional rights to be free from arrest without probable cause, to be free from unreasonable searches and seizures, to be free and to enjoy equal protection of the law from indictments on non existing state crimes, to be free to assert the privileges and immunities that are plaintiff's from West Virginia's modified judgments. Plaintiff asserts Richard A. Devine in his official capacity is not immune as a State Officer from the responsibility of his office to observe and enforce

federal constitutional law.[4]  This duty extends to hire, train, and retain only those assistants also sworn to observe and enforce the Constitution.

County defendants err in asserting plaintiff does not specify whether he brings his claims against Richard Devine in his official or individual capacity.  (Memorandum, page 10)  See Amended Petition, etc., paragraph 16. See also paragraph 20 stating plaintiff's arrest on orders of Jenni Scheck, an Assistant States Attorney.  Plaintiff's claims are well identified in the "Amended Petition For Writ of Habeas Corpus and Complaint for Violations of Civil Rights" and cannot be dismissed by citation of cases giving prosecutors immunity from liability pursuant to 42 U.S.C.A. Section 1983. **Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); Spiegel v. Rabinovitz, 121 F.3d 251, 257 (7 Cir. 1997)** and **Henry v. Farmer City State Bank, 808 F.2d 1228, 1238 (7 Cir. 1986).**

Regardless of absolute immunity for civil liability, **Brady v. State of Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2 215 (1963)** states plaintiff's  fourteenth amendment due process claim succinctly (here with respect to the prosecutor's suppression of the modified West Virginia "conviction" relied upon by Richard A. Devine, State's Attorney of Cook County, Illinois, a state officer immune from suit except when he is stripped of his immunity by violation of federal law):

---

[4] "I do solemnly swear (of affirm, as the case may be), that I will support the constitution of the United States and the constitution of the state of Illinois, and that I will faithfully discharge the duties of the office of state's attorney according to the best of my ability."

> "It is a requirement that cannot be deemed to be
> satisfied by mere notice and hearing if a state has
> contrived a conviction through the pretense of a
> trial which in truth is but used as a means of
> depriving a defendant of liberty through a
> deliberate deception of court and jury by the
> presentation of testimony known to be perjured.
> Such a contrivance by a state to procure the
> conviction and imprisonment of a defendant is as
> inconsistent with the rudimentary demands of
> justice as is the obtaining of a like result by
> intimidation."

Richard A. Devine's deception of the Grand Jury was not unintentional or
mere negligence.  Disregard of the modified judgment made known to the
State's Attorney, by plaintiff's counsel, prior to the meeting of the Grand Jury
was an intentional suppression of evidence favorable to the accused and in
itself sufficient to amount to a denial of due process. ,  **Brady v. State of
Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2 215 (1963)** citing **Pyle v.
Kansas, 317 U.S. 213, 215-216, 63 S.Ct. 177, 178, 87 L.Ed. 214**, relying
upon **Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed.791.**  The
**Brady** Court's citation of **Pyle v. Kansas,** and quotation of **Mooney v.
Holohan** are instructive:

> "Petitioner's papers . . . set forth allegations that
> his imprisonment (indictment) resulted from
> perjured testimony (Officer John Salemme sworn
> testimony to the Grand Jury), knowingly used by
> the State authorities to obtain his conviction,
> (indictment), and from the deliberate suppression
> by those same authorities of evidence favorable to
> him (West Virginia's modified judgment).  These
> allegations sufficiently charge a deprivation of
> rights guaranteed by the Federal Constitution, and
> if proven, would entitle petitioner to release from

his present custody. **Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed.791.** "

The United States Supreme Court recently demonstrated the currency of the **Brady** doctrine in **Banks v. Dretke, 540 U.S. 668, 698, 124 S.Ct. 1256, 157 L.Ed. 2d 1166 (2004).** Citing its decision in **Kyles v. Whitley, 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed. 2d 490 (1995)**, a **Brady** claim is met when the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict. (indictment). Here, West Virginia and plaintiff agreed plaintiff committed no offense outside the jurisdiction of West Virginia. The proof of this fact is the reason County defendants could find no record of a sexual offense on the Internet.

County defendants argument that "Dismissal of Count II Against the Sheriff is warranted" is remarkable. Plaintiff never included the Sheriff as a defendant in Count II. [5] County defendants' argument is specious and wholly without merit.

