IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD DEWAYNE SMITH, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 07 C 7048 |
| STATE OF ILLINOIS; STATE OF WEST VIRGINIA; LISA MADIGAN, ILLINOIS ATTORNEY GENERAL; DARRELL MCGRAW, WEST VIRGINIA ATTORNEY GENERAL; DEPARTMENT OF POLICE OF THE CITY OF CHICAGO; JOHN SALEMME; HERMINIO FLORES, JR.; THOMAS DART, SHERIFF OF COOK COUNTY, ILLINOIS; RICHARD A. DEVINE, STATES ATTORNEY OF COOK COUNTY, ILLINOIS; JEFFERSON COUNTY, WEST VIRGINIA BOARD OF EDUCATION; DAVID DIDDEN; GREGORY DIDDEN; MARGARET DIDDEN; BRAUN HAMSTEAD; and MICHAEL D. THOMPSON, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Ronald Smith has sued various individuals and government entities for damages and injunctive relief under 42 U.S.C. § 1983. Smith alleges that the defendants have violated his constitutional rights in connection with his arrest and indictment in Illinois state court. Smith also petitions the Court for a writ of *habeas corpus* under 28 U.S.C. § 2241(c)(3), naming as respondents Cook County State's Attorney Richard A. Devine and Cook County Sheriff Thomas Dart. The State of Illinois and Lisa Madigan have

1

moved to dismiss Smith's section 1983 claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants Richard Devine and Thomas Dart have moved to dismiss both the *habeas corpus* petition and the section 1983 claims under those same Rules. For the reasons set forth below, the Court grants both motions.

## Facts

The Court accepts "the well-pleaded allegations in the complaint as true and draw[s] all reasonable inferences in favor of the plaintiff." *Jackson v. E.J. Brach Corp.* 176 F.3d 971, 977-78 (7th Cir. 1999) (internal quotation marks and citations omitted).

In 1995, Ronald Dewayne Smith was convicted of a "crime against nature" in a West Virginia court upon a plea of *nolo contendre*. Compl. ¶ B.2. As part of his sentence, Smith was required to register as a sex offender and to notify the West Virginia State Police of changes in his residence. In 2003, Smith sought to modify the conviction order. He succeeded. The previous conviction order stated that Smith had been convicted of a "Crime Against Nature (Sodomy)"; the modification changed the order to remove the reference to sodomy. Def. Ex. D. The modified conviction order still required Smith to register as a sex offender until 2011.

In the fall of 2003, Smith enrolled in a course of study at the Moody Bible Institute using funds granted to him by the U.S. Department of Veterans Affairs, and he moved to Chicago, Illinois. On November 2, 2005, he was arrested by United States Marshals at his residence at the Institute based upon a West Virginia arrest warrant. Smith alleges that the officers did not permit him to dress before "parading" him out of the dormitory while other students watched. Although Smith says he informed the

officers that he suffered from deep vein thrombosis, the officers restrained him and interrogated him throughout the remainder of the day and did not provide him food or clothing.

Upon learning of Smith's arrest, West Virginia rescinded the warrant, for reasons not disclosed in the complaint. Smith was not released, however, because Illinois charged him with failure to register as a sex offender in violation of 730 ILCS 150/3(a). To obtain the indictment, a Cook County prosecutor presented a grand jury with the unmodified 1995 West Virginia conviction order. Subsequently, Smith's name and photograph were posted to the Illinois Sex Offender Database.

On November 5, 2005, a judge of the Circuit Court of Cook County set bail for Smith at $125,000. (Defendants Devine and Dart say this was a "D" bond – in other words, one that required a cash deposit of 10 percent, or $12,500 – and Smith does not suggest they are incorrect.) Smith successfully posted bail on December 13 with the help of his pastor. Although he repeatedly requested a reduction in bail, the court did not granted him a reduction. Smith also repeatedly requested that the court allow him to visit West Virginia. The court allowed him to do so twice. Although his arrest and confinement interrupted his studies at the Moody Bible Institute, Smith graduated with honors in May 2006.

In March 2007, Smith moved the state court to dismiss the indictment on the ground that it failed to state an offense. The court denied the motion, stating that West Virginia could not absolve Smith of being a convicted sex offender in Illinois.

On June 4, 2007, allegedly upon orders of a Cook County assistant state's attorney, Smith was arrested after a court appearance in his state court case. He

asked the arresting officers why they were arresting him, but they refused to answer. The officers handcuffed and interrogated Smith for at least three and one-half hours and then released him. During this time, Smith says the officers failed to inform him of his constitutional rights and, when he asked to speak with his attorney, complained that he was not cooperating. Smith says his medical condition worsened as a result of this confinement.

Smith petitioned this Court for a writ of habeas corpus on December 14, 2007; he later amended his complaint to include section 1983 claims. His amended complaint includes two counts: the habeas corpus petition (Count 1) and claims of civil right violations against several Illinois and West Virginia defendants (Count 2). The State of Illinois and Attorney General Lisa Madigan have moved to dismiss Count 2 for lack of subject matter jurisdiction due to sovereign immunity and failure to state a claim. Cook County State's Attorney Richard Devine and Cook County Sheriff Thomas Dart have moved to dismiss both counts for lack of subject matter jurisdiction and failure to state a claim.

