IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD DEWAYNE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07 C 7048 |
| ) | |
| STATE OF ILLINOIS; STATE OF WEST ) | |
| VIRGINIA; LISA MADIGAN, ILLINOIS ) | |
| ATTORNEY GENERAL; DARRELL ) | |
| MCGRAW, WEST VIRGINIA ATTORNEY ) | |
| GENERAL; DEPARTMENT OF POLICE ) | |
| OF THE CITY OF CHICAGO; JOHN ) | |
| SALEMME; HERMINIO FLORES, JR.; ) | |
| THOMAS DART, SHERIFF OF COOK ) | |
| COUNTY, ILLINOIS; RICHARD A. DEVINE, ) | |
| STATES ATTORNEY OF COOK COUNTY, ) | |
| ILLINOIS; JEFFERSON COUNTY, WEST ) | |
| VIRGINIA BOARD OF EDUCATION; DAVID ) | |
| DIDDEN; GREGORY DIDDEN; MARGARET ) | |
| DIDDEN; BRAUN HAMSTEAD; and ) | |
| MICHAEL D. THOMPSON, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Ronald Smith has sued various individuals and government entities for damages and injunctive relief under 42 U.S.C. § 1983. Smith alleges that the defendants have violated his constitutional rights in connection with his arrest and indictment in Illinois state court. Smith has petitioned the Court for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), naming as respondents Cook County State's Attorney Richard A. Devine and Cook County Sheriff Thomas Dart. Smith has moved the Court to reconsider its

1

order dismissing his claims against defendants the State of Illinois, Illinois Attorney General Lisa Madigan, Dart, and Devine. For the reasons stated below, the Court denies Smith's motion.

## Discussion

Smith's allegations and the Court's reasoning for dismissing his claims against the State of Illinois, Madigan, Dart, and Devine were set forth in the Court's decision granting those defendants' motions. *Smith v. State of Illinois*, No. 07 C 7048, 2008 WL 4951232, at *1-2 (N.D. Ill. Nov. 17, 2008). This decision assumes familiarity with that ruling.

"Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." *Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 474 (7th Cir. 2008) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 350 (7th Cir. 1987)). Reconsideration is limited to situations in which "'the Court has patently misunderstood the party, or . . . has made an error not of reasoning but of apprehension.'" *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Smith contends that the Court misunderstood the nature of his complaint and erroneously applied controlling law to his case.

**1.    Civil rights claims**

First, Smith argues that the State of Illinois waived its sovereign immunity when it joined forces with West Virginia to enlist the aid of U.S. Marshals to arrest Smith. Smith contends that the Court failed to recognize an exception to the Eleventh Amendment's

2

jurisdictional bar: he says that a state may waive its "privilege" to assert sovereign immunity as a defense to suit. Mot. for Reconsideration at 3. The exception Smith claims is a state's waiver of sovereign immunity through consent to suit, which the Court considered in its earlier decision. *Smith*, 2008 WL 4951232 at *2. Such a waiver must be "unequivocally expressed." *Pennhurst*, 465 U.S. at 99. Illinois has not expressly consented to suit here.

Smith contends that Illinois' request for U.S. Marshal assistance and its cooperation with West Virginia in obtaining his arrest amounts to an invocation of federal jurisdiction and thus a waiver of Eleventh Amendment immunity. Smith cites *Lapides v. Bd. of Regents of the Univ. Sys. of Georgia*, 535 U.S. 613, 621 (2002), to support this contention. That case, however, dealt with a state's deliberate entry into federal court via its removal of a case from state court. *Id.* at 620. The Supreme Court held that the state was not entitled to invoke the federal judicial power voluntarily and then claim immunity from that power under the Eleventh Amendment. *Id.* at 619-20. "[A] State's voluntary appearance in federal court amount[s] to a waiver of its Eleventh Amendment immunity." *Id.* at 619. A request for aid from U.S. Marshals, however, is not an invocation of the "Judicial power of the United States." *Id. Lapides* and other cases concerning this type of waiver apply only when a state voluntarily becomes a party to a federal case. *Id.*; *Gardner v. New Jersey*, 329 U.S. 565, 574 (1947); *Gunter v. Atlantic Coast Line R. Co.*, 200 U.S. 273, 284 (1906). Smith fails to cite to any authority that a request for federal law enforcement aid amounts to an invocation of federal court jurisdiction. Illinois has not voluntarily appeared as a party in this case.

