IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD DEWAYNE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 07 C 7048 |
| | ) | |
| STATE OF ILLINOIS; STATE OF WEST VIRGINIA; OFFICE OF THE ILLINOIS ATTORNEY GENERAL; RICHARD CAUBLE and MARK DELIA, INVESTIGATORS FOR THE OFFICE OF THE ILLINOIS ATTORNEY GENERAL; ILLINOIS DEPARTMENT OF STATE POLICE; LARRY G. TRENT, DIRECTOR; JOHN SALEMME; HERMINIO FLORES, JR.; FUGITIVE APPREHENSION TASK FORCE OF THE UNITED STATES MARSHALS SERVICE IN THE NORTHERN DISTRICT OF ILLINOIS; THOMAS DART, SHERIFF OF COOK COUNTY, ILLINOIS; ANITA ALVAREZ, STATES ATTORNEY OF COOK COUNTY, ILLINOIS; JENNIE SCHECK, COOK COUNTY ASSISTANT STATE'S ATTORNEY; JEFFERSON COUNTY, WEST VIRGINIA BOARD OF EDUCATION; DAVID DIDDEN; GREGORY DIDDEN; MARGARET DIDDEN; BRAUN HAMSTEAD; and MICHAEL D. THOMPSON, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Ronald Smith has sued various individuals and government entities for damages and injunctive relief under 42 U.S.C. § 1983. Smith alleges that the defendants have

1

violated his constitutional rights in connection with his arrest and indictment in Illinois state court. Smith also petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), naming as respondents the State of Illinois and Cook County Sheriff Thomas Dart. The State of Illinois, Illinois Attorney General Lisa Madigan,[1] Cook County State's Attorney Anita Alvarez,[2] and Cook County Sheriff Thomas Dart have moved the Court to dismiss all of Smith's claims against them. The Court grants the defendants' motions.

## Discussion

The Court previously dismissed Smith's claims with respect to these defendants, along with his petition for habeas corpus, on which Dart is the respondent. *Smith v. State of Illinois*, No. 07 C 7048, 2008 WL 4951232 (N.D. Ill. Nov. 17, 2008) ("*Smith I*"). After the dismissal, Smith moved the Court to reconsider its ruling. The Court denied that motion. *Smith v. State of Illinois*, No. 07 C 7048, 2009 WL 65449 (N.D. Ill. Jan. 8, 2009) ("*Smith II*"). Smith's amended petition reasserts all of the dismissed claims with factual allegations that mirror those in the previous version of the complaint. Smith also makes several new allegations concerning other defendants not at issue in this ruling.

The Court "construe[s] the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in

---

[1] Smith now names the "Office of the Attorney General" instead of Lisa Madigan as a party. This is a distinction without a difference for purposes of the Eleventh Amendment, because Smith's prior complaint named Madigan in her official capacity as the Illinois Attorney General.

[2] Anita Alvarez is now the State's Attorney for Cook County. Smith makes no personal capacity claims against former State's Attorney Richard Devine.

2

[his] favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (citations omitted). Still, a plaintiff's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). Instead, "[f]actual allegations must be enough to raise the right to relief above the speculative level." *Id.*

## A.     Illinois and Madigan

The Court found that it lacked subject matter jurisdiction over the State of Illinois and Madigan due to sovereign immunity. Smith has failed to make any new allegations that would undermine the bases for the Court's decision.[3] He asks for no prospective equitable relief—which would allow him to maintain his suit under *Ex Parte Young*—outside of his demand to be removed from the Illinois sex offender registry. As the Court stated in its previous ruling, that demand is insufficient to allow his case to proceed against Attorney General Madigan, because she has no control over the sex offender database. *Id.* at *3-*4. Smith has failed to offer any legal basis to pursue the claim except for his outrage at what he perceives is a malicious prosecution.

Instead, Smith devotes his response to insisting that Madigan is properly a party because she is the chief law enforcement officer of Illinois. Smith contends that his claim against Madigan should not be dismissed because she failed to prevent her subordinates—investigators Mark Delia and Richard Cauble—from violating Smith's constitutional rights. Smith is essentially asserting a theory of section 1983 liability via

---

[3]In his response, Smith provides no reasons why the Court should not again dismiss his complaint against the State of Illinois.

respodeat superior. "The doctrine of respondeat superior cannot be used to impose section 1983 liability on a supervisor for the conduct of a subordinate violating a plaintiff's constitutional rights." *Gossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir. 1997). Smith alleges no action by Madigan herself with respect to his arrest, detention, or prosecution.