County defendant's Rule 12(b)(1) Motion To Dismiss "Amended Petition For Writ of Habeas Corpus and Complaint For Violations of Civil Rights" on the cited grounds of "mootness" and immunity of Richard A. Devine pursuant to the Eleventh Amendment lacks merit. County defendants wholly fail to satisfy the minimal threshold burden of proving

---

[5] Plaintiff, mindful of F.R.C.P. Rule 11, purposefully ***did not*** claim that Sheriff Dart violated his civil rights.

their objections that this Court lacks Article III subject matter jurisdiction of Count I and Count II.

II

## Defendants' Rule 12(b)(6) Failure to State a Claim Upon Which Relief Can be Granted.

County defendants object to plaintiff's claims in Count I and Count II asserting plaintiff is barred by Statute of Limitations, a failure to exhaust State Remedies, improper venue (Illinois Court of Claims and not the United States District Court) , and a lack of sufficient facts.  Since the County defendants contend plaintiff's claims are not plausible on their face, the argument is made that plaintiff's "Amended Petition For Writ of Habeas Corpus and Complaint For Violations of Civil Rights" establishes no basis for relief upon any set of facts and the claims must be dismissed with prejudice.

A.    **STATUTE OF LIMITATIONS.**

County defendants object to the legal sufficiency of plaintiff's "Amended Petition For Writ of Habeas Corpus and Complaint For Violations of Civil Rights" asserting plaintiff's pleading is barred by the Illinois two year Statute of Limitations.  According to County defendants since plaintiff was arrested November 2, 2005 and did not commence his civil rights action until April 19, 2008, the complaint is barred and must be dismissed.

On the contrary County defendants' memorandum evidences a definitive misapprehension for the nature of the "Amended Petition For Writ

of Habeas Corpus and Complaint For Violations of Civil Rights."  Plaintiff

has not pled facts that plead himself out of court.  Paragraph 20 states that

on June 4, 2007 Jenni Scheck, an Assistant States Attorney, allegedly with

full prosecutorial immunity from civil liability personally caused plaintiff to

be re-arrested by the same two arresting officers who arrested plaintiff

November 2, 2005.[6]  The issue of civil liability aside, Richard A. Devine and

Jenni Scheck, stripped of their Eleventh Amendment immunity from suit in

this Court, have and continue to violate plaintiff's constitutional right to due

process under the Fourth and Fourteenth Amendment.  Plaintiff's

prosecution continues daily and is without serious contention, a continuing

violation of plaintiff's constitutional right to liberty and to be free of wrongful

prosecution.

Plaintiff agrees **Wallace v. Kato,  549 U.S. 384 , 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007)** states that Illinois law supplies rules for limitations and

tolling of limitations.  Federal law provides rules for when an action accrues.

Plaintiff's County defendants have no basis to contend in support of their

objection that plaintiff's complaint is barred.   The Illinois  "doctrine of

continuing violation"  is applicable.  The issue then is not whether the two

year period of limitations began November 2, 2005 or June 4, 2007.   The

issue is whether County defendants concede that plaintiff's "Amended

---

[6] The Office of the Cook County State's Attorney opines it may arrest plaintiff as oft as it wishes for failure to register as a "sex offender" in a sister state.  While such thinking may be true, it is equally true that if one arrest is unlawful so are all arrests.  What the County defendants' statement admits is evidence of a continuing violation that the Illinois Supreme Court has applied.

Petition For Writ of Habeas Corpus and Complaint For Violations of Civil Rights" pleads a series of wrongful acts for limitations purposes.  Plaintiff's factual allegations accepted as true and viewed in the light most favorable to plaintiff demonstrate there is no statute of limitations objection.

**Heard v. Sheahan, 253 F.3d 316, 319 (7 Cir. 2001)** after analyzing the doctrine and its applicability found that a series of wrongful acts creates a series of claims for limitations purposes and that Illinois has a doctrine of continuing violation.  Here, County defendants are correct that the first wrongful act was November 2, 2005 with plaintiff's unlawful arrest, but these defendants cannot ignore his arrest without probable cause, unlawful detention, violation and denial of Illinois bail bond procedures and hearing, and their wrongful, intentional indictment upon suppressed evidence favorable to plaintiff.   When plaintiff's moved to dismiss the state charge, County defendants argued plaintiff's defense must be raised in West Virginia and that West Virginia had no right to tell the Circuit Court of Cook County it could not prosecute plaintiff.  Then Assistant State's Attorney caused plaintiff to be re-arrested June 4, 2007.   In **Heard, at 319,** the Court of Appeals stated:

> "A violation is called "continuing ," signifying that a plaintiff can reach back to its beginning even if that beginning lies outside the statutory limitations period, when it would be unreasonable to require or even permit him to sue separately over every incident of the defendant's unlawful conduct.  The injuries about which the plaintiff is complaining in

> this case are the consequence of a numerous and
> continuous series of events."