**A.      State of Illinois**

The Eleventh Amendment bars suits brought by individuals against a state in federal court. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984)*; Hans v. Louisiana*, 134 U.S. 1, 16 (1890). There are only two exceptions to this jurisdictional bar: when the state consents to suit, and when federal legislation unequivocally abrogates the immunity pursuant to a constitutional grant of authority. *Tennessee v. Lane*, 541 U.S. 509, 517 (2004). Illinois has not consented to suit in this

case, and section 1983 has been held not to be an exception to state sovereign immunity. *Quern v. Jordan*, 440 U.S. 332, 342 (1979).

Smith argues that the Eleventh Amendment does not bar his claim because, at the time of his arrest, he was studying at the Moody Bible Institute pursuant to a grant from the U.S. Department of Veterans Affairs under 38 U.S.C. § 3697(a).[1] To create an exception to the Eleventh Amendment's jurisdictional bar, Congress must "unequivocally express[] its intent to abrogate [the states'] immunity." *Lane*, 541 U.S. at 517. Nothing in Section 3697(a) approaches an expression of congressional intent to limit sovereign immunity. The provision simply states that educational funds obtained by the Department of Veterans Affairs and provided to an individual shall be paid out of funds appropriated to the department. 38 U.S.C. § 3697(a). The few statutes that have been found to abrogate the Eleventh Amendment contain language specifically authorizing suits against the states. *See Lane*, 541 U.S. at 518 (finding that congressional intent to abrogate was present when statute stated "[a] State shall not be immune under the eleventh amendment . . . from an action in Federal or State court . . . for a violation of this chapter"). This type of language is absent from Section 3697(a). As a result, Illinois is immune from suit.

---

[1] Smith also contends that he can maintain his suit under 42 U.S.C. § 1988, which provides for rules of decision and the award of attorney's and expert's fees in a section 1983 action for the vindication of civil rights. Because section 1983 is not an exception to the Eleventh Amendment, this provision has no effect on the status of Illinois' immunity.

**B.      Illinois Attorney General Lisa Madigan**

The Eleventh Amendment extends the state's sovereign immunity from suit to state officials sued in their official capacity, the reason being that an official-capacity claim amounts to a suit against the entity of which the officer is an agent. *E.g., Hafer v. Melo*, 502 U.S. 21, 25 (1991). An exception exists, however, when a litigant seeks prospective equitable relief for an ongoing violation of law. *Pennhurst*, 465 U.S. at 102; *Ex Parte Young*, 209 U.S. 124, 160 (1908). Damages, however, are unavailable in an official-capacity suit against a state official; a federal court "may award an injunction that governs the official's future conduct, but not one that awards retroactive monetary relief." *Pennhurst*, 465 U.S. at 103 (citing *Edelman v. Jordan*, 415 U.S. 651, 666 (1974)).

For this reason, Smith cannot maintain a suit for damages against Attorney General Madigan in her official capacity. Smith does, however, seek prospective equitable relief against Madigan; he has asked the Court to order Madigan to remove his name and image from the Illinois Sex Offender Database. Madigan contends that she cannot be subject to suit on this basis because neither she nor the Office of the Attorney General is responsible for the maintenance of the Illinois Sex Offender Database. In a suit to enjoin a state officer from enforcing a state law, "it is plain that such officer must have some connection with the enforcement of the act." *Ex Parte Young*, 209 U.S. at 157. In the present case, Illinois law clearly places the sole responsibility for creating and maintaining the Sex Offender Database with the Department of State Police. 730 ILCS 152/115. As a result, Smith's official-capacity

claim against Attorney General Madigan cannot proceed. *See Sherman v. Cmty. Consol. School Dist. 21 of Wheeling Twp.*, 980 F.2d 437, 441 (7th Cir. 1992) (holding that where the Attorney General was not granted authority to enforce a statute, a Section 1983 suit for injunctive relief could not be maintained against the Attorney General).

It is possible that Smith may be seeking damages from Attorney General Madigan in her individual capacity. A suit for damages against a state official in her individual capacity is not barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985); *Scheuer v. Rhodes*, 416 U.S. 232, 237-38 (1974). Smith has not, however, alleged that Madigan herself did anything to violate his rights. Personal involvement is an essential predicate to a claim against an individual government official under section 1983. *See, e.g., Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Thus Smith has failed to state an individual-capacity claim against Madigan.

**C.     Cook County State's Attorney Richard Devine**

As the State's Attorney for Cook County, Devine is considered a state official for purposes of Eleventh Amendment immunity, at least when exercising prosecutorial functions. *Garcia v. City of Chicago*, 24 F.3d 966, 969 (7th Cir. 1994) (stating that state's attorneys are Illinois state officials, not county officials); *Ingemunson v. Hedges*, 133 Ill. 2d 364, 369, 549 N.E.2d 1269, 1271-72 (1990); *cf. Hernandez v. O'Malley*, 98 F.3d 293, 297 (7th Cir. 2000) (appearing to leave open the question whether a state's attorney is a state official when making an employment decision). In this case, as best

7

as the Court can determine, Smith is suing Devine under section 1983 in connection with his institution of criminal charges against Smith, a prosecutorial function. As a result, the Eleventh Amendment bars any official-capacity claim for damages against Devine.