3

As a result, it has not waived its Eleventh Amendment immunity.

Next, Smith challenges the Court's ruling that Madigan is not subject to suit. Smith contends that Madigan's general duty to enforce Illinois law includes the maintenance of the Illinois sex offender database. Illinois law, however, places that responsibility squarely with the Illinois State Police. 730 ILCS 152/115. As this Court noted in its previous decision, when a state's attorney general lacks authority under the statute in question to perform the action sought to be enjoined, a section 1983 suit may not be maintained against the attorney general. *Smith*, 2008 WL 4951232, at *3 (citing *Sherman v. Cmty. Consol. School Dist. 21 of Wheeling Twp.*, 980 F.2d 437, 441 (7th Cir. 1992)).

With respect to Cook County State's Attorney Richard Devine, Smith contends that the Eleventh Amendment cannot offer him protection from a civil suit based on federal constitutional violations. Contrary to Smith's assertion, the Eleventh Amendment extends that protection to Devine for civil suits against him in his official capacity, to the extent he is acting as a prosecutor. *Id*. (citing *Garcia v. City of Chicago*, 24 F.3d 966, 969 (7th Cir. 1994)). Smith has not alleged that Devine was acting in any other capacity. Indeed, the act that forms the basis for the Smith's claims against Devine is Smith's criminal prosecution.

Finally, Smith appears to challenge the Court's finding that the doctrine of *Younger v. Harris* precludes an injunction against his pending prosecution. Smith's citation of *Youngblood v. West Virginia*, 547 U.S. 867 (2006), seems to underscore his apparent misunderstanding of the *Younger* doctrine. In that case, the Supreme Court

4

found that the defendant had presented a federal constitutional *Brady* claim to the West Virginia Supreme Court. *Id.* at 870. The U.S. Supreme Court remanded the case to the state court for consideration of the claim. *Id. Youngblood* did not involve a request to enjoin a pending criminal prosecution; rather, it was a direct appeal from a state criminal conviction. Thus, the *Younger* doctrine was not applicable. The case has no bearing on the issue Smith has raised.

2.  **Habeas corpus petition**

Smith contends that concerns regarding federal-state comity cannot preclude his petition for habeas corpus, in which he attacks his state court indictment prior to going to trial in state court. That, however, is precisely what controlling case law dictates. *Neville v. Cavanaugh*, 611 F.3d 673, 675 (7th Cir. 1979) (pretrial habeas relief may be granted only in "special circumstances").

Smith cites to Justice Rehnquist's dissent in *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973), for the proposition that one situation in which pre-conviction habeas relief is appropriate is when the state court lacks jurisdiction to hear the criminal case by operation of the Supremacy Clause. *Id.* at 502-11 (Rehnquist, J., dissenting). The cases Justice Rehnquist cited to support that statement all involved questions regarding the state's authority to hear a prosecution for the crime in question. *Id.* (citing *Wildenhus's Case*, 120 U.S. 1 (1887) (state had jurisdiction to hear prosecution for crime occurring on Belgian ship moored to dock); *Thomas v. Loney*, 134 U.S. 372 (1890) (state lacked jurisdiction to prosecute witness for perjury in federal court because federal courts have exclusive jurisdiction over that crime)). Smith has

5

not alleged that the State of Illinois lacks jurisdiction to hear a prosecution for a violation of 730 ILCS 5/150, the Illinois statute under which he has been charged. Instead, he contends that his particular prosecution is unlawful because it violates his federal constitutional rights. As a result, Justice Rehnquist's reasoning has no application here.

Smith asserts that he is "ready willing and able to demonstrate that the United States Constitution bars [his] prosecution by Illinois." Mot. for Reconsideration at 7. Perhaps so, but Smith must present that argument, in the first instance, in state court.

## Conclusion

For the reasons stated above, the Court denies Smith's motion for reconsideration [docket no. 112].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: January 8, 2009