Smith also invites the Court to correct "factual misapprehensions about what happened to Smith" it made in its prior opinions. No factual misapprehensions exist concerning the facts relevant to the Court's Eleventh Amendment or *Ex Parte Young* analysis. Section 1983 does not abrogate the states' immunity from suit, and Illinois has not consented to suit. The suit against Illinois is therefore barred. *Ex Parte Young* allows only a suit for injunctive relief against a state official who is responsible for the act at issue. As the Court has previously determined, the maintenance of the Illinois Sex Offender Registry is committed solely to the Illinois State Police, not Madigan. *Smith I*, 2008 WL 4951232 at *3. As a result, the Court again dismisses Smith's claims against Madigan. The dismissal, this time, is with prejudice due to Smith's inability, despite several attempts, to articulate a viable claim against the State of Illinois or Attorney General Madigan.

**B.     Alvarez**

In its previous rulings, the Court concluded that *Younger v. Harris* required it to abstain from enjoining Alvarez from pursuing the state criminal prosecution already underway. Smith has not alleged anything new that would alter that conclusion.

Smith contends that his case presents extraordinary circumstances that would warrant intrusion into a pending state criminal case. He urges, as far as the Court can

discern, that the criminal statute he is charged with violating—730 ILCS 150/3—is unconstitutional both on its face and as applied to him. Prosecution under an allegedly unconstitutional statute is not sufficient to create extraordinary circumstances under *Younger*. "As criminal defendants have the opportunity during a prosecution to challenge the constitutionality of the statutory basis of the crime, the efforts of a federal court to enjoin the enforcement of a constitutionally dubious statute would be duplicative. Worse, such efforts would disparage the ability of state courts to interpret and enforce the constitution." *Barichello v. McDonald,* 98 F.3d 948, 954 (7th Cir. 1996). Smith also contends that he is innocent of violating 750 ILCS 150/3 because his West Virginia conviction was set aside in 2003. Again, Smith may present this argument in state court.

For these reasons, Smith's claims against the Cook County State's Attorney are again dismiss, this time with prejudice.

## C. Dart and the habeas corpus petition

Smith likewise fails to make any new allegations supporting his petition for habeas corpus that would entitle him to relief. The last version of his petition focused on what he claimed to be unreasonable bail. This time, Smith argues that the simple existence of his state criminal prosecution warrants pre-trial habeas relief. Although federal courts have jurisdiction to order a pre-trial writ of habeas corpus, such relief may be granted only in "special circumstances." *Neville v. Cavanaugh*, 611 F.3d 673, 675 (7th Cir. 1979). Smith contends that the fact that he is being forced to undergo a trial that he claims is based on a false charge is sufficient to demonstrate extraordinary circumstances. That is not so.

5

As the Court stated in its previous ruling, a false charge—even one made in bad faith—is not a special circumstance which would entitle a petitioner to pre-trial habeas relief. *Smith I*, 2008 WL 4951232 at *4. Even if it were clear that further action in the state court would be futile, that is not enough to show extraordinary circumstances, let alone the requisite exhaustion of state remedies. *Neville*, 611 F.2d at 675 (7th Cir. 1979) ("[T]he possibility that resort in the future to the Illinois appellate courts may be futile, does not compel us to disrupt a pending state criminal prosecution at which the petitioner may yet be acquitted.") (quoting *United States* ex rel. *Parish v. Elrod*, 589 F.2d 327, 329).

Smith has alleged nothing that would warrant intervention in the pending state court case or that would suggest that he has exhausted his state remedies. Smith's assertions that his rights were violated are insufficient, as the Illinois courts are capable of adjudicating those issues. *See Stone v. Powell*, 428 U.S. 465, 494 n. 35 (1976) ("State courts, like federal courts, have a constitutional obligation to safeguard personal liberties and to uphold federal law"). In addition, Smith's responses to these motions confirm that he has not exhausted his state court remedies. He attached to his responses to the current motions a "Renewed Motion to Dismiss," which he contends he filed in state court. In that motion, Smith challenges the constitutionality of the Illinois Sex Offender Registration Act, his arrest, and detention. Thus, the very issues that Smith seeks to contest in his habeas corpus petition are currently before the state court, which is all the more reason for this Court to decline to exercise its habeas power.

For these reasons, the Court again dismisses Smith's habeas corpus petition. The dismissal of that petition, as a basis for pre-trial relief, is with prejudice.

**Conclusion**

For the reasons stated above, the Court denies Smith's grants the motions to dismiss filed by defendants the State of Illinois, Madigan, Alvarez, and Dart [docket nos. 128 & 131].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: April 20, 2008