See also, **Evans v. City of Chicago, 434 F.3d 916, 933-934 (7 Cir. 2006)**

where the Court noted the Illinois Supreme Court has held "the doctrine of

continuing violation" does not involve tolling the statute of limitations.  It

involves viewing defendants' conduct as a continuing whole for prescriptive

purposes.  **Feltmeier v. Feltmeier, 207 Ill.2d 263, 279, 798 N.E.2d 75**

**(2003).**  According to the Illinois Supreme Court, the statute of limitations is

only held in abeyance until the date of the last injury suffered or when the

tortuous acts cease.  At. 284.

The "doctrine of continuing violation" was also applied in **Palmer v.**

**Board of Education of Community Unit School District 201-U, Will**

County**, Illinois, 46 F.3d 682, 685-686 (7 Cir. 1995)**.  There it was observed

plaintiffs charged racial discrimination in each of the decisions made.  The

Court viewed the defendants' conduct from the plaintiff's perspective and

based its holding not on a single wrongful event but upon the plaintiffs'

claims.  **Rodrigue v. Olin Employees Credit Union, 406 F.3d 434, 440-**

**448 (7 Cir. 2005)** examined three Illinois Supreme Court cases[7] and

determined the manner of whether a cause of action arises from "individually

identifiable wrongs" rather than from "a series of acts considered

collectively."  On the facts and the statute involved, the Court held the

---

[7] **Feltmeier v. Feltmeier, 207 Ill.2d 263, 798 N.E.2d 75, 86 (2003); Field v. First National Bank of Harrisburg, 249 Ill.App3d 822, 619 N.E.2d 1296 (1993); and Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc., 199 Ill.2d 325, 770 N.E.2d 177, 191 (2002).**

continuing violation rule erroneous in **Rodrigue, at 447.**  Here, plaintiff's complaint is not based upon a single wrongful arrest.  Rather, it is initiated upon a racially motivated event prompted by West Virginia ostensibly upon an alleged four-year-old offense for which extradition was requested.  Upon plaintiff's arrest West Virginia withdrew the request for extradition and the County defendants prompted by racial bias and a salacious disregard of plaintiff's constitutional rights[8] commenced a series of constitutional violations including an indictment plaintiff upon a "conviction" that is not an offense.

In summary, County defendants objection based upon the assertion of a two-year statute of limitations that is tied to plaintiff's first unlawful arrest misses the mark[9].  Speaking to the "arrest" the County defendants fail to account for another actionable unlawful arrest June 4, 2007, well within the two-year statute of limitations.  Since accrual is a question of federal law interpreted according to common law principles, it is necessary to determine when plaintiff's cause of action accrued.  It was not November 2, 2005.  According to Illinois state law, it is when the County defendants cease violations of plaintiff's constitutional right to due process guaranteed by the Fourth Amendment through the Fourteenth Amendment while the County

---

[8] Included in the plaintiff's "Amended Petition For Writ of Habeas Corpus and Complaint For Violations of Civil Rights" in addition to violations of Constitutional rights, plaintiff claims a pendent claim for intentional infliction of emotional distress that was also the subject of the continuing violation rule in Feltmeier**, at 278.**

[9] "The ultimate question, however, is when the statute of limitations began to run in the instant case."  **Feltmeier, at 278.**

defendants seek to complete their unlawful prosecution, his right to be free of unlawful arrests, detentions, interrogations, denial of a bond hearing to set bond and to reduce or modify bond, indictments for a crime that is not an offense in Illinois, and double jeopardy [10] in violation of the Fifth Amendment through the Fourteenth Amendment,  the denial of equal protection of the law pursuant to the Fourteenth Amendment, the denial of privileges and immunities flowing from the modified "conviction" and the requirement the offense not be published on the internet or outside the State of West Virginia pursuant to the Fourteenth Amendment. **Wallace v. Kato, 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007)**, **Feltmeier v. Feltmeier, 207 Ill.2d 263, 798 N.E.2d 75, 86 (2003); Palmer v. Board of Education of Community Unit School District 201-U, Will County, Illinois, 46 F.3d 682, 685-686 (7 Cir. 1995)** and **Rodrigue v. Olin Employees Credit Union, 406 F.3d 434, 440-448 (7 Cir. 2005).**

Pursuant to 28 U.S.C. 2241(c)(3) the only applicable statute of limitations appears at 28 U.S.C. 2244(d)(1)(D) and plaintiff relies upon the factual predicate involving the refusal of the Circuit Court to fully consider plaintiff's motion to dismiss (March 22, 2007) and his subsequent false arrest June 4, 2007.