Smith cannot, despite *Ex parte Young*, seek an injunction barring Devine from further prosecution of the criminal charges against him. Under *Younger v. Harris*, 401 U.S. 37 (1971), a federal court cannot enjoin an ongoing state prosecution absent extraordinary circumstances, which are not present in Smith's case. *See, e.g., Nelson v. La Cross County Dist. Atty.*, 301 F.3d 820, 824 n.2 (7th Cir. 2002). In addition, although Smith's request to be removed from the Sex Offender Database does not run afoul of the Eleventh Amendment, he cannot maintain that claim against Devine, as the Cook County State's Attorney has no authority over the maintenance of the database.

As indicated earlier, Smith alleges that an assistant state's attorney ordered him arrested on an occasion when he had appeared in court. Though this arguably might give rise to a claim for damages, there is no indication that State's Attorney Devine himself had anything to do with the arrest. Thus the personal involvement required for a section 1983 individual-capacity damages claim is missing as to Devine. If Smith wishes to pursue a claim for damages arising from this incident, he will have to sue the particular persons he claims participated.

Smith also names Devine as a respondent in his habeas corpus petition. The Court addresses the habeas corpus aspect of the case in the following section of this decision.

**D.     Cook County Sheriff Thomas Dart**

The only claims that Smith has made against Dart are those in Smith's habeas corpus petition. Although Smith appears to list Dart as a party in paragraph A.4 of Count 2, his section 1983 claim, Smith states in his response to the motion to dismiss that he does not intend to sue Dart in Count 2. Pl. Resp. at 8 n.5. As a result, the Court need not address Smith's civil rights claims with respect to Dart.

Smith alleges that he is being held on a false indictment and that his bail is excessive. Dart argues that Smith cannot seek a writ of habeas corpus because he has not exhausted his state court remedies. Dart concedes that exhaustion is not a statutory requirement in this case because Smith seeks relief under 28 U.S.C. § 2241(c)(3). He contends, however, that this Court should require exhaustion in this case, as a matter of comity.

A federal court should exercise discretion when considering a pretrial habeas corpus petition so as to "avoid[] interference with the process" of the state courts. *Baldwin v. Lewis*, 442 F.2d 29, 32 (7th Cir. 1971) (quoting *Ex parte Royall*, 117 U.S. 241, 252 (1886)). The Seventh Circuit has made it clear that pretrial habeas corpus relief may be granted only in "special circumstances." *Neville v. Cavanaugh*, 611 F.3d 673, 675 (7th Cir. 1979). The alleged bad faith filing of a purportedly false charge is not one of those rare situations. The state court is competent to adjudicate Smith's constitutional rights; he may raise his challenges to the sufficiency of the indictment there. *Cf. Stone v. Powell*, 428 U.S. 465, 494 n. 35 (1976) ("State courts, like federal

courts, have a constitutional obligation to safeguard personal liberties and to uphold federal law").

To obtain habeas corpus relief due to excessive bail, the petitioner must show that the state court acted arbitrarily in setting bail. *United States ex rel. Garcia v. O'Grady*, 815 F.2d 347, 352 (7th Cir. 1987). *See also United States ex rel. Goodman v. Kehl*, 456 F.2d 863, 868 (2d Cir. 1972); *Mastrian*, 326 F.2d at 711. Smith has not made a showing that bail was excessive or set arbitrarily in his case. All he offers is a bare assertion of excessiveness, without supporting evidence. That is not enough. *Cf. United States v. Szott*, 768 F.2d 159, 160 (7th Cir. 1985) (defendant's bare allegation that he could not make bail insufficient to overturn lower court's determination that bail was appropriate). Moreover, Smith's contention is belied by the fact that bail was posted on his behalf and he was released from custody. In any event, he has presented no evidence that the state court acted arbitrarily in setting the bail amount or in declining to reduce the amount.

Smith also claims that he was denied the bail hearing to which he was entitled under to Illinois law. This appears to the Court to be a state-law issue, not a federal constitutional claim. In any event, there is no question that Smith was heard in state court on the issue of bail. To the extent that Smith seeks more – for example, an evidentiary hearing – the Illinois statutes he cites confer no such right. The provision governing the setting of bail states that "the court shall, on the basis of available information, take into account" a variety of factors. 725 ILCS 5/110-5(a). There is no mention of a requirement of an evidentiary hearing. *Id.*

**Conclusion**

For the reasons stated, the Court grants defendants State of Illinois and Madigan's motion to dismiss Count 2 [docket no. 26] and defendants Devine and Dart's motion to dismiss Counts 1 and 2 [docket no. 33]. With regard to the Count 1, Smith's habeas corpus petition, the dismissal is without prejudice because it is based on the Court's conclusion that Smith's petition is premature. The Clerk is directed to terminate defendants State of Illinois, Madigan, Devine, and Dart.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: November 17, 2008