B.    **PLAINTIFF'S FAILURE TO EXHAUST STATE REMEDIES.**

---

[10] The "conviction" that County defendants assert is the statutory basis to require Plaintiff to register in Illinois is the West Virginia "conviction."  Thus, plaintiff is punished twice, once by West Virginia and again by Illinois.

County defendants contention that "Plaintiff Has Not Exhausted His State Remedies" is an abuse of Federal Rules of Civil Procedure, Rule 12(b)(6) since it is agreed Count I seeks a Writ of Habeas Corpus on the basis of 28 U.S.C. Section 2241(c)(3).  This provision requires no exhaustion of state remedies.  The reason is obvious and County defendants acknowledge the facts and precedent to this effect.  There is no state court judgment.  Plaintiff is awaiting state court proceedings.  **Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 488-489, 93 S.Ct. 1123, 1126-27, 35 L.Ed.2d 443 (1973).**  But See, **United States v. Castor, 937 F.2d 293, 296-297 (7 Cir. 1991),** where evidence of exhaustion of state remedies (the lack of a speedy trial) was deemed inadequate.

Unlike **Braden** and **Castor** that involve the right to a speedy trial, there is no speedy trial issue in this case and there are no other State Remedies To Exhaust.[11]  The Statutes do not require exhaustion of remedies that do not exist either in Illinois or in West Virginia.[12]  Additionally left undecided is the issue raised by Judge Cudahy in **Castor** of how the exhaustion requirement is affected where petitioner seeks dismissal of the

---

[11] In **United States ex rel. Parish v. Elrod, 589 F.2d 327 (7 Cir. 1979)** petitioner raised a challenge to the state's indictment (but not his arrest) in the Illinois Supreme Court.  The Illinois Supreme Court quashed the Writ because under Illinois law the proper time to review a challenge to the indictment is on direct appeal.  Accordingly here, petitioner has exhausted his state remedies.

[12] County defendants are not able to defend the Circuit Court's ruling that plaintiff here (Defendant in the False Prosecution) must seek relief in West Virginia for the false indictment obtained by Richard A. Devine and his Assistant State's Attorneys in Illinois.

state indictment.[13]  Plaintiff opines "special circumstances" means there is

nothing left to exhaust before Habeas Corpus is meaningless, or assumed into

nothingness.  **Fay v. Noia, 372 U.S. 391, 415 _et. seq._, 83 S.Ct. 822, 836, 9**

**L.Ed.2d 837 (1963)** stands for the proposition that whereby the States would

be allowed full play in the administration of their criminal justice without

prejudice to federal rights enwoven in the state proceedings.   The issue that

County defendants ought to be discussing is what is the appropriate exercise

of the recognized power.  **Freeeats.com, Inc. v. Indiana, 502 F.3d 590,595**

**(7 Cir. 2007)** focuses upon what are "extraordinary circumstances" and cases

where pressing federal equitable relief is not created by merely a highly

unusual factual situation.  Application of that decision here shows County

defendants do not contend the charge against plaintiff implicates important

state interests—nor is this possible given the circumstances of plaintiff's

arrest by U.S. Marshals for purposes of extradition and West Virginia's

sudden and unexplained withdrawal of its extradition request.  Further

County defendants do not and cannot explain the trial courts suggestion that

plaintiff's constitutional claim cannot be raised in Illinois—a most

extraordinary circumstance.  Finally, plaintiff can obtain no review of the

trial court's decision to deny plaintiff's motion so that he is forced to trial

upon an indictment that is not an Illinois offense.

---

[13] Judge Cudahy raises but does not decide this issue. See footnote 6, page 297.  See also
Judge Cudahy's dissent in **Neville v. Cavanagh, 611 F.2d 673, 676-679 (7 Cir. 1979)**

Applied to plaintiff's case, the only cognizant state proceeding before this Court is as County defendants candidly concede whether the modified West Virginia "conviction" as applied, constitutes a crime which requires registration as a sex offender in Illinois (Memorandum, page 7)[14].   The curious rubric of County defendants is whether this issue is best left to state proceedings rather than the federal courts.   It should not be difficult to discern Illinois has no jurisdiction to interpret West Virginia law and Illinois courts have no special burden to enforce West Virginia law.  Nonetheless, without authority, County defendants argue Illinois Courts must interpret Illinois law even though plaintiff is not attacking the Illinois registration statute.  Plaintiff is not asking habeas relief that interprets the registration statute.  Plaintiff is asking relief that interprets Article IV, Section 1 of the U.S. Constitution (Full Faith and Credit) and that applies the terms and conditions of the modified West Virginia "conviction" so that plaintiff is not stripped of the rights, privileges, and immunities he bargained to obtain, and that West Virginia bargained and granted namely there is no conviction beyond the territorial limits of West Virginia that is applicable to the registration statute.  Given the trial court's declaration that plaintiff must return to West Virginia to obtain that relief, the trial court and Richard A. Devine are not prejudiced where plaintiff petitions this Court for application

---

[14] The trial court has rejected plaintiff's federal constitutional contention that Illinois must respect the West Virginia "modified" judgment to the effect its judgment cannot be reported or used outside West Virginia (decision made March 22, 2007 on plaintiff's Renewed Motion To Dismiss Charge).

of the Full Faith and Credit in these circumstances.[15]  In *dicta*, **State Farm Mutual Insurance v. Campbell, 538 U.S. 408, 421, 123 S.Ct. 1513, 155 L.Ed.2d 585, 603 (2003),** citing **Nelson** and **Huntington,** provides the reason Illinois and Richard A. Devine must *nolle prosequi* all charges against plaintiff.  The reason is:  States are restricted within the orbits of their lawful authority and upon the preservation of which the Government under the Constitution depends.

Whether the Trial Court's reasoning constitutes bias, incompetence, or another unknown motive is irrelevant.  Plaintiff's petition is not an assault upon the State proceeding in any event.  Plaintiff's "Amended Petition For Writ of Habeas Corpus and Complaint For Violations of Civil Rights" complains of County defendants conduct.  This is exactly the type of issue that constitutes extraordinary circumstances described and evolved from **Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).**

The issue is whether **Younger v. Harris,** is even invoked by plaintiff's "Amended Petition For Writ of Habeas Corpus and Complaint For Violations of Civil Rights."  It is not the fact that a state criminal proceeding involves the plaintiff.  The usual concern is a fear that federal resolution of the

---

[15] Full faith and Credit Clause (28 U.S.C. Section 1738)  does not require that sister states enforce a foreign penal judgment.  **Nelson v. George, 399 U.S. 224, 229 (1970)** *citing* **Huntington v. Attrill, 146 U.S. 657, 669 (1892), "Crimes and offences against the laws of any State can only be defined, prosecuted and pardoned by the sovereign authority of that State; and the authorities, legislative, executive or judicial, or other states take no action with regard to them, except by way of extradition to surrender offenders to the State whose laws they have violated, and whose peace they have broken."**

constitutional issue will indirectly interfere with the pending prosecution. Fear is a strong and albeit an irrational emotion. Yet fear is no excuse for ignoring whether plaintiff in the state court proceeding pending here is able to defend himself for the alleged violation. The precise issue is whose prior conviction is involved. Plaintiff is a West Virginia resident and the alleged conviction is a modified West Virginia judgment. The modified judgment by its terms applies nowhere except in West Virginia. Illinois claims this is an issue of Illinois law and that this Court ought to extend "comity." Plaintiff contends County defendants have not established Illinois is entitled to "comity." Illinois constitutionally has no interest in enforcing a West Virginia judgment. **<u>Younger v. Harris</u>** is not involved. County defendants cannot prove that it is involved particularly where as here any federal relief is requested only to protect plaintiff's rights, privileges, and immunities granted him by Article IV, Section 1 of the U.S. Constitution.

Were **<u>Younger v. Harris,</u>** involved, exceptions require federal disposition of the issue. First, the prosecution was initiated in bad faith and there is no hope of ultimate success. County defendants cannot explain plaintiff's arrest for purposes of extradition and suddenly West Virginia's abandonment of the reason for his arrest. County defendants cannot provide any probable cause for plaintiff's arrest that is more than transitory. Second, the Circuit Court of Cook County is so biased by prejudgment interest—Brady violations, repeated arrests, and outright declination to deal

with plaintiff's constitutional equal protection rights, privileges, and immunities that it cannot constitutionally decide the case.

County defendant's claim that "Bond is Not a Special Circumstance that Would Justify Granting the Writ During The Pendency of a State Court Prosecution.." is misdirected and requires no response since plaintiff never suggested by argument that the fact of bond hearing denial was a special circumstance. The failure to grant plaintiff a bond hearing as required by County defendants and the harm to plaintiff has nothing to do with the exhaustion of state remedies and must be discarded as misapprehended.

For the reasons discussed plaintiff submits County defendants are entitled to no Rule 12(b)(6) relief as requested.

C.    **IMPROPER VENUE AND INSUFFICIENT FACTS.**

County defendants assert this Court ought to dismiss pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) plaintiff's pendant and supplemental state law claims that arise upon the same core of facts. Essentially, plaintiff asserts the interference with his federally funded education at the Moody Bible Institute prior to his graduation in May 2006, and the intentional infliction of emotional distress first inflicted November 2, 2005 and continuing thereafter as the County defendants sought to "leverage" their constitutional torts into an agreement to plead guilty to a non offense under Illinois law. Plaintiff was seized and taken from his student housing nearly "naked" past other students in the lobby at the time

of his arrest.  This was even though the arresting officers were informed of

his medical condition and even though plaintiff requested the right to be

dressed and clothed before taken from educational housing.  Pendent

jurisdiction emanates from **United Mine Workers of America v. Gibbs,**

**383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).**  In 1990, pendant

jurisdiction requirements were codified by 28 U.S.C. Section 1367 and

plaintiff submits there is no Rule 12(b)(6) basis to separate, conquer, and

divide plaintiff's injuries so long as the federal and non federal claims arise

out of a "common nucleus of operative fact."

County defendants' arguments that plaintiff must pursue his state law

based claims in the Illinois Court of Claims is wide the mark since the

constitutional torts of which plaintiff seeks redress do not arise under Illinois

law.  Plaintiff's injuries arise from the County defendants violation of the

federal constitution, and are as timely made as the federal claims pursuant to

the Illinois "continuing violation rule."

As observed and discussed before, the merits of the pending criminal

case that County defendants want to develop without federal court

intervention misses the point of plaintiff's "Amended Petition For Writ of

Habeas Corpus and Complaint For Violations of Civil Rights."  The object of

filing for protection of his constitutional rights is directed not at Illinois

criminal law.  It is directed at enforcing and protecting plaintiff's privileges

and immunities arising under the federal constitution Article IV, Section

("Full Faith and Credit" ) and derives from Illinois' refusal to adequately provide a hearing to plaintiff.  The Circuit Court of Cook County, Illinois at the urging of State's Attorney, Richard A. Devine and his on line Assistants has instructed plaintiff to seek relief in West Virginia and is on record stating West Virginia cannot dictate and require Illinois to enforce its judgment.

This conduct of Richard A. Devine and his on line Assistant State's Attorneys violates plaintiff's constitutional rights enumerated herein including his right to Fourth and Fourteenth Amendment due process of law, his right to equal protection of the law (a denial of the state criminal procedure's bond hearing requirements and Richard A. Devine's deliberate violation of **Brady v. Maryland** to wrongfully obtain a charge against plaintiff that the United States Supreme Court has held since the 1800's violates state court criminal jurisprudence and that jeopardizes the federal constitution).   Finally such conduct constitutes a violation of the privileges and immunities pursuant to the Fourteenth Amendment since plaintiff is entitled to assert pursuant to Article IV, Section 1 (the Full Faith and Credit clause) the fact that the "conviction" as modified is not a "conviction" outside the jurisdiction of West Virginia.  It is gainsaid plaintiff would be in West Virginia now except for the fact that West Virginia quashed its own extradition.

## CONCLUSION

For the reasons given, and upon the authorities reviewed and cited, plaintiff respectfully prays the Court deny County defendants' motion to dismiss Counts I and II, and for such other or further relief as in the premises accords plaintiff the federal jurisdiction to protect his constitutional rights and remedies to which he is entitled.

RONALD DEWAYNE SMITH, PLAINTIFF

s/ Richard C. Moenning

RICHARD C. MOENNING, HIS LAWYER

RICHARD C. MOENNING

70 West Madison Street   Suite 3700

Chicago, Illinois 60602

312-263-0062